ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ          363830
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813
Telephone: (808) 533-7434
Facsimile: (808) 545-3608
E-mail: eseitzatty@yahoo.com

Attorney for Petitioner

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR,<br>Address:<br>    Tafuna Corr. Facility<br>    P.O. Box 1011<br>    Pago Pago, Am. Samoa 96799<br><br>          Petitioner,<br><br>   vs.<br><br>DIRK KEMPTHORNE, Secretary of the<br>United States Department of Interior;<br>TOGIOLA T. TULAFONO, Governor of<br>American Samoa; FEPULEA'I AFA<br>RIPLEY, JR., Attorney General;<br>MARK R. HALES, Assistant Attorney<br>General; SOTOA M. SAVALI, Director of<br>Department of Public Safety; FUEGA<br>SAITE MOLIGA, Warden of Territorial<br>Correctional Facility; LBJ TROPICAL<br>MEDICAL CENTER, An American Samoa<br>Medical Center Authority; CHARLES | ) CIVIL NO. _____<br>)<br>)<br>)<br>)<br>) PETITION FOR WRIT OF<br>) HABEAS CORPUS AND<br>) VERIFIED COMPLAINT FOR<br>) INJUNCTION, DECLARATORY<br>) JUDGMENT AND DAMAGES;<br>) VERIFICATION OF<br>) ERIC A. SEITZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

WARREN, Chairman of the LBJ )
Tropical Medical Center; PATRICIA )
TINDALL, Acting CEO of the LBJ )
Tropical Medical Center; ANNIE )
FUAVAI, M.D., Chairperson of the LBJ )
Tropical Medical Center Off Island Referral )
Committee; TERRY LOVELACE, General )
Counsel of LBJ Tropical Medical Center; )
and JOHN DOES 1-50, )
)
)
                Respondents. )
_____ )

## PETITION FOR WRIT OF HABEAS CORPUS AND VERIFIED COMPLAINT FOR INJUNCTION, DECLARATORY JUDGMENT AND DAMAGES

Petitioner RICHARD MAJHOR (hereinafter "Petitioner"), by and

through his undersigned attorney, alleges as follows:

### INTRODUCTION

(1)    Petitioner seeks a Writ of Habeas Corpus requiring

Respondents DIRK KEMPTHORNE, TOGIOLA T. TULAFONO, FEPULEA`I

AFA RIPLEY, JR., MARK R. HALES, SOTOA M. SAVALI, FUEGA SAITE

MOLIGA, LBJ TROPICAL MEDICAL CENTER, CHARLES WARREN,

PATRICIA TINDALL, ANNIE FUAVAI, M.D., TERRY LOVELACE, JOHN

DOES 1-50 and/or their representatives (hereinafter collectively referred to as

"Respondents") to produce the person of RICHARD MAJHOR before this Court

to determine the legality of his continuing incarceration at the Tafuna Correctional

Facility in American Samoa.

2

(2)    Petitioner also seeks a declaratory judgment and a preliminary and permanent injunction enjoining Respondents and their employees, agents, representatives, and successors in office from continuing to incarcerate Petitioner in violation of the Eighth Amendment to the United States Constitution which prohibits cruel and unusual punishment.

(3)    Petitioner also seeks monetary damages to be proven at trial for the direct or proximately caused injuries due to Respondents' deliberate indifference and intentional, knowing, reckless, and/or negligent deprivation of medical care and treatment to Petitioner to the degree of care or skill ordinarily exercised and comporting with the standards of care by others of their profession.

JURISDICTION

(4)    This case arises under the Constitution and statutes of the United States, the rules, regulations, policies, and practices of the United States Department of the Interior, and the laws of the Government of American Samoa, inter alia.

(5)    This Court has jurisdiction herein pursuant to 28 U.S.C. Sections 2241 and 2254 (petition for writ of habeas corpus), and 42 U.S.C. Section 1983 and 28 U.S.C. Sections 1331, 1343, 1361, 2201, and 2202 (verified complaint for injunction, declaratory judgment and damages), inter alia.

3

## PARTIES

(6)    Petitioner is a male Caucasian citizen of the United States who is and has been residing temporarily in the United States Territory of American Samoa at all times pertinent hereto.

(7)    Respondent DIRK KEMPTHORNE (hereinafter "Secretary") is and has been the Secretary of the United States Department of Interior and is vested with and exercises administrative, regulatory and fiscal authority for the administration of the United States Territory of American Samoa.  Respondent Secretary is sued herein in his official and individual capacities.

