ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ          363830
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813
Telephone: (808) 533-7434
Facsimile: (808) 545-3608
E-mail: eseitzatty@yahoo.com

Attorney for Petitioner

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR, | ) CIVIL NO. _____ |
| Address: | ) |
|     Tafuna Corr. Facility | ) |
|     P.O. Box 1011 | ) |
|     Pago Pago, Am. Samoa 96799 | ) PETITIONER'S MOTION FOR |
| | ) TEMPORARY RESTRAINING |
|         Petitioner, | ) ORDER; AFFIDAVIT OF |
| | ) ERIC A. SEITZ; EXHIBIT A; |
|     vs. | ) CERTIFICATE OF SERVICE |
| | ) |
| DIRK KEMPTHORNE, Secretary of the | ) |
| United States Department of Interior; | ) |
| TOGIOLA T. TULAFONO, Governor of | ) |
| American Samoa; FEPULEA'I AFA | ) |
| RIPLEY, JR., Attorney General; | ) |
| MARK R. HALES, Assistant Attorney | ) |
| General; SOTOA M. SAVALI, Director of | ) |
| Department of Public Safety; FUEGA | ) |
| SAITE MOLIGA, Warden of Territorial | ) |
| Correctional Facility; LBJ TROPICAL | ) |
| MEDICAL CENTER, An American Samoa | ) |
| Medical Center Authority; CHARLES | ) |

WARREN, Chairman of the LBJ　　　　　)
Tropical Medical Center; PATRICIA　　　)
TINDALL, Acting CEO of the LBJ　　　　)
Tropical Medical Center; ANNIE　　　　　)
FUAVAI, M.D., Chairperson of the LBJ　　)
Tropical Medical Center Off Island Referral )
Committee; TERRY LOVELACE, General　)
Counsel of LBJ Tropical Medical Center;　　)
and JOHN DOES 1-50,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Respondents.　　　　　)
_____)

## PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner RICHARD MAJHOR (hereinafter "Petitioner"), by and

through his undersigned attorney, hereby moves the Court for the issuance of a

Temporary Restraining Order immediately restraining and enjoining the above-

named Respondents and their employees, agents, representatives, and successors in

office, from continuing to incarcerate Petitioner and acting with deliberate

indifference by failing to provide necessary and appropriate medical care and

treatment in accordance with the Eighth Amendment of United States Constitution,

inter alia.

This motion is brought pursuant to Rule 65(b), Federal Rules of Civil

Procedure, inter alia, and is based upon the attached affidavit, the records and files

herein, and the evidence and arguments to be presented at a hearing upon the

motion.

2

DATED:  Honolulu, Hawaii, August 6, 2007

ERIC A. SEITZ
D.C. Bar No. 363830

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR,<br>Address:<br>    Tafuna Corr. Facility<br>    P.O. Box 1011<br>    Pago Pago, Am. Samoa  96799<br><br>           Petitioner,<br><br>  vs.<br><br>DIRK KEMPTHORNE, Secretary of the<br>United States Department of Interior;<br>TOGIOLA T. TULAFONO, Governor of<br>American Samoa; et al.,<br><br>           Respondents. | ) CIVIL NO. _____<br>)<br>)<br>)<br>)<br>) AFFIDAVIT OF ERIC A. SEITZ<br>) EXHIBIT A<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

AFFIDAVIT OF ERIC A. SEITZ

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) SS. |
| CITY AND COUNTY OF HONOLULU | ) |

ERIC A. SEITZ, being first duly sworn on oath, deposes and says:

(1)    I am the principal attorney and attorney of record for Petitioner

RICHARD MAJHOR (hereinafter "Petitioner") in the above entitled matter and in

the ongoing criminal proceeding in the High Court of American Samoa

(hereinafter "High Court"), App. No. 05-06; HCCR No. 10-03.

(2)    In a Judgment filed on May 18, 2006, the High Court sentenced Petitioner to terms of life imprisonment for Count I, seven years for Count II to run concurrently with each other; and terms of five years for Count III and five years for Count IV to run concurrent with each other and consecutively to the Count I and Count II terms.

