ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ        363830
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813
Telephone:  (808) 533-7434
Facsimile:   (808) 545-3608
E-mail: eseitzatty@yahoo.com

Attorney for Petitioner

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR,<br>Address:<br>    Tafuna Corr. Facility<br>    P.O. Box 1011<br>    Pago Pago, Am. Samoa  96799<br><br>        Petitioner,<br><br>vs.<br><br>DIRK KEMPTHORNE, Secretary of  the<br>United States Department of Interior;<br>TOGIOLA T. TULAFONO, Governor of<br>American Samoa; FEPULEA`I AFA<br>RIPLEY, JR., Attorney General;<br>MARK R. HALES, Assistant Attorney<br>General; SOTOA M. SAVALI, Director of<br>Department of Public Safety; FUEGA<br>SAITE MOLIGA, Warden of Territorial<br>Correctional Facility;  LBJ TROPICAL<br>MEDICAL CENTER, An American Samoa<br>Medical Center Authority;  CHARLES | ) CIVIL NO. _____<br>)<br>)<br>)<br>)<br>) NOTICE OF HEARING;<br>) PETITIONER'S MOTION FOR<br>) PRELIMINARY INJUNCTION;<br>) MEMORANDUM OF LAW;<br>) AFFIDAVIT OF ERIC A. SEITZ<br>) EXHIBITS A-H; CERTIFICATE<br>) OF SERVICE<br>)<br>)<br>)<br>)<br>) HEARING:<br>)   Date: _____<br>)   Time: _____<br>)   Judge: _____<br>)<br>)<br>)<br>) |

WARREN, Chairman of the LBJ            )
Tropical Medical Center; PATRICIA      )
TINDALL, Acting CEO of the LBJ         )
Tropical Medical Center; ANNIE         )
FUAVAI, M.D., Chairperson of the LBJ   )
Tropical Medical Center Off Island Referral )
Committee; TERRY LOVELACE, General     )
Counsel of LBJ Tropical Medical Center; )
and JOHN DOES 1-50,                    )
                                       )
                                       )
              Respondents.             )
_____)

## NOTICE OF HEARING

TO:  DIRK KEMPTHORNE
     Secretary of Interior
     United States Department of Interior
     1849 C Street, N.W.
     Washington, D.C. 20240

     TOGIOLA T. TULAFONO
     Governor of American Samoa
     3rd Floor, Executive Office Building, Utulei
     Pago Pago, American Samoa  96799

     FEPULEA'I AFA RIPLEY, JR.
     Attorney General
     Office of the Attorney General
     American Samoa Government
     Post Office Box 7
     Pago Pago, American Samoa  96799

     MARK R. HALES
     Assistant Attorney General
     Office of the Attorney General
     American Samoa Government
     Post Office Box 7
     Pago Pago, American Samoa  96799

2

SOTOA M. SAVALI
Director of Department of Public Safety
American Samoa Government
Pago Pago, American Samoa  96799

FUEGA SAITE MOLIGA
Warden of Territorial Correctional Facility
American Samoa Government
Pago Pago, American Samoa  96799

LBJ TROPICAL MEDICAL CENTER
An American Samoa Medical Center Authority
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa  96799

CHARLES WARREN,
Chairman of the LBJ Tropical Medical Center
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa  96799

PATRICIA TINDALL
Acting CEO of the LBJ Tropical Medical Center
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa  96799

ANNIE FUAVAI, M.D.
Chairperson of the LBJ Tropical Medical Center Off
Island Referral Committee
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa  96799

TERRY LOVELACE
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa  96799

3

PLEASE TAKE NOTICE that the attached motion will be presented

to the Honorable _____, United States District

Judge, District of Columbia, 333 Constitution Avenue, Washington, D.C. on

_____, the _____ day of _____, 2005, at _____

_____.M., or as soon thereafter as counsel may be heard.

DATED:  Honolulu, Hawaii, August 6, 2007

_____
ERIC A. SEITZ
D.C. Bar No. 363830

Attorney for Petitioner

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR,<br>Address:<br>    Tafuna Corr. Facility<br>    P.O. Box 1011<br>    Pago Pago, Am. Samoa  96799<br><br>        Petitioner,<br><br>vs.<br><br>DIRK KEMPTHORNE, Secretary of the<br>United States Department of Interior;<br>TOGIOLA T. TULAFONO, Governor of<br>American Samoa; et al.,<br><br>        Respondents. | ) CIVIL NO. _____<br>)<br>)<br>)<br>)<br>) PETITIONER'S MOTION FOR<br>) PRELIMINARY INJUNCTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION

Petitioner RICHARD MAJHOR (hereinafter "Petitioner"), by and through his undersigned attorney, hereby moves the Court for the issuance of a Preliminary Injunction restraining and enjoining the above-named Respondents and their employees, agents, representatives, and successors in office, from continuing to incarcerate Petitioner and acting with deliberate indifference by failing to provide necessary and appropriate medical care and treatment in accordance with the Eighth Amendment of United States Constitution, inter alia.

This motion is brought pursuant to Rule 65, Federal Rules of Civil

Procedure, <u>inter alia</u>, and is based upon the attached affidavit and memorandum of law, the records and files herein, and the evidence and arguments to be presented at a hearing upon the motion.

DATED:  Honolulu, Hawaii, August 6, 2007

ERIC A. SEITZ
D.C. Bar No. 363830

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR,<br>Address:<br>    Tafuna Corr. Facility<br>    P.O. Box 1011<br>    Pago Pago, Am. Samoa  96799<br><br>                        Petitioner,<br><br>    vs.<br><br>DIRK KEMPTHORNE, Secretary of  the<br>United States Department of Interior;<br>TOGIOLA T. TULAFONO, Governor of<br>American Samoa; et al.,<br><br>                        Respondents. | )  CIVIL NO. _____<br>)<br>)<br>)<br>)<br>)<br>)  MEMORANDUM OF LAW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OF LAW

I.    Jurisdiction

Petitioner RICHARD MAJHOR (hereinafter "Petitioner")  seeks to vindicate and protect his rights under the Constitution and laws of the United States, and the laws of the Government of American Samoa.  Because jurisdiction of federal questions is no longer dependent upon the amount in controversy, Ralpho v. Bell, 569 F.2d 607 (DC. Cir.), the District Court has jurisdiction over this action under 28 U.S.C. Section 1331.  King v. Andrus, 452 F.Supp. 11, 12 (D.C.D.C. 1977).

Petitioner also states a cognizable claim against the Secretary of the United States Department of the Interior under King v. Morton, 520 F.2d 1140 (D.C. Circ. 1975) (holding that the United States District Court for the District of Columbia has jurisdiction over questions about whether the Secretary of the United States Department of the Interior's administration of the government of American Samoa meets constitutional standards, and can order the Secretary to take appropriate measures to correct any constitutional deficiencies." See also Majhor v. Norton, Civil No. 05-2192 (D.C.D.C. 2005).

II.    Factual Background

Petitioner is and has been incarcerated in American Samoa within the custody of Respondents DIRK KEMPTHORNE, Secretary of the United States Department of Interior (hereinafter "Secretary"), TOGIOLA T. TULAFONO, Governor of American Samoa (hereinafter "Governor"), SOTOA M. SAVALI, Director of Department of Safety of American Samoa (hereinafter "Director"), and FUEGA SAITE MOLIGA, Warden of Territorial Correctional Facility (hereinafter "Warden") since March 2003.

Since Petitioner has been in the custody of the above-mentioned Respondents, Petitioner has suffered and continues to suffer from a serious, life-threatening medical condition which requires immediate care and attention.

2

Respondents have not afforded Petitioner with the appropriate medical care and treatment as required by law.

