UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD MAJHOR, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 07-1465 (RBW) |
| RICHARD KEMPTHORNE, et al., | ) ) ) | |
| Respondents. | ) ) ) | |

**ORDER**

The petitioner, an inmate currently incarcerated at the Tafuna Correctional Facility in Pago Pago, American Samoa, brought this action on August 13, 2007, against the Governor of American Samoa, the Attorney General of American Samoa, and various other individuals, including Richard Kempthorne, Secretary of the United States Department of the Interior ("the defendants"),[1] seeking damages, declaratory and injunctive relief, and a writ of habeas corpus in connection with the defendants' alleged denial of necessary medical care and treatment to the petitioner. Complaint ("Compl.") ¶¶ 1-23. Along with his petition, the petitioner has also filed a motion for a temporary restraining order and a motion for a preliminary injunction, in which he moves the Court for the issuance of an order "enjoining the [r]espondents . . . from continuing to

---

[1] Other than Secretary Kempthorne, who is apparently named in this action because he "is vested with and exercises administrative, regulatory[,] and fiscal authority for the administration of the United States Territory of American Samoa," Complaint ¶ 7, all other defendants are residents of American Samoa and, insofar as can be determined, officers of the American Samoa government, id. ¶¶ 8-18. In addition, the petitioner's attorney resides in Honolulu, Hawaii. Id. at 1.

incarcerate [him] in American Samoa without providing appropriate and timely medical care and treatment." Proposed Order Granting Motion for Temporary Restraining Order at 1.

The petitioner contends that on February 22, 2007, and July 12, 2007, he fell unconscious and had to be treated at the LBJ Tropical Medical Center, which "is the only medical facility at which [the] [p]etitioner can receive medical care and treatment in American Samoa." Compl. ¶ 13; see id. ¶¶ 24, 34. The petitioner further contends that he has been diagnosed with a medical condition which requires "neurological and cardiac evaluations that are not capable of being performed . . . in American Samoa." Id. ¶ 27; see id. ¶¶ 26-30. Finally, the petitioner contends that on July 13, 2007, the High Court of American Samoa

> issued a written order acknowledging that the American Samoa Government 'is obligated to provide [the] [p]etitioner with proper medical care' and directing that the Attorney General 'oversee a complete and thorough investigation into [the] [p]etitioner's present medical condition and needs for medical attention and treatment in order to properly determine whether or not the American Samoa[] Government must arrange to provide [the] [p]etitioner with necessary medical care outside of the Territory of American Samoa.'

Id. ¶ 35 (internal bracketing and ellipsis omitted). The petitioner states that "[s]ince July 27, 2007, [he] has not received any communications from any of the [r]espondents or their representatives concerning [him] or [his] request for immediate medical care and treatment." Id. ¶ 42.

With due respect to the petitioner's choice of forum, the Court cannot conceive of any reason why the United States District Court for the District of Columbia is the most convenient forum, or even a minimally convenient forum, for the parties to this action, considering that the petitioner, the petitioner's attorney, and the overwhelming majority of the defendants are all presently located at several locations in the Pacific Ocean many thousands of miles away from

this Court. See id. at 13 (requesting that this Court issue an order "requiring [the] [r]espondents to produce the person of Richard Majhor before the United States District Court for the District of Columbia, 333 Constitution Avenue, NW, Washington, DC 20001"). In addition, it is unclear to the Court, based on the petitioner's pleadings, why the July 13, 2007 Order issued by the High Court of American Samoa is not sufficient for the petitioner's purposes and, indeed, why it would not be premature, in light of that Order—and in the absence of any representation from the petitioner that he has sought and failed to have the Order of the High Court enforced—for this Court to exercise its jurisdiction, if it has such jurisdiction, to provide the relief that the petitioner seeks. Cf. Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Hodel, 830 F.2d 374, 386 (D.C. Cir. 1987) (noting "Congress'[s] decision to preclude trial in[,] or direct appeal to[,] an independent [Article III] court in American Samoa"). Accordingly, it is hereby

**ORDERED** that the petitioner shall, by 5:00 p.m. EDT on August 22, 2007, show cause why this case should not be transferred to a more appropriate judicial district, if such district exists, under the doctrine of forum non conveniens. See American Dredging Co. v. Miller, 510 U.S. 443, 447-50 (1994). The petitioner shall also explain, in greater detail, why his petition for relief in this Court is not unwarranted, duplicative, or, at the very least, premature in light of the High Court of American Samoa's July 13, 2007 Order. Specifically, the petitioner shall recount the steps he has taken, with American Samoa prison and hospital officials, the American Samoa government, the Department of the Interior, and the High Court itself, to enforce the judgment of the July 13, 2007 Order. Only if the petitioner can demonstrate that the Order of the High Court cannot provide the relief that he seeks will recourse to the federal courts "by way of collateral

attack" conceivably be an appropriate course of action. Hodel, 830 F.2d at 385 n.67 (citation omitted). It is further

**ORDERED** that the Court may, as it deems necessary, schedule a hearing by telephone to address the issues raised herein, once it has received the petitioner's response to this Order.

**SO ORDERED** this 20th day of August, 2007.

REGGIE B. WALTON<br>
United States District Judge