IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR,<br>Address:<br>    Tafuna Corr. Facility<br>    P.O. Box 1011<br>    Pago Pago, Am. Samoa  96799<br><br>               Petitioner,<br><br>vs.<br><br>DIRK KEMPTHORNE, Secretary of  the United States Department of Interior; TOGIOLA T. TULAFONO, Governor of American Samoa; FEPULEA`I AFA RIPLEY, JR., Attorney General; MARK R. HALES, Assistant Attorney General; SOTOA M. SAVALI, Director of Department of Public Safety; FUEGA SAITE MOLIGA, Warden of Territorial Correctional Facility;  LBJ TROPICAL MEDICAL CENTER, An American Samoa Medical Center Authority;  CHARLES WARREN, Chairman of the LBJ Tropical Medical Center; PATRICIA TINDALL, Acting CEO of the LBJ Tropical Medical Center; ANNIE FUAVAI, M.D., Chairperson of the LBJ Tropical Medical Center Off Island Referral Committee; TERRY LOVELACE, General Counsel of LBJ Tropical Medical Center; and JOHN DOES 1-50,<br><br>               Respondents. | ) Civil Action  No. 07-1465 (RBW)<br>)<br>)<br>)<br>)<br>) AFFIDAVIT OF ERIC A. SEITZ<br>) IN RESPONSE  TO ORDER FIL-<br>) ED AUGUST 20, 2007; EXHIBIT<br>) A;  CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

AFFIDAVIT OF ERIC A. SEITZ IN
RESPONSE TO ORDER FILED AUGUST 20, 2007

STATE OF HAWAII                              )
                                             ) SS.
CITY AND COUNTY OF HONOLULU    )

      ERIC A. SEITZ, being first duly sworn on oath, deposes and says:

      (1)    I am the principal attorney for Petitioner Richard Majhor in the above referenced matter.

      (2)    I also represent Mr. Majhor in his criminal case in American Samoa in which his appeal was argued and taken under submission on July 10, 2007.

      (3)    In response to our efforts to obtain appropriate medical care for Mr. Majhor in American Samoa we repeatedly have been informed that Defendant LBJ Tropical Medical Center does not have the equipment or the expertise to provide the medical procedures that Mr. Majhor urgently requires and lacks any funds to transfer Mr. Majhor to an "off island" medical facility for appropriate medical treatment.

      (4)    Attached hereto as Exhibit A is a recent news article in which it was reported that the LBJ budget for "off island" care for calendar year 2007 was exhausted in April, 2007, and that there currently are long delays in providing and arranging for medical care for residents of American Samoa who may have urgent medical needs.

(5) Although it has been nearly one month since we requested, in writing, that Mr. Majhor's medical situation be brought to the attention of the hospital body that determines and arranges for "off island" care, we have not even received an acknowledgement of the request, and to my knowledge no action has been taken to further evaluate Mr. Majhor to determine whether he is in need of procedures and/or care that cannot be provided to him in American Samoa.

(6) I am informed and believe that given the financial situation in American Samoa Defendant LBJ cannot and will not pay for any costs associated with Mr. Majhor's "off island" care even if such care is determined to be required.

(7) On or about August 10, 2007, I received a telephone call from Deputy Attorney General Mark Hales advising me that the Government of American Samoa had been in contact with the Director of the Department of Public Safety for the State of Hawaii to inquire whether Mr. Majhor could be housed in a state correctional facility in Hawaii while he receives the medical procedures and treatment that he requires.

(8) Mr. Hales informed me that the Hawaii state corrections officials had indicated their willingness to house Mr. Majhor contingent upon the necessary payment of expenses associated with the transfer and care that would be provided in Hawaii.

(9) Mr. Hales then informed me that the process might be expedited if Mr. Majhor is able to pay for some of the transportation and medical costs; however, I reminded Mr. Hales that Mr. Major has been incarcerated for several years and that all of his assets were seized, so he has no financial resources or available insurance to cover any of the costs for the medical care he requires.

(10) Since the aforementioned telephone call on August 10, 2007, I have not received any communications from anyone in American Samoa concerning Mr. Majhor.