(8)    Respondent TOGIOLA T. TULAFONO (hereinafter "Governor") is and has been the Governor of America Samoa.  Respondent Governor is sued herein in his official and individual capacities.

(9)    Respondent FEPUALEA`I AFA RIPLEY, JR. (hereinafter "Attorney General") is and has been the Attorney General of American Samoa. Respondent Attorney General is sued herein in his official and individual capacities.

(10)    Respondent MARK R. HALES (hereinafter "Hales") is and has been an Assistant Attorney General of American Samoa.  Respondent Hales is sued herein in his official and individual capacities.

4

(11)   Respondent SOTOA M. SAVALI (hereinafter "Director") is and has been the Director of the Department of Public Safety of American Samoa. Respondent Director is sued herein in his official and individual capacities.

(12)   Respondent FUEGA SAITE MOLIGA (hereinafter "Warden") is and has been the Warden of Territorial Correctional Facility of American Samoa. Respondent Warden is sued herein in his official and individual capacities.

(13)   Respondent LBJ TROPICAL MEDICAL CENTER (hereinafter "LBJ Center") is an independent agency of the American Samoa Government and is the only medical facility at which Petitioner can receive medical care and treatment in American Samoa.

(14)   Respondent CHARLES WARREN is and has been the Chairman of the LBJ Center. Respondent Warren is sued herein in his official and individual capacities.

(15)   Respondent PATRICIA TINDALL is and has been acting Chief Executive Officer of the LBJ Center. Respondent Tindall is sued herein in her official and individual capacities.

(16)   Respondent ANNIE FUAVAI, M.D. (hereinafter "Respondent Fuavai") is and has been the chairperson of the LBJ Center's Off Island Referral Committee. Respondent Fuavai is sued herein in her official and individual capacities.

5

(17)   Respondent TERRY LOVELACE (hereinafter "Respondent Lovelace") is and has been General Counsel of the LBJ Center. Respondent Lovelace is sued herein in his official and individual capacities.

(18)   Respondents JOHN DOES 1-50 (hereinafter "Doe Defendants") are individuals whose true identities and capacities are yet unknown to Petitioner and his counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the constitutional and statutory violations of law alleged herein and who in some manner or form not currently discovered or known to Petitioner may have contributed to or be responsible for the deliberate indifference and/or injuries alleged herein. The true names and capacities of the Doe Defendants will be substituted as they become known.

## FACTUAL ALLEGATIONS

(19)   Petitioner is and has been incarcerated in American Samoa within the custody of Respondents Secretary, Governor, Director, and Warden since March 2003.

(20)   The cause or pretense for such incarceration and/or confinement is an ongoing criminal proceeding in the High Court of American Samoa (hereinafter "High Court") in which  Petitioner was charged with murder in the first degree (Count I), felonious restraint (Count II), tampering with physical

6

evidence (Count III), and property damage in the first degree (Count IV) and convicted on February 16, 2006, following a bitterly contested jury trial.

(21)    On May 18, 2006, the High Court sentenced Petitioner to terms of life imprisonment for Count I, seven years for Count II to run concurrently with each other; and terms of five years for Count III and five years for Count IV to run concurrently with each other and consecutively to the Count I and Count II terms.

(22)    Petitioner's appeal to the Appellate Division of the High Court was argued and taken under submission on July 10, 2007.

(23)    Petitioner's incarceration and/or confinement is illegal in that Respondents' denial of medical care and treatment to Petitioner constitutes deliberate indifference to Petitioner's known medical condition and serious medical needs.

(24)    On or about February 22, 2007, Petitioner fainted at the Tafuna Correctional Facility and was treated at the emergency room of the LBJ Center.

(25)    Since February 22, 2007, Petitioner has been treated at LBJ Center's emergency room and medical clinic at least nine other times for fainting episodes during which he has suffered loss of consciousness and physical injuries to his head, inter alia.

(26)    In March 2007, Petitioner was treated by the former Director and current staff physician at LBJ Center, Dr. Iotamo T. Saleapaga (hereinafter

7

"Dr. Saleapaga"), who recommended that Petitioner be provided neurological and cardiac evaluations that are not capable of being performed at LBJ Center or elsewhere in American Samoa.

(27)    Between March and May 2007, Dr. Saleapaga's aforementioned recommendations were communicated orally and by electronic messages to Respondent Hales and other representatives of the Attorney General and Governor of American Samoa.

(28)    On or about June 13, 2007, Dr. Saleapaga provided a letter in which he diagnosed Petitioner with: (a) recurrent syncopal episodes whose etiology is unknown and (b) chronic neck pain syndrome with headaches and dizziness.