(3)    In March 2007, I was informed that Petitioner was treated by the former Director and current staff physician at the LBJ Center, Dr. Iotamao T. Saleapaga, who recommended orally that Petitioner be provided neurological and cardiac evaluations that cannot be performed at LBJ Center or elsewhere in American Samoa.

(4)    Between March and May 2007, my office immediately informed Respondent Mark R. Hale and representatives of the Attorney General and the Governor of American Samoa, both orally and though electronic communications, about Dr. Saleapaga's recommendations because of the nature of Petitioner's diagnosis and the urgency of the procedures and medical treatment.

(5)    On June 13, 2007, Dr. Saleapaga provided a written letter in which he diagnosed Petitioner with: (a) recurrent sycopal episodes whose etiology is unknown and (b) chronic neck pain syndrome with headaches and dizziness. Dr. Saleapaga also recommended that Petitioner receive neurological evaluations including EEG, MRI and Angiograthy procedures, and cardiology evaluations

2

including echocardiogram, Holter monitor and cardiac catherization procedures. Lastly, Dr. Saleapaga stated that "[t]hese special procedures are not available at LBJ Medical Center, American Samoa but off-island

(6)     On June 26, 2007, Petitioner filed a "Motion for Emergency Release" in the High Court requesting an emergency release from the Tafuna Correctional Facility on the basis of Petitioner's right to receive essential medical care as guaranteed by the Eighth Amendment to the United States Constitution.

(7)     On July 12, 2007, on behalf of Petitioner, I appeared before the High Court to argue Petitioner's "Motion for Emergency Release." At this hearing, the High Court ordered the Attorney General to "meet with [Petitioner's counsel] . . . to discuss the medical condition issues and set in motion appropriate action to determine the issue.

(8)     Following the July 12, 2007 hearing, I met with Attorney General Ripley and two of his deputies, at which time I believed that these representatives understood the urgency of Petitioner's situation and that a commitment was made to follow through with the High Court's directives.

(9)     On July 13, 2007, the High Court issued its written order that acknowledges that the American Samoa Government "is obligated to provide [Petitioner] with proper medical care" and directs Respondent Attorney General to "oversee a complete and thorough investigation into [Petitioner's] medical

3

condition and needs for medical attention and treatment in order to determine

whether or not [Petitioner] . . . must arrange to provide [Petitioner] with necessary

medical care outside of the Territory of American Samoa."

(10)   On July 14, 2007, I contacted Respondent Lovelace via

facsimile communication to request assistance for Petitioner to be "transferred to a

suitable medical facility" and pointed out that Petitioner's falls and loss of

consciousness "create a sufficient basis for the hospital to refer [Petitioner] to the

committee that authorizes off-island care without any additional formal request."

(11)   Nine days later, on July 23, 2007, I again contacted Respondent

Lovelace via facsimile communication requesting that, because of the urgency of

the situation, Petitioner be seen by a doctor immediately or that Dr. Saleapaga's

June 13, 2007 letter be forwarded to the appropriate hospital committee as the

basis of a request for off island care."

(12)   On July 24, 2007, I received a facsimile communication from

Respondent Lovelace informing me that he could not discuss the particulars of

Petitioner's medical history with me without a signed medical release authorization

from Petitioner.  Respondent Lovelace acknowledged Petitioner's request for

immediate treatment by another physician but refused to honor this request

because: (a) such request was "far outside the scope of authority," (b) Respondent

4

Lovelace is "not a physician"; and (c) Dr. Saleapaga's June 13, 2007 letter "was not addressed to the off-Island Referral Committee."

(13)   On July 27, 2007, I informed Respondent Governor, via facsimile communication, about Petitioner's failure to receive medical care and treatment, the High Court's July 13, 2007 order, and the continued denial of medical care and treatment for Petitioner despite commitments from the Attorney General and Respondent Lovelace that Petitioner would have his medical needs evaluated and that Petitioner's case would be brought to the attention of the hospital committee that is authorized to direct off island care.

(14)   On July 27, 2007, I also provided Respondent Fuavai, via facsimile communication, a copy of Dr. Saleapaga's medical assessment and requested that the Off Island Referral Committee, chaired by Respondent Fuavai, consider Petitioner's case on an expedited basis and advise Petitioner of any actions that would be taken pertaining to Petitioner's medical care and treatment. See July 27, 2007 facsimile communication to Respondent Fuavai.