On or about February 22, 2007, Petitioner fainted at the Tafuna Correctional Facility and was treated at the emergency room of Respondent LBJ TROPICAL MEDICAL CENTER (hereinafter "LBJ Center"). Since February 22, 2007, Petitioner has been treated at LBJ Center's emergency room and medical clinic at least nine other times for fainting episodes during which he has suffered loss of consciousness and physical injuries to his head, inter alia.

In March 2007, Petitioner was treated by the former Director and current staff physician at the LBJ Center, Dr. Iotamo T. Saleapaga (hereinafter "Dr. Saleapaga"), who recommended that Petitioner be provided neurological and cardiac evaluations that cannot be performed at LBJ Center or elsewhere in American Samoa.

Between March and May 2007, Dr. Saleapaga's aforementioned recommendations were communicated orally and by electronic messages to Respondent MARK R. HALES (hereinafter "Respondent Hales") and other representatives of the Attorney General and the Governor of American Samoa.

On or about June 13, 2007, Dr. Saleapaga provided a letter in which he diagnosed Petitioner with: (a) recurrent syncopal episodes whose etiology is unknown and (b) chronic neck pain syndrome with headaches and dizziness. In

3

his letter, Dr. Saleapaga specifically recommended that Petitioner receive neurological evaluations including EEG, MRI and Angiograthy procedures, and cardiac evaluations including echocardiogram, Holter monitor and cardiac catherization procedures. Dr. Saleapaga stated further in his letter that these special neurological and cardiological procedures are not available at the LBJ Center, but are available off-island.

On or about June 14, 2007, Respondent Hales again received notice of Petitioner's serious medical conditions and Dr. Saleapaga's recommendations when a copy of Dr. Saleapaga's June 13, 2007, letter was provided to Respondent Hales.

On June 26, 2007, after a four month period during which Petitioner did not receive the physician-recommended care or treatment, Petitioner filed a "Motion for Emergency Release" in the High Court of American Samoa (hereinafter "High Court") requesting that Petitioner be allowed to travel directly to Hayward, California to receive the necessary medical care and treatment that he requires.

On July 12, 2007, the High Court heard Petitioner's "Motion for Emergency Release" and orally ordered the Attorney General to meet with Petitioner's counsel to "discuss the medical condition issue and set in motion appropriate action to determine the issue." On the same day, Petitioner again fell

4

unconscious, remained unconscious for about ten minutes, and was taken to LBJ Center's emergency room where he received intensive care.

On July 13, 2007, the High Court issued a written order acknowledging that the American Samoa Government "is obligated to provide [Petitioner] with proper medical care" and directing that the Attorney General "oversee a complete and thorough investigation into [Petitioner's] present medical condition and needs for medical attention and treatment in order to properly determine whether or not [the American Samoan Government] . . . must arrange to provide [Petitioner] with necessary medical care outside of the Territory of American Samoa."

On July 14, 2007, Petitioner's counsel contacted Respondent TERRY LOVELACE (hereinafter "Respondent Lovelace") via facsimile communication requesting the assistance of Respondent Lovelace in transferring Petitioner to a suitable medical facility to allow Petitioner to immediately receive the necessary medical care and procedures.

On July 23, 2007, Petitioner's counsel again contacted Respondent Lovelace via facsimile communication requesting that Petitioner be seen by a doctor immediately or that Dr. Saleapaga's June 13, 2007 letter be forwarded to the appropriate hospital committee as the basis for an off island care request.

5

On July 24, 2007, Petitioner's counsel received a facsimile communication from Respondent Lovelace informing Petitioner's attorney that he could not discuss the particulars of Petitioner's medical history without a signed medical release authorization from Petitioner.

Respondent Lovelace also acknowledged Petitioner's request for immediate treatment by another physician, but apparently refused to honor this request because: (a) such request was "far outside the scope of authority," (b) Respondent Lovelace is "not a physician"; and (c) Dr. Saleapaga's June 13, 2007 letter was simply "not addressed to the off-island Referral Committee."

On July 27, 2007, Petitioner's counsel informed Respondent Governor about Petitioner's failure to receive medical care and treatment, the High Court's July 13, 2007 order, and the continued denial of medical care and treatment for Petitioner despite commitments from the Attorney General and Respondent Lovelace that Petitioner would have his medical needs evaluated and that Petitioner's case would be brought to the attention of the hospital committee that is authorized to direct off island care.

On July 27, 2007, Petitioner's counsel also provided Respondent ANNIE FUAVAI, M.D. (hereinafter "Respondent Fuavai") with a copy of Dr. Saleapaga's medical assessment and requested that the Off Island Referral Committee, chaired by Respondent Fuavai, consider Petitioner's case on an

6

expedited basis and advise Petitioner of any actions that would be taken pertaining to Petitioner's medical care and treatment.

Since July 27, 2007, Petitioner and Petitioner's counsel have not received any communications from any of the Respondents or their representatives concerning Petitioner or Petitioner's request for immediate medical care and treatment.   Petitioner has not undergone any of the neurological or cardiological evaluations recommended by Dr. Saleapaga.

III.   Standards for Preliminary Injunction

To obtain preliminary injunctive relief, petitioner must demonstrate (i) a substantial likelihood of success on the merits; (ii) that petitioner will suffer irreparable harm absent the relief requested; (iii) that other interested parties will not be harmed if the requested relief is granted; and (iv) that the public interest supports granting the requested relief.  See e.g., Chaplaincy of Full Gospel Churches v. England, 454 F.3d 290, 297 (D.C.Cir. 2006); Cobell v. Norton, 391 F.3d 251, 258 (D.C.Cir. 2005); Mova Pharmaceutical Corp. v. Shalala, 140 F.3d 1060, 1066 (D.C. Cir. 1998); CityFed Financial Corp. v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C. Cir. 1995).

In applying this four-factored standard, courts employ a sliding scale under which a  particularly strong showing on one factor can compensate for weakness in another.  See CityFed Fin., 58 F.3d at 747.  Thus, "[a]n injunction

7

may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." Id. Nevertheless, "[i]t is particularly important for the [petitioner] to demonstrate a substantial likelihood of success on the merits."

Furthermore, petitioner must also demonstrate at lease some irreparable injury because "[t]he basis of injunctive relief in the federal courts has always been irreparable harm." CityFed Fin., 58 F.3d at 747. Injury is irreparable only if it is "both certain and great." Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C.Cir. 1985). This means that the alleged harm "be actual and not theoretical" and "'of such imminence that there is a 'clear and present' need for equitable relief to prevent irreparable harm.'" Id. (quoting Ashland Oil, Inc. v. FTC, 509 F.Supp. 297, 307 (D.C.D.C.), aff'd, 548 F.2d 977 (D.C.Cir. 1976).

IV.   Argument

      A.   Petitioner's substantial probability of success on the merits warrants the issuance of preliminary injunctive relief.

Petitioner is entitled to preliminary injunctive relief because his likelihood of success on the merits of his Eighth Amendment claim is substantial. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976 (1994). "Conditions of confinement can constitute an Eighth

8

Amendment violation when two elements are present. The first . . . element is that the act or omission at issue must be 'sufficiently serious,' that is the condition to which the prisoner is subjected must pose a 'substantial risk of harm.'" Anderson-Bey v. District of Columbia, 466 F.Supp.2d 51, 61 (D.C.Cir. 2006) (quoting Farmer, 511 U.S. at 834). "The second . . . element goes to the prison official's state of mind: the [Respondents] must have acted with deliberate indifference to the inmates' health or safety." Anderson-Bey v. District of Columbia, 466 F.Supp. 2d at 61 (quoting Hope v. Pelzer, 536 U.S. 730, 738, 122 S.Ct. 2508, 253 (2002)).