(11) In the meantime I am informed that Mr. Majhor has continued to suffer fainting episodes and loss of consciousness and has been rushed to the LBJ emergency room on additional occasions as recently as last week.

(12) We have not made any additional effort to enforce the July 13th order of the High Court of American Samoa because at the time that order was issued Justice Richmond expressed some doubt as to the extent of his jurisdiction since the criminal case was then and still is on appeal, and Justice Richmond stated orally at the hearing on July 12th that it would be necessary to file a habeas corpus petition in the High Court of American Samoa to obtain further relief regarding Mr. Majhor's medical situation.

(13) Although we appreciated Justice Richmond's willingness to hear us on July 12th and the issuance of his written order the following day, we

have concluded that the High Court of American Samoa cannot effectively vindicate or protect Mr. Majhor's federal constitutional rights and/or order the Secretary of the Interior or the Government of American Samoa to expend funds to pay for an inmate's "off island" medical care.

(14)    Accordingly, in accordance with our assessments as to the availability of effective relief and the urgency of Mr. Majhor's situation we concluded that Petitioner's federal constitutional rights needed to be asserted in a federal court that could exercise jurisdiction in this matter.

(15)    As the Court undoubtedly knows, there is no federal court in American Samoa, and American Samoa does not now fall within the normal jurisdiction of any federal district.

(16)    Although we certainly concur with the Court's suggestion that it would be more convenient to litigate Mr. Majhor's claims in the United States District Courts in Hawaii, Guam, or some other federal district in closer proximity to American Samoa, we are not aware of any authority that would enable Mr. Majhor to obtain jurisdiction over the named respondents other than in Washington, D.C., in accordance with the decisions in King v. Morton, 520 F.2d. 1140 (D.C. Cir. 1975); King v. Andrus, 452 F.Supp. 11 (D.C.D.C. 1977), inter alia.

(17)    Based upon Mr. Majhor's continuing symptoms and the utter lack of any action by the Government of American Samoa and/or the Secretary of

5

the Interior to address his urgent medical needs, even after receiving notice of these proceedings, we submit that this is the only Court to which Mr. Majhor can reasonably apply for any meaningful relief.

/s/ Eric A. Seitz
ERIC A. SEITZ
D.C. Bar No. 363830
820 Mililani Street, Suite 714
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:   (808) 545-3608
E-mail: eseitzatty@yahoo.com

Attorney for Petitioner

Subscribed and sworn to before
me this 20th day of August, 2007.

/s/ Juli T. Seitz
Notary Public, State of Hawaii
My commission expires: Jan. 4, 2008

8/15/07

## LBJ off-island program over budget by $2M

by Fili Sagapolutele
Samoa News Correspondent

The LBJ Medical Center estimates an over budget for fiscal year 2007 due to the increase in off-island medical referral program expenses, according to the hospital's third quarter report submitted to the Fono last month.

The report, provided by chief financial officer and acting chief executive officer Patricia Tindall, was sent to the Fono, Governor Togiola and LBJ board chairman Charles Warren.

According to the report, LBJ met with the governor in April to discuss closing the program, which is estimated to be over budget for the year by over $2 million but "the governor asked to keep the program open, and will ask for a special Fono appropriation to cover the over budget for off island expenditure."

Responding to Samoa News inquiries, Tindall said LBJ "requested an approximate appropriation of $3,000,000 to keep the program open for the remainder of the fiscal year."

She said the $2 million budget for the program is completely spent.

"At that time we are also committed to look for more cost effective alternatives, and ways to lessen the financial burden of this program," she explained. "We have been very carefully screening the applicants for the program, and have looked for the best, and most cost effective ways to provide the care needed."

To date, LBJ has sent 104 patients off island for care and this does not include Shriner's patients that LBJ facilitate to Hawaii, said Tindall, adding that LBJ has sent Medicare eligible patients to Hawaii, and the bulk of the patients to New Zealand.

LBJ have had to use its Hawaii third-party administrator only 12 times this year, she added.

EXHIBIT A

Tindall said LBJ currently has 10 patients in New Zealand receiving treatments and an additional 12 patients approved to go to New Zealand, and three approved to go to Hawaii.