(29)    In his letter, Dr. Saleapaga specifically recommended that Petitioner receive neurological evaluations to include EEG, MRI and Angiograthy procedures, and cardiology evaluations that may include echocardiogram, Holter monitor and cardiac catherization procedures.

(30)    Dr. Saleapaga stated further in his letter that these special neurological and cardiological procedures are not available at the LBJ Center, but that these procedures are available off-island.

(31)    A copy of Dr. Saleapaga's June 13, 2007, letter was provided to Respondent Hales on or about June 14, 2007.

8

(32)    On or about June 26, 2007, Petitioner filed a "Motion for Emergency Release" in the High Court requesting that Petitioner be allowed to travel directly to Hayward, California to the residence of his mother to receive the necessary medical care and treatment that he requires.

(33)    On July 12, 2007, the High Court heard Petitioner's "Motion for Emergency Release" and orally ordered the Attorney General to meet with Petitioner's counsel to "discuss the medical condition issue and set in motion appropriate action to determine the issue."

(34)    On or about July 12, 2007, Petitioner again fell unconscious, remained unconscious for about ten minutes, and was taken to LBJ Center's emergency room where he received intensive care.

(35)    On or about July 13, 2007, the High Court issued a written order acknowledging that the American Samoa Government "is obligated to provide [Petitioner] with proper medical care" and directing that the Attorney General "oversee a complete and thorough investigation into [Petitioner's] present medical condition and needs for medical attention and treatment in order to properly determine whether or not [the American Samoan Government] . . . must arrange to provide [Petitioner] with necessary medical care outside of the Territory of American Samoa."

9

(36) On or about July 14, 2007, Petitioner's counsel contacted Respondent Lovelace via facsimile communication requesting the assistance of Respondent Lovelace in transferring Petitioner to a suitable medical facility to allow Petitioner to immediately receive the necessary medical care and procedures.

(37) On or about July 23, 2007, Petitioner's counsel again contacted Respondent Lovelace via facsimile communication requesting that Petitioner be seen by a doctor immediately or that Dr. Saleapaga's June 13, 2007 letter be forwarded to the appropriate hospital committee as the basis for an off island care request.

(38) On or about July 24, 2007, Petitioner's counsel received a facsimile communication from Respondent Lovelace informing Petitioner's attorney that he could not discuss the particulars of Petitioner's medical history without a signed medical release authorization from Petitioner.

(39) Respondent Lovelace also acknowledged Petitioner's request for immediate treatment by another physician, but apparently refused to honor this request because: (a) such request was "far outside the scope of authority," (b) Respondent Lovelace is "not a physician"; and (3) Dr. Saleapaga's June 13, 2007 letter was simply "not addressed to the off-island Referral Committee."

(40) On or about July 27, 2007, Petitioner's counsel informed Repsondent Governor, through facsimile communications about Petitioner's failure

10

to receive medical care and treatment, the High Court's July 13, 2007 order, and the continued denial of medical care and treatment for Petitioner despite commitments from the Attorney General and Respondent Lovelace that Petitioner would have his medical needs evaluated and that Petitioner's case would be brought to the attention of the hospital committee that is authorized to direct off island care.

(41)   On or about July 27, 2007, Petitioner's counsel provided Respondent Fuavai with a copy of Dr. Saleapaga's medical assessment and requested that the Off Island Referral Committee, chaired by Respondent Fuavai, consider Petitioner's case on an expedited basis and advise Petitioner of any actions that would be taken pertaining to Petitioner's medical care and treatment.

(42)   Since July 27, 2007, Petitioner has not received any communications from any of the Respondents or their representatives concerning Petitioner or Petitioner's request for immediate medical care and treatment.

(43)   The legality of the imprisonment and/or confinement of Petitioner at the Tafuna Correctional Facility has not been previously adjudicated; and no previous application for a writ has been made.

## FIRST CAUSE OF ACTION

(44)   Petitioner hereby incorporates all of the allegations contained in paragraphs 1 through 43, above.

(45)   Petitioner is informed and believes, and thereupon alleges, that Respondents, their agents, subordinates and/or employees acted and are acting and/or failing to act herein under color of statutes, regulations, policies, procedures, customs, practices and/or usages of the United States Department of the Interior and the Government of American Samoa.

(46)   Petitioner is informed and believes, and thereupon alleges, that by the aforementioned acts and/or omissions of Respondents, Respondents have acted with deliberate indifference to the serious medical needs, rights, interests, and/or well-being of Petitioner, and thereby have subjected Petitioner to cruel and unusual punishment and/or denied due process of law, inter alia, in violation of rights guaranteed to him by the United States Constitution and 42 U.S.C. Section 1983, inter alia.