(15)   Since July 27, 2007, Petitioner and I have not received any communications from any of the Respondents or their representatives concerning Petitioner or Petitioner's request for immediate medical care and treatment.

(16)   On August 5, 2007, I was informed that Petitioner continues to require medical treatment at the LBJ Center, and that at least on two occasions, on

5

July 31, 2007 and August 2, 2007, Petitioner was taken to the LBJ Center but is yet

to undergo the basic neurological and cardiac evaluation.

(17)   Moreover, I am informed and believe that Petitioner now is

being denied his previously prescribed pain medications for pre-existing migraine

and other neurological treatments in response to our efforts to ensure that

Petitioner receives the basic medical care and treatment to which he is entitled

under the United States Constitution. See  Exhibit A, Email Correspondence

Received on August 5, 2007 from Vicki Majhor, Petitioner's Mother.

(18)   Based on the foregoing facts, I submit that it is urgent for this

Court to issue an order that Petitioner be released forthwith or otherwise

immediately be provided the necessary and appropriate medical care and treatment

consistent with the Eighth Amendment to the United States Constitution because

Petitioner faces serious risk of immediate and irreparable harm if he is unable to

promptly receive the basic medical treatment and evaluations recommended by his

treating physician.

ERIC A. SEITZ

Subscribed and sworn before
me this 6th day of August, 2007

Notary Public, State of Hawaii
My commission expires: Jan. 4, 2008

6

# YAHOO! MAIL

Print - Close Window

| | |
|---|---|
| **From:** | Rpmrem@aol.com |
| **Date:** | Sun, 5 Aug 2007 18:06:17 EDT |
| **Subject:** | (no subject) |
| **To:** | eseitzatty@yahoo.com |

Dear Eric,

Today Richard called me. Here's what he said:

He was taken to the hospital on Tuesday, July 31, 2007 via police car. When he arrived, Lynn Taylor, a nurse practitioner told him that she no longer could give him any narcotic pain medication because the DEA would not allow it. This order was given by a woman who is the acting CEO for LBJ hospital. He overheard it said by the same woman (acting CEO) that the hospital didn't have money to treat Richard.

On Thursday, August 02, 2007, Richard was taken to LBJ ER via ambulance. When he arrived, the receiving ER personnel said that handcuffs had to be put on him. This order was given by the acting CEO of LBJ. Again, he was told that only non-narcotic pain medication would be given to him because the DEA would not allow it and that LBJ could not afford to pay for him. This was witnessed by officer Veelee (phonetic spelling, don't know the spelling of this officer's name). Richard told the ER personnel that it hurt when he took a deep breath or coughed it hurt.

Another time when he was taken to LBJ ER, the receiving doctor told Richard that he wanted to put a Holter monitor on him, but wasn't sure if the prison officials would allow it.

Richard told me that about two weeks ago, it was ordered that regardless of what condition he arrives in the LBJ ER, he is to have handcuffs on. Richard told me that the officers have no problem transporting him w/o handcuffs, but that this request was made and ordered by the acting CEO of LBJ who is a woman. Richard doesn't remember her name, but will give it to me when he calls me on Monday.

I would like to know how the hell a non-medical staff person can order that someone who is brought in by ambulance have handcuffs put on them while in the ER. The ambulance personnel as well as the prison official that accompanies him to the LBJ ER does not see a need to use handcuffs, yet an LBJ administrator orders it. She is taking it upon herself to jeopardize his care and further compromise his safety.

Richard told me that he has overheard prison personnel talking about how there's no money for his care; he has also overhead LBJ personnel saying the same.

I am relaying this information to you for Richard. I sent him $200.00 today. He says he's hungry.

Richard told me that few weeks ago, a nurse practitioner became angry and aggressive with him. Richard told me that he did not do anything to warrant her behavior towards him. Looks to me like they're trying to set him up and make him out to be dangerous, etc. All this seems a bit consistent with what you sent me the other day re: conversation with this same acting CEO.