As to the first element, the failure of Respondents to provide basic medical evaluations is "sufficiently serious" to expose Petitioner to "substantial risk[s] of harm." The uncontroverted evidence on the record shows that Dr. Saleapaga diagnosed Petitioner with recurrent sycopal or fainting episodes and chronic neck pain syndrome with headaches and dizziness. The record also demonstrates that Petitioner has suffered through at least nine of these fainting episodes in a six month period between February and July 2007. During the latest episode, Petitioner fell unconscious and remained unconscious for about ten minutes. There is no question that Petitioner has a serious need for medical treatment in light of these regular fainting spells. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (stating that "the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and

substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

As to the second element, Respondents have clearly acted with "deliberate indifference" to Petitioner's health and safety. Prison officials act with deliberate indifference when they ignore the instructions of a prisoner's treating physician and/or intentionally deny or delay access to medical treatment for non-medical reasons or interfere with treatment prescribed. Wakefield v. Thompson, 177 F.3d 1160 (9th Cir. 1999) (reversing a dismissal of an inmate's Section 1983 action where the inmate alleged prison officer refused to provide him with prescribed psychotropic medication upon his release from prison); Benter v. Peck, 825 F.Supp. 1411, at 1417 (S.D. Iowa 1993) (ruling that deliberate indifference is established if necessary medical treatment is delayed for non-medical reasons) Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 245, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983) (ruling that the government must pay for medical care that it has a constitutional duty to provide if that is the only way the care can be provided); Harris v. Thigpen, 941 F.2d 1495, 1509 (11th Cir. 1991) (lack of funds allocated for prisons by the state legislature will not excuse the failure of correctional systems to maintain a certain minimum level of medical services necessary to avoid the imposition of cruel and unusual punishment).

In the instant case, Respondents have acted with deliberate indifference by ignoring the recommendations of Dr. Saleapaga, Petitioner's treating physician, that Petitioner receive basic neurological evaluations that include EEG, MRI and Angiograthy procedures, as well as cardiac evaluations that include echocardiogarms, holter monitor and cardiac catherization procedures. Respondents clearly know about the regularity of Petitioner's fainting episodes and the need for further evaluation based on: (1) oral and electronic communications with Respondent Hales and representatives of the Attorney General and the Governor of American Samoa between March and May 2007; (2) Dr. Saleapaga's June 13, 2007 letter which was provided to Respondent Hales on June 14, 2007; (3) Petitioner's "Motion for Emergency Release" which he filed on June 26, 2007; and (4) Petitioner's counsel's communications between July 14 and July 27, 2007, with Respondents Lovelace, Governor, and Fuavai. Even if Respondents disagree with Dr. Saleapaga's diagnosis and recommendations, nothing in the record demonstrates an attempt by Respondents to further diagnose or treat Petitioner for his multiple fainting spells.

In a frighteningly similar situation, Chief Justice John Roberts recently suffered a seizure on July 30, 2007 which was reported as "a benign idiopathic seizure." Sherman, Mark, "Chief Justice Roberts Suffers Seizure," http://news.yahoo.com/s/ap/20070730/ap_on_go_su_co/scotus_roberts, visited

11

July 30, 2007. Justice Roberts reportedly had suffered in January 1993 from another "isolated, idiosyncratic seizure." Id. Doctors for Justice Roberts immediately provided Justice Roberts with a "thorough neurological evaluation" that included "an MRI and other tests to conclude there was no tumor, stroke or other explanation." Id. Petitioner, who has suffered even more regular fainting episodes than Justice Roberts, is entitled to the basic medical care that Justice Roberts received for his condition that appears to be far less worse than Petitioner's chronic and recurring condition.

> B.    The possibility of irreparable injury, and even death of
>        Petitioner warrant the issuance of preliminary injunctive relief.

If Respondents are allowed to persist with not providing even the most basic medical care that has been recommended by Respondent LBJ Center's own physician, it is obvious that the likelihood is great that Petitioner will suffer irreparable injury, and perhaps even death, as a result of Respondents' continued and deliberate indifference. As reported in the case of Justice Roberts' "benign seizure, . . an MRI and other tests" were conducted "to conclude there was no tumor, stroke or other explanation." Id. Clearly, the medical staff at the LBJ Center and Respondents know that Petitioner has regular fainting spells, but they do not have the capacity to determine if these are being caused by a tumor, stroke or other life-threatening conditions. Petitioner's continued fainting spells, over a six month period, surely warrant further investigation through the regular

procedures conducted routinely at other hospitals to rule out life-threatening conditions.

V.    Conclusion

For all of the foregoing reasons, Petitioner submits that this Court must issue an order that Petitioner be released forthwith or otherwise immediately be provided the necessary and appropriate medical care and treatment consistent with the Eighth Amendment to the United States Constitution and the appropriate standard of care. At a minimum, the issuance of this preliminary injunctive relief will protect the rights, interests, and well-being of Petitioner such that Petitioner will be free from imminent injury and harm due to the failure of Respondents to act and until such time as the parties may conduct discovery and resolve the remaining matters through appropriate litigation or other means.

DATED:  Honolulu, Hawaii, August 6, 2007

ERIC A. SEITZ
D.C. Bar No. 363830

Attorney for Petitioner

13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR, | ) CIVIL NO. _____ |
| Address: | ) |
|     Tafuna Corr. Facility | ) |
|     P.O. Box 1011 | ) |
|     Pago Pago, Am. Samoa 96799 | ) |
| | ) AFFIDAVIT OF ERIC A. SEITZ |
|     Petitioner, | ) EXHIBITS A-H |
| | ) |
| vs. | ) |
| | ) |
| DIRK KEMPTHORNE, Secretary of the | ) |
| United States Department of Interior; | ) |
| TOGIOLA T. TULAFONO, Governor of | ) |
| American Samoa; et al., | ) |
| | ) |
|     Respondents. | ) |
| | ) |

## AFFIDAVIT OF ERIC A. SEITZ

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) SS. |
| CITY AND COUNTY OF HONOLULU | ) |

ERIC A. SEITZ, being first duly sworn on oath, deposes and says:

(1)    I am the principal attorney and attorney of record for Petitioner

RICHARD MAJHOR (hereinafter "Petitioner") in the above entitled matter and in

the ongoing criminal proceeding in the High Court of American Samoa

(hereinafter "High Court"), App. No. 05-06; HCCR No. 10-03.

(2)    In a Judgment filed herein on May 18, 2006, the High Court sentenced Petitioner to terms of life imprisonment for Count I, seven years for Count II to run concurrently with each other; and terms of five years for Count III and five years for Count IV to run concurrent with each other and consecutively to the Count I and Count II terms.

(3)    In March 2007, I was informed that Petitioner was treated by the former Director and current staff physician at the LBJ Center, Dr. Iotamao T. Saleapaga, who recommended orally that Petitioner be provided neurological and cardiac evaluations that cannot be performed at LBJ Center or elsewhere in American Samoa.

(4)    Between March and May 2007, my office immediately informed Respondent Mark R. Hale and representatives of the Attorney General and the Governor of American Samoa, both orally and though electronic communications, about Dr. Saleapaga's recommendations because of the nature of Petitioner's diagnosis and the urgency of the procedures and medical treatment.

(5)    On June 13, 2007, Dr. Saleapaga provided a written letter in which he diagnosed Petitioner with: (a) recurrent sycopal episodes whose etiology is unknown and (b) chronic neck pain syndrome with headaches and dizziness.  Dr. Saleapaga also recommended that Petitioner receive neurological evaluations including EEG, MRI and Angiograthy procedures, and cardiology evaluations

2

including echocardiogram, Holter monitor and cardiac catherization procedures.

Lastly, Dr. Saleapaga stated that "[t]hese special procedures are not available at

LBJ Medical Center, American Samoa but off-island." See Letter dated June 13,

2007 from Iotamo T. Saleapaga, M.D.. A true and correct copy of this letter is

attached hereto as Exhibit A.