"We estimate an additional $1.655 million is necessary to pay for treatments for these patients currently in New Zealand, as well as the approved patients we have currently on the list," she said. "Given the current rate of spending, we can extrapolate another $1.04 million in spending for the last quarter of the fiscal year. This is a total of $2.69 million – we originally asked for an appropriation of approximately $3 million."

Tindall also revealed that LBJ had two air ambulance cases (for the current fiscal year), one had to be referred to New Zealand because LBJ did not find any hospital/specialist willing to take the patient in Hawaii.

"We often have problems finding hospital space, or specialists willing to take our patients. New Zealand is much more flexible," she explained. "This particular patient had to have oxygen, and the small planes that fly to Apia (where the patients transfer to New Zealand) do not have the capacity for oxygen or a stretcher case. In this case, the only option was to air ambulance to New Zealand."

She said the second patient was ready to go to Hawaii, however, Hawaiian Airlines could not accept the medical emergency as they were already overbooked.

"Our off island coordinator did a great job of finding a referral hospital and specialist in New Zealand and the patient was on the way to New Zealand the same day (Sunday)," she said.

Tindall said the New Zealand and LBJ third party administrator there are more flexible and seem to better accommodate an emergency. She noted that our New Zealand patients are all very pleased with the New Zealand service and medical outcomes.

"Our off-island patients are often very complicated, with multiple co-morbidities," Tindall said. "Many Samoans wait till the very last minute to seek medical attention, and therefore we have to look for multiple specialists, and a hospital to accommodate these complex patients."

1  She said in order to alleviate the need for the off island referrals, LBJ has
2  recently signed another nephrologist (Dr. Chekuri) and cardiologist on a
3  rotating contract.
4
5  "We are hopeful that LBJ programs run in conjunction with these two
6  specialists will diagnose disease earlier, and give patients more
7  information, preventative prescriptions, and a chance for medical
8  maintenance programs that keep true emergent care at bay," she said.
9
10 She added that both of these specialists have suggested equipment LBJ
11 can use here for better diagnostic tools "and we will focus on training our
12 clinical staff to enable them to do these tests year round, and use the
13 specialists as consultants."
14
15 Dr. Chekuri visited patients at LBJ from Aug. 6-11. Tindall said Dr.
16 Chekuri consulted on quite a few patients, only one of which had to be
17 referred to the off island program.
18
19 Reach the reporter at fili@samoanews.com.
20

CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly served this date via U.S. Mail, First-Class, Postage Prepaid addressed to the following:

DIRK KEMPTHORNE
Secretary of Interior
United States Department of Interior
1849 C Street, N.W.
Washington, D.C. 20240

TOGIOLA T. TULAFONO
Governor of American Samoa
3rd Floor, Executive Office Building, Utulei
Pago Pago, American Samoa 96799

FEPULEA`I AFA RIPLEY, JR.
Attorney General
Office of the Attorney General
American Samoa Government
Post Office Box 7
Pago Pago, American Samoa 96799

MARK R. HALES
Assistant Attorney General
Office of the Attorney General
American Samoa Government
Post Office Box 7
Pago Pago, American Samoa 96799

SOTOA M. SAVALI
Director of Department of Public Safety
American Samoa Government
Pago Pago, American Samoa 96799

FUEGA SAITE MOLIGA
Warden of Territorial Correctional Facility
American Samoa Government
Pago Pago, American Samoa  96799

LBJ TROPICAL MEDICAL CENTER
An American Samoa Medical Center Authority
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa  96799

CHARLES WARREN,
Chairman of the LBJ Tropical Medical Center
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa  96799

PATRICIA TINDALL
Acting CEO of the LBJ Tropical Medical Center
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa  96799

ANNIE FUAVAI, M.D.
Chairperson of the LBJ Tropical Medical Center Off Island Referral Committee
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa  96799

TERRY LOVELACE
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa  96799

DATED:  Honolulu, Hawaii, August 20, 2007

/s/ Eric A. Seitz
ERIC A. SEITZ
D.C. Bar No. 363830
820 Mililani Street, Suite 714
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:   (808) 545-3608
E-mail: eseitzatty@yahoo.com

Attorney for Petitioner

3