## SECOND CAUSE OF ACTION

(47)   Petitioner hereby incorporates all of the allegations contained in paragraphs 1 through 46, above.

(48)   Petitioner is informed and believes, and thereupon alleges, that Respondents failed and/or refused to exercise the degree of care or skill ordinarily exercised by others of their profession in failing to provide medical care and treatment for Petitioner's serious medical needs and conditions.

12

(49)   Petitioner is informed and believes, and thereupon alleges, that Respondents acted intentionally, knowingly, willfully, recklessly and/or negligently in refusing to adequately, promptly and/or reasonably treat Petitioner's serious medical condition, thereby directly or proximately causing damages in amounts to be proven at trial.

WHEREFORE, Petitioner requests and prays for relief as follows:

(1)   The Court issue an order to show cause requiring Respondents to produce the person of RICHARD MAJHOR before the United States District Court for the District of Columbia, 333 Constitution Avenue, NW, Washington, D.C. 20001, and to serve and file an answer to the instant Petition for Writ of Habeas Corpus.

(2)   The Court determine the legality of Petitioner's incarceration and, on a determination that RICHARD MAJHOR is illegally or unlawfully incarcerated, enter judgment declaring that Respondents have violated the rights of Petitioner guaranteed by the Eighth Amendment to the United States Constitution by withholding proper medical care and, thereby subjecting Petitioner to cruel and unusual punishment;

(3)   Upon the determination that Petitioner has been illegally or unlawfully incarcerated, order that Petitioner be released forthwith or otherwise

immediately be provided necessary and appropriate medical care and treatment

consistent with the Eighth Amendment and the appropriate standard of care;

(4)    For a preliminary and permanent injunction restraining

Respondents and their employees, agents, representatives and successors in interest

from continuing to incarcerate Petitioner and acting with deliberate indifference by

failing to provide the appropriate medical care and treatment in accordance with

the Eighth Amendment and the standard of care of their profession;

(5)    For general and special damages according to the proof thereof

at trial;

(6)    For punitive damages in an amount sufficient to deter similar

behavior in the future regarding Respondents' failure to provide prompt and

adequate medical care and treatment to Petitioner;

(7)    For reimbursement of the costs of litigation incurred herein,

including reasonable provision for Petitioner's attorneys' fees; and

(8)    For such further and additional relief as the court deems

appropriate and just.


DATED:  Honolulu, Hawaii, August 6, 2007


ERIC A. SEITZ
D.C. Bar No. 363830
Attorney for Petitioner

14

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR, | ) CIVIL NO. _____ |
| | ) |
| Petitioner, | ) VERIFICATION OF |
| | ) ERIC A. SEITZ |
| vs. | ) |
| | ) |
| DIRK KEMPTHORNE, Secretary of | ) |
| the United States Department of | ) |
| Interior; et al., | ) |
| | ) |
| Respondents. | ) |
| | ) |

## VERIFICATION OF ERIC A. SEITZ

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) SS. |
| CITY AND COUNTY OF HONOLULU | ) |

ERIC A. SEITZ, being first duly sworn on oath verifies that he is the principal attorney for Petitioner named above, that he has read the contents of the attached Verified Complaint, and that the factual allegations contained therein are true and correct to the best of his understanding and belief.

DATED: Honolulu, Hawaii, August 6, 2007

ERIC A. SEITZ
D.C. Bar No. 363830

Attorney for Petitioner

Subscribed and sworn to before
me this 6th day of August 2007.

Juli T. Seitz
Notary Public, State of Hawaii
My commission expires: Jan. 4, 2008

ORIGINAL

02-1465
RBW

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RICHARD MAJHOR | DIRK KEMPTHORNE, Secretary of the United State Department of the Interior, et al. |

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 99999
**(EXCEPT IN U.S. PLAINTIFF CASES)** AM. SAMOA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Eric A. Seitz, AAL, ALC
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813
(808) 533-7434

Case: 1:07-cv-01465
Assigned To : Walton, Reggie B.
Assign. Date : 8/13/2007
Description: TRO/PI

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**◉ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| **G. Habeas Corpus/ 2255** | **H. Employment Discrimination** | **I. FOIA/PRIVACY ACT** | **J. Student Loan** |
|---|---|---|---|
| ☒ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| **K. Labor/ERISA (non-employment)** | **L. Other Civil Rights (non-employment)** | **M. Contract** | **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 1343 - Deprivation of Medical care to inmate

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE 08/06/2007 /13    SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.