I have never heard of a non-medical person issuing orders in an ER for a patient's care. This acting CEO is acting in a vindictive and aggressive manner toward my son and further compromising his already deficient care. I personally blame her right now for my son not getting the right care.

Both my sons and I get migraines that cannot be controlled by OTC anything. I personally have gone to the ER for migraines. The treating physician determined that only narcotic meds could stop the horrible pain. I never asked for anything, it was their determination. I am telling you this because of the way Richard has been treated. They are adding to his physical suffering and complicating it with mental anguish.

Vicki

---

Get a sneak peek of the all-new AOL.com.

# EXHIBIT A

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly served

this date via U.S. Mail, First-Class, postage pre-paid addressed to the following:

DIRK KEMPTHORNE
Secretary of Interior
United States Department of Interior
1849 C Street, N.W.
Washington, D.C. 20240

TOGIOLA T. TULAFONO
Governor of American Samoa
3rd Floor, Executive Office Building, Utulei
Pago Pago, American Samoa  96799

FEPULEA`I AFA RIPLEY, JR.
Attorney General
Office of the Attorney General
American Samoa Government
Post Office Box 7
Pago Pago, American Samoa  96799

MARK R. HALES
Assistant Attorney General
Office of the Attorney General
American Samoa Government
Post Office Box 7
Pago Pago, American Samoa  96799

SOTOA M. SAVALI
Director of Department of Public Safety
American Samoa Government
Pago Pago, American Samoa  96799

FUEGA SAITE MOLIGA
Warden of Territorial Correctional Facility
American Samoa Government

Pago Pago, American Samoa 96799

LBJ TROPICAL MEDICAL CENTER
An American Samoa Medical Center Authority
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

CHARLES WARREN,
Chairman of the LBJ Tropical Medical Center
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

PATRICIA TINDALL
Acting CEO of the LBJ Tropical Medical Center
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

ANNIE FUAVAI, M.D.
Chairperson of the LBJ Tropical Medical Center Off
Island Referral Committee
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

TERRY LOVELACE
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

DATED: Honolulu, Hawaii, August 6, 2007

ERIC A. SEITZ
D.C. Bar No. 363830

Attorney for Petitioner

2

ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ          363830
820 Mililani Street, Suite 714
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:   (808) 545-3608
E-mail: eseitzatty@yahoo.com

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD MAJHOR, | ) | CIVIL NO. _____ |
| Address: | ) | |
|     Tafuna Corr. Facility | ) | |
|     P.O. Box 1011 | ) | |
|     Pago Pago, Am. Samoa  96799 | ) | ORDER GRANTING MOTION |
| | ) | FOR TEMPORARY |
|                 Petitioner, | ) | RESTRAINING ORDER |
| | ) | |
|     vs. | ) | |
| | ) | |
| DIRK KEMPTHORNE, Secretary of the | ) | |
| United States Department of Interior; | ) | |
| TOGIOLA T. TULAFONO, Governor of | ) | |
| American Samoa; FEPULEA`I AFA | ) | |
| RIPLEY, JR., Attorney General; | ) | |
| MARK R. HALES, Assistant Attorney | ) | |
| General; SOTOA M. SAVALI, Director of | ) | |
| Department of Public Safety; FUEGA | ) | |
| SAITE MOLIGA, Warden of Territorial | ) | |
| Correctional Facility;  LBJ TROPICAL | ) | |
| MEDICAL CENTER, An American Samoa | ) | |

Medical Center Authority;  CHARLES        )
WARREN, Chairman of the LBJ               )
Tropical Medical Center; PATRICIA         )
TINDALL, Acting CEO of the LBJ            )
Tropical Medical Center; ANNIE            )
FUAVAI, M.D., Chairperson of the LBJ      )
Tropical Medical Center Off Island Referral )
Committee; TERRY LOVELACE, General        )
Counsel of LBJ Tropical Medical Center;   )
and JOHN DOES 1-50,                       )
                                          )
                    Respondents.          )
_____)

## ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner RICHARD MAJHOR having moved the Court for the issuance

of a temporary restraining order enjoining the Respondents and their employees,

agents, representatives, and/or successors in office from continuing to incarcerate

the Petitioner in American Samoa without providing appropriate and timely

medical care and treatment; and

The Court having determined that Petitioner is likely to prevail on the

merits of his claims, is facing a serious risk of irreparable harm, and that the

balance of equities substantially favors the issuance of temporary injunctive relief

under the facts and circumstances presented in this case; and

Good cause appearing therefore;

IT IS HEREBY ORDERED that the Respondents and their employees, agents, representatives, and/or successors in office are and shall be enjoined forthwith from continuing to incarcerate the Petitioner in American Samoa without immediately providing for his medical evaluation and treatment in accordance with the recommendations contained in a letter dated June 13, 2007, from his treating physician.

This Order shall be effective upon service upon counsel for the Respondents and shall expire within ten (10) days of the date hereof unless extended by the Court or by stipulation of the parties.

DATED:  Washington, D.C., _____.


_____

-                    UNITED STATES DISTRICT JUDGE

_____

Majhor v. Kempthorne, et al.,  Civ. No. _____; Order Granting Motion
for Temporary Restraining Order
Page 3

ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ          363830
820 Mililani Street, Suite 714
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:   (808) 545-3608
E-mail: eseitzatty@yahoo.com

Attorney for Petitioner


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


| | |
|---|---|
| RICHARD MAJHOR,<br>Address:<br>    Tafuna Corr. Facility<br>    P.O. Box 1011<br>    Pago Pago, Am. Samoa  96799<br><br>              Petitioner,<br><br>   vs.<br><br>DIRK KEMPTHORNE, Secretary of the<br>United States Department of Interior;<br>TOGIOLA T. TULAFONO, Governor of<br>American Samoa; FEPULEA`I AFA<br>RIPLEY, JR., Attorney General;<br>MARK R. HALES, Assistant Attorney<br>General; SOTOA M. SAVALI, Director of<br>Department of Public Safety; FUEGA<br>SAITE MOLIGA, Warden of Territorial<br>Correctional Facility;  LBJ TROPICAL | )  CIVIL NO. _____<br>)<br>)<br>)<br>)  ORDER TO SHOW CAUSE<br>)  IN RESPONSE TO PETITIONER<br>)  RICHARD MAJHOR'S<br>)  PETITION FOR WRIT OF<br>)  HABEAS CORPUS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEDICAL CENTER, An American Samoa  )
Medical Center Authority;  CHARLES  )
WARREN, Chairman of the LBJ  )
Tropical Medical Center; PATRICIA  )
TINDALL, Acting CEO of the LBJ  )
Tropical Medical Center; ANNIE  )
FUAVAI, M.D., Chairperson of the LBJ  )
Tropical Medical Center Off Island Referral )
Committee; TERRY LOVELACE, General  )
Counsel of LBJ Tropical Medical Center;  )
and JOHN DOES 1-50,  )
                                                    )
                           Respondents.  )
_____)

## ORDER TO SHOW CAUSE IN RESPONSE TO PETITIONER RICHARD MAJHOR'S PETITION FOR WRIT OF HABEAS CORPUS

Petitioner RICHARD MAJHOR having moved the Court for the issuance

of an Order to Show Cause requiring the Respondents and their employees, agents,

representatives, and/or successors in office to produce the Petitioner in this Court

and/or to provide sufficient evidence and reasons why this Court should not order

that the Petitioner be provided appropriate and timely medical care and treatment;

and

Good cause appearing therefore;

Majhor v. Kempthorne, et al.,  Civ. No._____; Order to Show Cause In
Response To Petitioner Richard Majhor's Petition for Writ of Habeas Corpus.
Page 2

IT IS HEREBY ORDERED that the Respondents and their

employees, agents, representatives, and/or successors in office shall be enjoined

and hereby are ordered to show cause on or before August _____, 2007, why

the relief sought by Petitioner in his Verified Petition should not be granted.

DATED:  Washington, D.C., _____.


_____
UNITED STATES DISTRICT JUDGE

Majhor v. Kempthorne, et al.,  Civ. No._____; Order to Show Cause In
Response To Petitioner Richard Majhor's Petition for Writ of Habeas Corpus.
Page 3