(6)     On June 26, 2007, Petitioner filed a "Motion for Emergency

Release" in the High Court requesting an emergency release from the Tafuna

Correctional Facility on the basis of Petitioner's right to receive essential medical

care as guaranteed by the Eighth Amendment to the United States Constitution.

See "Motion for Emergency Release," filed on June 26, 2007. A true and correct

copy of this motion is attached hereto as Exhibit B.

(7)     On July 12, 2007, on behalf of Petitioner, I appeared before the

High Court to argue Petitioner's "Motion for Emergency Release." At this

hearing, the High Court ordered the Attorney General to "meet with [Petitioner's

counsel] . . . to discuss the medical condition issues and set in motion appropriate

action to determine the issue.

(8)     Following the July 12, 2007 hearing, I met with Attorney

General Ripley and two of his deputies, at which time I believed that these

representatives understood the urgency of Petitioner's situation and that a

commitment was made to follow through with the High Court's directives.

3

(9)    On July 13, 2007, the High Court issued its written order that

acknowledges that the American Samoa Government "is obligated to provide

[Petitioner] with proper medical care" and directs Respondent Attorney General to

"oversee a complete and thorough investigation into [Petitioner's] medical

condition and needs for medical attention and treatment in order to determine

whether or not [Petitioner] . . . must arrange to provide [Petitioner] with necessary

medical care outside of the Territory of American Samoa." See "Follow-Up Order

on Defendant's Medical Condition Determination" at 2, filed on July 13, 2007.  A

true and correct copy of the High Court's July 13, 2007 Order is attached hereto as

Exhibit C.

(10)    On July 14, 2007, I contacted Respondent Lovelace via

facsimile communication to request assistance for Petitioner to be "transferred to a

suitable medical facility" and pointed out that Petitioner's falls and loss of

consciousness "create a sufficient basis for the hospital to refer [Petitioner] to the

committee that authorizes off-island care without any additional formal request."

See July 14, 2007 facsimile communication to Respondent Lovelace.  A true and

correct copy of this facsimile communication is attached hereto as Exhibit D.

(11)    Nine days later, on July 23, 2007, I again contacted Respondent

Lovelace via facsimile communication requesting that, because of the urgency of

the situation, Petitioner be seen by a doctor immediately or that Dr. Saleapaga's

4

June 13, 2007 letter be forwarded to the appropriate hospital committee as the basis of a request for off island care. ." See July 23, 2007 facsimile communication to Respondent Lovelace. A true and correct copy of this facsimile communication is attached hereto as Exhibit E.

(12) On July 24, 2007, I received a facsimile communication from Respondent Lovelace informing me that he could not discuss the particulars of Petitioner's medical history with me without a signed medical release authorization from Petitioner. Respondent Lovelace acknowledged Petitioner's request for immediate treatment by another physician but refused to honor this request because: (a) such request was "far outside the scope of authority," (b) Respondent Lovelace is "not a physician"; and (c) Dr. Saleapaga's June 13, 2007 letter "was not addressed to the off-Island Referral Committee." See July 24, 2007 facsimile communication from Respondent Lovelace. A true and correct copy of this facsimile communication is attached hereto as Exhibit F.

(13) On July 27, 2007, I informed Respondent Governor, via facsimile communication, about Petitioner's failure to receive medical care and treatment, the High Court's July 13, 2007 order, and the continued denial of medical care and treatment for Petitioner despite commitments from the Attorney General and Respondent Lovelace that Petitioner would have his medical needs evaluated and that Petitioner's case would be brought to the attention of the

5

hospital committee that is authorized to direct off island care. <u>See</u> July 27, 2007 facsimile communication to Respondent Governor. A true and correct copy of this facsimile communication is attached hereto as Exhibit G.

(14)    On July 27, 2007, I also provided Respondent Fuavai, via facsimile communication, a copy of Dr. Saleapaga's medical assessment and requested that the Off Island Referral Committee, chaired by Respondent Fuavai, consider Petitioner's case on an expedited basis and advise Petitioner of any actions that would be taken pertaining to Petitioner's medical care and treatment. <u>See</u> July 27, 2007 facsimile communication to Respondent Fuavai. A true and correct copy of this facsimile communication is attached hereto as Exhibit H.

(15)    Since July 27, 2007, Petitioner and I have not received any communications from any of the Respondents or their representatives concerning Petitioner or Petitioner's request for immediate medical care and treatment.

(16)    Since July 27, 2007, I am also informed and believe that Petitioner continues to require medical treatment at the LBJ Center, and that at least on two occasions, on July 31, 2007 and August 2, 2007, Petitioner was taken to the LBJ Center. I am informed that Petitioner has still yet to undergo the basic neurological and cardiac evaluations recommended by Dr. Saleapaga.

ERIC A. SEITZ

6

Subscribed and sworn to before
me this 6th day of August, 2007

Juli T. Seitz
Notary Public, State of Hawaii
My commission expires:  Jan. 4, 2008

7



**LBJ   Tropical  Medical  Center**

P.O. Box LBJ

Pago Pago, American Samoa 96799

Internal Medicine Services



Commitment to Healthcare
Excellence

June 13, 2007

TO WHOM IT MAY CONCERN:

Re:    Richard Majhor
       DOB: 6/16/71
       SSN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
       LBJ Hosp#17-58-28

Mr. Richard is a 36 year-old male with a known history of chronic neck pain syndrome with headache and dizziness and recurrent syncopal episode.  Chart review revealed he was initially seen at LBJ Medical Center in American Samoa on 7/25/01 for chronic neck pain syndrome associated with headaches and dizziness.  He stated he was involved in a motor vehicle accident when he was 17 years old.  Since then he had been followed up in the medical clinic and emergency room for the same problem till now.  On 2003 July 3 he developed Insomnia.  On 2/22/07 he presented to the emergency room for fainting at the Tafuna Correctional Facility.  According to the medical record review he was seen in the emergency room and medical clinic 9 times for syncopal episode.  He was last seen on 6/5/07.  At the same time has pain neck associated with severe headaches.

Since 7/25/01, he had been on Tylenol#3, Vicodin, Percocet, Demerol and Xanax.  Had been on anti-inflammatory Naprosyn 375 mg bid.  His CT Scan of neck revealed some evidence of old injury.  CT Scan of brain was negative for any space occupying lesion.  His EKG was negative for cardiac arrhythmia or any acute changes.  His chemistry and complete blood count normal.  His physical exam today 6/13/07 is unremarkable except tenderness of posterior neck with limited full range of motion due to pain.  Neurologically he is intact.

**IMPRESSION:**
   (1)    Recurrent syncopal episode etiology unknown.
   (2)    Chronic neck pain syndrome with headaches and dizziness status post neck injury.

# EXHIBIT A

Page –2–

This patient needs neurology evaluation to include EEG, MRI and may be Angiograthy.    He also needs cardiology evaluation which may include Echocardiogram, Holter monitor and may be cardiac catherization. These special procedures are not available at LBJ Medical Center, American Samoa but off-island.

Sincerely,

IOTAMO T. SALEAPAGA, M.D.

ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ
LAWRENCE I. KAWASAKI
RONALD N.W. KIM
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813
Telephone:    (808) 533-7434
Facsimile:    (808) 545-3608
E-mail: eseitzatty@yahoo.com

ANDREW T. STAVE
c/o Rose, Joneson, Vargas P.C.
P.O. Box 3501
Pago Pago, American Samoa 96799
Telephone: (684) 699-2100

Attorneys for Defendant-Appellant
Richard Majhor

## IN THE HIGH COURT OF AMERICAN SAMOA

## TRIAL DIVISION

| | |
|---|---|
| RICHARD MAJHOR, <br><br> Defendant-Appellant, <br><br> v. <br><br> AMERICAN SAMOA GOVERNMENT, <br><br> Plaintiff-Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | APP. No. 05-06 <br> HCCR No. 10-03 <br><br> DEFENDANT-APPELLANT'S <br> MOTION FOR EMERGENCY RELEASE; <br> AFFIDAVIT OF ERIC A. SEITZ; <br> EXHIBIT 1; CERTIFICATE OF <br> SERVICE |

## DEFENDANT-APPELLANT'S MOTION FOR EMERGENCY RELEASE

COMES NOW Defendant-Appellant Richard Majhor by and through his

undersigned attorneys and hereby moves this Court for his emergency release from the Tafuna

Correctional Facility. This motion is brought pursuant to Rules 46(c) and 47 of the Rules of

**EXHIBIT  B**

Criminal Procedure of the High Court of American Samoa, Rule 9 of Appellate Court Rules of the High Court of American Samoa, and Mr. Majhor's right to receive essential medical care guaranteed by the Eighth Amendment to the United States Constitution, and is based upon the attached affidavit, exhibit, the entire records and files herein, and any argument to be presented at a hearing upon this motion.

DATED:    Honolulu, Hawaii, _____ JUN 2 8 _____, 2007.

ERIC A. SEITZ
LAWRENCE I. KAWASAKI
RONALD N.W. KIM
ANDREW T. STAVE

Attorneys for Defendant-Appellant
Richard Majhor

2

IN THE HIGH COURT OF AMERICAN SAMOA

TRIAL DIVISION

RICHARD MAJHOR,                  )      APP. No. 05-06
                                       )      HCCR No. 10-03

       Defendant-Appellant,      )

                                         )      AFFIDAVIT OF ERIC A. SEITZ

     v.                                  )

                                         )

AMERICAN SAMOA GOVERNMENT,      )

                                         )

       Plaintiff-Appellee.        )

_____ )

## AFFIDAVIT OF ERIC A. SEITZ

STATE OF HAWAII                      )
                                        )      SS.
CITY AND COUNTY OF HONOLULU    )

       ERIC A. SEITZ, being first duly sworn on oath, deposes and says:

       (1)      I am lead counsel for Defendant-Appellant Richard Majhor (hereinafter "Mr. Majhor") in the above entitled manner.

       (2)      Mr. Majhor currently is incarcerated at the Tafuna Correctional Facility (hereinafter "TCF") pending the outcome of his conviction and sentence of life imprisonment in this matter.

       (3)      Since approximately March 2007, we have been contacting the Attorney General of American Samoa regarding Mr. Majhor's deteriorating medical condition which requires examinations and treatments that are not available in the territory of American Samoa.

       (4)      Attached hereto as Exhibit "1" is a true and correct copy of Dr. Iotamo T. Saleapaga, M.D.'s professional evaluation of Mr. Majhor's condition along with his recommendation that Mr. Majhor receive neurology and cardiology evaluations that are not

available at the LBJ Tropical Medical Center in American Samoa, but which are available off-island.

    (5)    I am therefore requesting Mr. Majhor's emergency release from TCF for medical purposes subject to the following terms and conditions:

    (a)    Mr. Majhor will travel directly to Hayward, California and reside with his mother, Vicki Majhor, at 25200 Carlos Bee Boulevard, #191, Hayward, California, 94542; Ms. Majhor will provide for Mr. Majhor's transportation and housing and pay for the necessary medical tests and any recommended follow up care;

    (b)    the term of Mr. Majhor's release from TCF will be for up to sixty (60) days, subject to this Court's review after thirty (30) days based upon further medical documentation from Mr. Majhor's medical evaluation and treatment in California, which we will submit to this Court;

    (c)    this Court can shorten or lengthen Mr. Majhor's term of release upon further application by either party;

    (d)    we are willing to post $5,000 cash bail to secure Mr. Majhor's return; and,

    (e)    Mr. Majhor will not contact any of the government's witnesses in the trial proceedings of this matter, nor any member of Wyatt Bowles' family.

    (6)    We have contacted the Attorney General of American Samoa's office regarding Mr. Majhor's release for medical reasons, but that office has not definitively stated its position on this matter.

    (7)    Applicable decisions of the United States Supreme Court following the case of <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), establish that under

the Eighth Amendment to the United States Constitution, the Government of American Samoa has a clear obligation to provide adequate medical care for its prisoners, and could be subject to damages and injunctive relief under 42 United States Code Section 1983 for failing to timely and properly address Mr. Majhor's serious medical care needs.

(8)    Mr. Majhor does not present a flight risk, nor will he pose a danger to any person in American Samoa due to his medical condition and pursuant to the proposed terms and conditions of his release.

(9)    I am hereby requesting that this Court hear this motion on a date between July 9 and 12, 2007, when I am scheduled to be in American Samoa for the oral argument of Mr. Majhor's appeal case.

ERIC A. SEITZ

Subscribed and sworn to before me this
26th day of ___June___ 2007.
_____
Notary Public, State of Hawaii
My Commission Expires: 1/4/08





# L B J   Tropical Medical Center

P.O. Box LBJ

Pago Pago, American Samoa 96799

Internal Medicine Services

June 13, 2007

TO WHOM IT MAY CONCERN:

Re:   Richard Majhor
      DOB: 6/16/71
      SSN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
      LBJ Hosp#17-58-28

Mr. Richard is a 36 year-old male with a known history of chronic neck pain syndrome with headache and dizziness and recurrent syncopal episode. Chart review revealed he was initially seen at LBJ Medical Center in American Samoa on 7/25/01 for chronic neck pain syndrome associated with headaches and dizziness. He stated he was involved in a motor vehicle accident when he was 17 years old. Since then he had been followed up in the medical clinic and emergency room for the same problem till now. On 2003 July 3 he developed Insomnia. On 2/22/07 he presented to the emergency room for fainting at the Tafuna Correctional Facility. According to the medical record review he was seen in the emergency room and medical clinic 9 times for syncopal episode. He was last seen on 6/5/07. At the same time has pain neck associated with severe headaches.

Since 7/25/01, he had been on Tylenol#3, Vicodin, Percocet, Demerol and Xanax. Had been on anti-inflammatory Naprosyn 375 mg bid. His CT Scan of neck revealed some evidence of old injury. CT Scan of brain was negative for any space occupying lesion. His EKG was negative for cardiac arrhythmia or any acute changes. His chemistry and complete blood count normal. His physical exam today 6/13/07 is unremarkable except tenderness of posterior neck with limited full range of motion due to pain. Neurologically he is intact.

## IMPRESSION:
(1)   Recurrent syncopal episode etiology unknown.
(2)   Chronic neck pain syndrome with headaches and dizziness status post neck injury.

# EXHIBIT 1

Page –2-

This patient needs neurology evaluation to include EEG, MRI and may be Angiograthy.    He also needs cardiology evaluation which may include Echocardiogram, Holter monitor and may be cardiac catherization. These special procedures are not available at LBJ Medical Center, American Samoa but off-island.

Sincerely,

IOTAMO T. SALEAPAGA, M.D.
/ia

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly served on this

date by depositing the same addressed to the following at his courthouse mailbox or by personal

delivery at the address listed below:

> MARK R. HALES, ESQ.
> TERRY LOVELACE, ESQ.
> Assistant Attorney Generals
> Office of the Attorney General
> American Samoa Government
> Post Office Box 7
> Pago Pago, American Samoa 96799

DATED:    Honolulu, Hawaii, _____ JUN 2 6 _____, 2007.

ERIC A. SEITZ
LAWRENCE I. KAWASAKI
RONALD N.W. KIM
ANDREW T. STAVE

Attorneys for Defendant-Appellant
Richard Majhor

$u^{05}$.

IN THE HIGH COURT OF AMERICAN SAMOA

TRIAL DIVISION

AMERICAN SAMOA GOVERNMENT,     )   CR No. 10-03
                               )
                Plaintiff,     )
                               )
        v.                     )   FOLLOW-UP ORDER ON
                               )   DEFENDANT'S MEDICAL
RICHARD P. MAJHOR,             )   CONDITION DETERMINATION
                               )
                Defendant.     )
_____)

Before RICHMOND, Associate Justice, and SAGAPOLUTELE, Associate
Judge.

Counsel:   For Plaintiff, Mark R. Hales, Assistant Attorney
           General
           For Defendant, Eric A. Seitz, *Pro Hac Vice,* and Andrew
           T. Stave

        On February 16, 2006, the jury found Defendant guilty of
four crimes: murder in the first degree (Count I), felonious
restraint (Count II), tampering with physical evidence (Count
III), and property damage in the first degree (Count IV).   On
May 18, 2006, the Court adjudicated Defendant guilty of the four
offenses, and sentenced Defendant to terms of life imprisonment
on  Count  I  and  seven  years  imprisonment  on  Count  II,
concurrently  with  each  other,  and  terms  of  five  years
imprisonment on Count III and five years imprisonment on Count
IV, concurrently with each other and consecutively to the Count
I  and  Count  II  terms.   Defendant  is  presently  serving  his
sentence as a prisoner at Plaintiff's Correctional Facility.

CR No. 10-03   FOLLOW-UP ORDER ON                1
               DEFENDANT'S MEDICAL
               CONDITION

**EXHIBIT C**

On July 12, 2007, the Court heard Defendant's motion concerning his current medical condition. Specifically, Defendant asked the Court to grant his request for emergency medical release to receive treatment in California for what he states is a "serious" medical condition. Defendant, his counsel, and Plaintiff's counsel were present. The Court ordered the Attorney General to meet with counsel Eric A. Seitz before Seitz departed the territory on the same date, July 12, 2003, to discuss the medical condition issue and set in motion appropriate action to determine the issue. We assume that this meeting took place, and now enter a written follow-up order on the matter.

## ORDER

The Attorney General, on behalf of Plaintiff, is ordered to oversee a complete and thorough investigation into Defendant's present medical condition and needs for medical attention and treatment in order to properly determine whether or not Plaintiff, which now has custodial jurisdiction over Defendant and is obligated to provide Defendant with proper medical care, must arrange to provide Defendant with necessary medical care outside of the Territory of American Samoa.

The Attorney General shall immediately apprise the Governor of the present situation and the Court's order. The Attorney General shall submit to the Governor, Commissioner of Public

CR No. 10-03  FOLLOW-UP ORDER ON
DEFENDANT'S MEDICAL
CONDITION

2

Safety, Warden of the Correctional Facility, and this Court a
written report of the investigation results, which shall include
his recommendations on the proper course of action to resolve
this matter.

It is so ordered.

Dated: July 13, 2007

LYLE L. RICHMOND
Associate Justice

SAGAPOLUTELE MALAEOLA A.A.
Associate Judge

# Eric A. Seitz, Attorney At Law

## A LAW CORPORATION

Eric A. Seitz
Lawrence I. Kawasaki
Ronald N. W. Kim

July 14, 2007

<u>Via Facsimile to (684) 633-1869</u>

Terry Lovelace, Esquire
General Counsel
LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa  96799

Re:    Richard Majhor

Dear Terry:

      I understand from Drew Stave that he already has provided you with a copy of Dr. Saleapaga's June 13, 2007 letter concerning our client, Richard Majhor.  Since that letter was written and provided to the government Mr. Majhor has repeatedly been seen at the hospital, and I am informed that he required emergency treatment twice this week for serious falls and loss of consciousness.    I believe that Dr. Saleapaga's letter together with the most recent medical records should create a sufficient basis for the hospital to refer Mr. Majhor to the committee that authorizes off-island care without any additional formal request.  In the event that another letter or form is required I understand that Dr. Saleapaga is ready and willing to provide that along with other physicians at LBJ who are familiar with Mr. Majhor's health issues.

      I am becoming increasingly concerned that if Mr. Majhor does not immediately receive the procedures that have been recommended for him the consequences will be very serious.  Accordingly I request your assistance in expediting this matter so that we can make arrangements next week to have Mr. Majhor transferred to a suitable medical facility.  Please stay in touch with both Drew and me about this matter and let us know what additional information and/or assistance we can provide.  Thank you.

Sincerely yours,

Eric A. Seitz

# EXHIBIT  D

# Eric A. Seitz, Attorney At Law

### A LAW CORPORATION

Eric A. Seitz
Lawrence I. Kawasaki
Ronald N. W. Kim

July 23, 2007

<u>Via Facsimile to (684) 633-1869</u>

Terry Lovelace, Esquire
General Counsel
LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa  96799

Re:     Richard Majhor

Dear Terry:

      I understand from Drew Stave that Dr. Saleapaga is away from American Samoa and is not scheduled to return until September.  We cannot wait that long for him or some other doctor to determine if Richard requires off island care.  Please arrange to have Richard seen by another doctor immediately or, in the alternative, forward Dr. Saleapaga's June 13th letter to the referral committee as the basis of a request for off island care.

      If this matter cannot be resolved by the end of this week I will have no alternative but to file a lawsuit in Washington, D.C. seeking appropriate injunctive relief, damages, and reimbursement of our fees and costs.  In that event I will have to include medical malpractice claims against the hospital based upon its failure to take any steps to act on the recommendations of its staff physician as contained in the June 13th letter.

      Please respond immediately.

Sincerely yours,

Eric A. Seitz

# EXHIBIT E



# LBJ  Tropical Medical Center

**P.O. Box LBJ**
**Pago Pago, American Samoa 96799**



July 24, 2007

Eric A. Seitz, Esq.
VIA FACSIMILE
808/545-3608

Re:    Richard Majhor

Dear Mr. Seitz:

I'm in receipt of your fax dated July 23, 2007.  First, the Health Insurance Portability and Accountability Act of 1996 prevents me from discussing particulars of Mr. Majhor's medical history, even with his attorney of record, absent a signed Medical Release Authorization.

As previously stated, I can however, discuss LBJ Tropical Medical Center's Policy and Procedure for off-Island referrals.  Your correspondence demands that I immediately arrange for another treating physician to see Mr. Majhor in Dr. Saleapaga's absence.  This is far outside the scope of authority.  I am not a physician.  Please note that Dr. Saleapaga's letter of June 13, 2007 was not addressed to the off-Island Referral Committee.

I am happy to accept service of process on behalf of LBJ Tropical Medical Center.

Kindest regards,

TL/dbm

Terry Lovelace
General Counsel
LBJ Tropical Medical Center

## EXHIBIT  F

# Eric A. Seitz, Attorney At Law

A LAW CORPORATION

Eric A. Seitz
Lawrence I. Kawasaki
Ronald N. W. Kim

July 27, 2007

<u>Via Facsimile to (684) 633-2269</u>

Honorable Togiola T. Tulafono
Governor of American Samoa
3rd Floor, Executive Office Building
Utulei, American Samoa 96799

Re:    Richard Majhor

Dear Governor Tulafono:

As you know we represent Richard Majhor in connection with pending appeals from a murder conviction during which time he is incarcerated in American Samoa in the custody of the Department of Public Safety. In early 2006 Mr. Majhor repeatedly experienced difficulties and delays when he sought medical treatment at the confinement facility. His records will document that many appointments were made for him at LBJ Hospital and then cancelled because he was not transported. Additionally I am informed that Mr. Majhor was not provided medications prescribed for him by his physicians and/or the prescriptions were not promptly refilled when they ran out. Over the course of several months we addressed those matters with the Department of Public Safety, the Attorney General's Office, and eventually with the High Court and were assured that Mr. Majhor's medical needs would be met in a professional and timely manner.

Earlier this year Mr. Majhor reported several incidents at the confinement facility in which he lost consciousness for varying periods of time and sustained injuries when he fell. In approximately March, 2007, I was informed that Dr. Iotamo Saleapaga had recommended that Mr. Majhor be transported off island to a suitable medical facility for medical tests and procedures that are not available and cannot be provided in American Samoa. We immediately informed the Attorney General's office of our concerns that Mr. Majhor required medical care that he could not receive in American Samoa and, in the meantime, we requested that Dr. Saleapaga confirm his recommendations in writing.

For reasons that I still do not understand, we did not receive Dr. Saleapaga's enclosed letter until June 13, 2007, at which time a copy of the letter was delivered immediately to the Office of the Attorney General. Unfortunately, from March to and until late June, 2007, the Attorney General and his staff failed to respond to any of our e-mails, calls, or other communications and took no actions with respect to Mr. Majhor's medical needs. Accordingly on June 26, 2007, in anticipation of my upcoming trip to American Samoa to argue Mr. Majhor's

# EXHIBIT 9

Governor Togiola T. Tulafono
July 27, 2007

appeal, I filed and served a motion in which we requested that the High Court set bail for Mr. Majhor to enable him to obtain appropriate medical treatment at his own expense. Your Attorney General opposed the motion in writing and offered no other alternative to obtain the medical care that had been recommended weeks and months earlier.

On July 12, 2007, I appeared before Judge Richmond for a hearing on the emergency motion to release Mr. Majhor on bail at which time the Government of American Samoa was represented by Deputy Attorney General Mark Hales. Although Judge Richmond expressed some doubt as to his jurisdiction, in light of the fact that Mr. Majhor's case currently is on appeal, the Court nevertheless issued an Order directing the Attorney General to "oversee a complete and thorough investigation into [Mr. Majhor's] medical condition and needs for medical attention and treatment in order to properly determine [the care he requires including care] outside of the Territory of American Samoa." Judge Richmond also specifically directed the Attorney General to apprise you of the situation and of the Court's Order, which also is enclosed.

Following the hearing on July 12, 2007, I met with Attorney General Ripley and two of his deputies at which time I believed they understood the urgency of the situation and committed to following through with Judge Richmond's directive to them. Subsequently I also was in repeated contact with Terry Lovelace, General Counsel of LBJ Hospital, who also assured me that the hospital and its staff would take the necessary steps to have Mr. Majhor's medical needs evaluated and bring his case to the attention of the hospital committee that apparently is vested with authority to direct off island care.

Two weeks later Mr. Majhor is still waiting for the medical treatment he should have received months earlier, and Mr. Hales and Mr. Lovelace have, to my knowledge, failed and/or refused to take any steps to resolve the situation. Mr. Lovelace's last comment to me was that I should sue him.

Unfortunately a civil legal action in the United States District Court in Washington, D.C., now appears to be the most effective means through which we can obtain the medical treatment and care that Mr. Majhor so urgently requires. In that event we will seek not only injunctive relief but also general and punitive damages for the violations of Mr. Majhor's constitutional rights. Please see Estelle v. Gamble, 429 U.S. 97 (1976) (holding that the deliberate indifference to the serious medical needs of prisoners constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution). Because I am informed that medical decisions in American Samoa may be made due to financial and funding considerations we may also be compelled to broaden any litigation to address those issues as well. See, e.g., Benter v. Peck, 825 F. Supp. 1411, 1417 (S.D. Iowa 1993) (deliberate indifference is established if necessary medical treatment is delayed for non-medical reasons); Revere v. Massachusetts Gen. Hospital, 463 U.S. 239, 245 ((1983) (government must pay for medical care that it has a constitutional duty to provide); and Harris v. Thigpen, 941 F.2d 1495, 1509 (11th Cir. 1991) (lack of funds allocated for prisons by the state legislature will not excuse the failure of corrections systems to maintain a certain minimum level of medical services necessary to avoid the imposition of cruel and unusual punishment).

Governor Togiola T. Tulafono
July 27, 2007

      I remain hopeful that costly and embarrassing litigation will not be necessary to obtain proper medical evaluations and treatment for Richard Majhor, but the time is running out, and I will need to act in this matter early next week. Until then I am available to discuss this matter further with you or any of your designated representatives.

Sincerely yours,

Eric A. Seitz

enclosures (3)

cc      Office of the Attorney General
        Toetasi Fue Tuiteleleapaga, Esq.
        Marcellus Tala Uiagalelei, Esq.



**LBJ Tropical Medical Center**

P.O. Box LBJ

Pago Pago, American Samoa 96799

Internal Medicine Services

June 13, 2007

TO WHOM IT MAY CONCERN:

Re:   Richard Majhor
      DOB: 6/16/71
°     SSN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
      LBJ Hosp#17-58-28

Mr. Richard is a 36 year-old male with a known history of chronic neck pain syndrome with headache and dizziness and recurrent syncopal episode. Chart review revealed he was initially seen at LBJ Medical Center in American Samoa on 7/25/01 for chronic neck pain syndrome associated with headaches and dizziness. He stated he was involved in a motor vehicle accident when he was 17 years old. Since then he had been followed up in the medical clinic and emergency room for the same problem till now. On 2003 July 3 he developed Insomnia. On 2/22/07 he presented to the emergency room for fainting at the Tafuna Correctional Facility. According to the medical record review he was seen in the emergency room and medical clinic 9 times for syncopal episode. He was last seen on 6/5/07. At the same time has pain neck associated with severe headaches.

Since 7/25/01, he had been on Tylenol#3, Vicodin, Percocet, Demerol and Xanax. Had been on anti-inflammatory Naprosyn 375 mg bid. His CT Scan of neck revealed some evidence of old injury. CT Scan of brain was negative for any space occupying lesion. His EKG was negative for cardiac arrhythmia or any acute changes. His chemistry and complete blood count normal. His physical exam today 6/13/07 is unremarkable except tenderness of posterior neck with limited full range of motion due to pain. Neurologically he is intact.

## IMPRESSION:

    (1)    Recurrent syncopal episode etiology unknown.

    (2)    Chronic neck pain syndrome with headaches and dizziness status post neck injury.

---

Page –2–

This patient needs neurology evaluation to include EEG, MRI and may be Angiograthy.    He also needs cardiology evaluation which may include Echocardiogram, Holter monitor and may be cardiac catherization. These special procedures are not available at LBJ Medical Center, American Samoa but off-island.

Sincerely,

IOTAMO T. SALEAPAGA, M.D.
/pi

u o 8

IN THE HIGH COURT OF AMERICAN SAMOA

TRIAL DIVISION

CLERK OF COURTS

| | | |
|---|---|---|
| AMERICAN SAMOA GOVERNMENT, | ) | CR No. 10-03 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | FOLLOW-UP ORDER ON |
| | ) | DEFENDANT'S MEDICAL |
| RICHARD P. MAJHOR, | ) | CONDITION DETERMINATION |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before RICHMOND, Associate Justice, and SAGAPOLUTELE, Associate Judge.

Counsel:  For Plaintiff, Mark R. Hales, Assistant Attorney General
For Defendant, Eric A. Seitz, *Pro Hac Vice,* and Andrew T. Stave

On February 16, 2006, the jury found Defendant guilty of four crimes: murder in the first degree (Count I), felonious restraint (Count II), tampering with physical evidence (Count III), and property damage in the first degree (Count IV).  On May 18, 2006, the Court adjudicated Defendant guilty of the four offenses, and sentenced Defendant to terms of life imprisonment on Count I and seven years imprisonment on Count II, concurrently with each other, and terms of five years imprisonment on Count III and five years imprisonment on Count IV, concurrently with each other and consecutively to the Count I and Count II terms.  Defendant is presently serving his sentence as a prisoner at Plaintiff's Correctional Facility.

On July 12, 2007, the Court heard Defendant's motion concerning his current medical condition. Specifically, Defendant asked the Court to grant his request for emergency medical release to receive treatment in California for what he states is a "serious" medical condition. Defendant, his counsel, and Plaintiff's counsel were present. The Court ordered the Attorney General to meet with counsel Eric A. Seitz before Seitz departed the territory on the same date, July 12, 2003, to discuss the medical condition issue and set in motion appropriate action to determine the issue. We assume that this meeting took place, and now enter a written follow-up order on the matter.

## ORDER

The Attorney General, on behalf of Plaintiff, is ordered to oversee a complete and thorough investigation into Defendant's present medical condition and needs for medical attention and treatment in order to properly determine whether or not Plaintiff, which now has custodial jurisdiction over Defendant and is obligated to provide Defendant with proper medical care, must arrange to provide Defendant with necessary medical care outside of the Territory of American Samoa.

The Attorney General shall immediately apprise the Governor of the present situation and the Court's order. The Attorney General shall submit to the Governor, Commissioner of Public

CR No. 10-03  FOLLOW-UP ORDER ON
DEFENDANT'S MEDICAL
CONDITION

2

Safety, Warden of the Correctional Facility, and this Court a written report of the investigation results, which shall include his recommendations on the proper course of action to resolve this matter.

It is so ordered.

Dated: July 13, 2007

_____
LYLE L. RICHMOND
Associate Justice

_____
SAGAPOLUTELE MALAEOLA A.A.
Associate Judge



# LBJ   Tropical Medical Center
**P.O. Box LBJ**
**Pago Pago, American Samoa 96799**



Commitment to Healthcare
Escellence

July 24, 2007

Eric A. Seitz, Esq.
VIA FACSIMILE
808/545-3608

Re:    Richard Majhor

Dear Mr. Seitz:

I'm in receipt of your fax dated July 23, 2007. First, the Health Insurance Portability and Accountability Act of 1996 prevents me from discussing particulars of Mr. Majhor's medical history, even with his attorney of record, absent a signed Medical Release Authorization.

As previously stated, I can however, discuss LBJ Tropical Medical Center's Policy and Procedure for off-Island referrals. Your correspondence demands that I immediately arrange for another treating physician to see Mr. Majhor in Dr. Saleapaga's absence. This is far outside the scope of authority. I am not a physician. Please note that Dr. Saleapaga's letter of June 13, 2007 was not addressed to the off-Island Referral Committee.

I am happy to accept service of process on behalf of LBJ Tropical Medical Center.

Kindest regards,

TL/dbm

Terry Lovelace
General Counsel
LBJ Tropical Medical Center

# Eric A. Seitz, Attorney At Law

A LAW CORPORATION

Eric A. Seitz
Lawrence I. Kawasaki
Ronald N. W. Kim

July 27, 2007

<u>Via Facsimile to (684) 633-2054 to Jane Neru</u>

Dr. Annie Fuavai
Chair  .
Off island Referral Committee
LBJ Tropical medical Center
P.O. Box LBJ
Pago Pago, American Samoa  96799

Re:    Richard Majhor

Dear Dr. Fuavai:

       We represent Richard Majhor, and I am writing to you in your capacity as Chair of the LBJ Off Island Referral Committee.  Enclosed herewith is a copy of a letter dated June 13, 2007, in which Dr. Iotamo Saleapaga recommended that Mr. Majhor undergo specified medical tests and procedures which can only be provided to him at a suitable medical facility in Hawaii or on the mainland United States.  I request that your committee consider this matter on an expedited basis and advise me immediately of any actions that are taken pertaining to Mr. Majhor.  Please contact me if you require any additional information or documentation.

       Thank you for your prompt attention to this matter.

Sincerely yours,

Eric A. Seitz

enclosure

# EXHIBIT H



# LBJ   Tropical   Medical   Center
### P.O. Box LBJ
#### Pago Pago, American Samoa 96799

## Internal Medicine Services

June 13, 2007

TO WHOM IT MAY CONCERN:

Re:   Richard Majhor
      DOB: 6/16/71
      SSN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
      LBJ Hosp#17-58-28

Mr. Richard is a 36 year-old male with a known history of chronic neck pain syndrome with headache and dizziness and recurrent syncopal episode. Chart review revealed he was initially seen at LBJ Medical Center in American Samoa on 7/25/01 for chronic neck pain syndrome associated with headaches and dizziness. He stated he was involved in a motor vehicle accident when he was 17 years old. Since then he had been followed up in the medical clinic and emergency room for the same problem till now. On 2003 July 3 he developed Insomnia. On 2/22/07 he presented to the emergency room for fainting at the Tafuna Correctional Facility. According to the medical record review he was seen in the emergency room and medical clinic 9 times for syncopal episode. He was last seen on 6/5/07. At the same time has pain neck associated with severe headaches.

Since 7/25/01, he had been on Tylenol#3, Vicodin, Percocet, Demerol and Xanax. Had been on anti-inflammatory Naprosyn 375 mg bid. His CT Scan of neck revealed some evidence of old injury. CT Scan of brain was negative for any space occupying lesion. His EKG was negative for cardiac arrhythmia or any acute changes. His chemistry and complete blood count normal. His physical exam today 6/13/07 is unremarkable except tenderness of posterior neck with limited full range of motion due to pain. Neurologically he is intact.

## IMPRESSION:
(1)   Recurrent syncopal episode etiology unknown.
(2)   Chronic neck pain syndrome with headaches and dizziness status post neck injury.

---

Page —2—


This patient needs neurology evaluation to include EEG, MRI and may be Angiograthy.    He also needs cardiology evaluation which may include Echocardiogram, Holter monitor and may be cardiac catherization.  These special procedures are not available at LBJ Medical Center, American Samoa but off-island.


Sincerely,



IOTAMO T. SALEAPAGA, M.D.

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly served

this date via U.S. Mail, First-Class, Postage Prepaid addressed to the following:

DIRK KEMPTHORNE
Secretary of Interior
United States Department of Interior
1849 C Street, N.W.
Washington, D.C. 20240

TOGIOLA T. TULAFONO
Governor of American Samoa
3rd Floor, Executive Office Building, Utulei
Pago Pago, American Samoa  96799

FEPULEA`I AFA RIPLEY, JR.
Attorney General
Office of the Attorney General
American Samoa Government
Post Office Box 7
Pago Pago, American Samoa  96799

MARK R. HALES
Assistant Attorney General
Office of the Attorney General
American Samoa Government
Post Office Box 7
Pago Pago, American Samoa  96799

SOTOA M. SAVALI
Director of Department of Public Safety
American Samoa Government
Pago Pago, American Samoa  96799

FUEGA SAITE MOLIGA
Warden of Territorial Correctional Facility
American Samoa Government

Pago Pago, American Samoa 96799

LBJ TROPICAL MEDICAL CENTER
An American Samoa Medical Center Authority
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

CHARLES WARREN,
Chairman of the LBJ Tropical Medical Center
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

PATRICIA TINDALL
Acting CEO of the LBJ Tropical Medical Center
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

ANNIE FUAVAI, M.D.
Chairperson of the LBJ Tropical Medical Center Off
Island Referral Committee
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

TERRY LOVELACE
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

DATED: Honolulu, Hawaii, August 6, 2007

_____
ERIC A. SEITZ
D.C. Bar No. 363830

Attorney for Petitioner

2