UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RICHARD MAJHOR,                     )
                                    )
       Petitioner,                 )
                                    )
v.                                  )   Civil Action No. 07-1465 (RBW)
                                    )
RICHARD KEMPTHORNE, et al.,         )
                                    )
       Respondents.                )
                                    )
_____)

**ORDER**

The petitioner, a United States citizen currently incarcerated at the Tafuna Correctional Facility in Pago Pago, American Samoa, brought this action on August 13, 2007, against the Governor of American Samoa, the Attorney General of American Samoa, and various other individuals, including Richard Kempthorne, Secretary of the United States Department of the Interior ("the defendants"),[1] seeking damages, declaratory and injunctive relief, and a writ of habeas corpus in connection with the defendants' alleged denial of necessary medical care and treatment to the petitioner.[2]  Complaint ("Compl.") ¶¶ 1-23; see id. ¶¶ 2-5 (alleging violations of 42 U.S.C. § 1983 (2000), the Eighth Amendment of the United States Constitution, and "the

---

[1] Other than Secretary Kempthorne, who is apparently named in this action because he "is vested with and exercises administrative, regulatory[,] and fiscal authority for the administration of the United States Territory of American Samoa," Complaint ("Compl.") ¶ 7, all other defendants are residents of American Samoa and, insofar as can be determined, officers of the American Samoa government, id. ¶¶ 8-18.  In addition, the petitioner's attorney resides in Honolulu, Hawaii.  Id. at 1.

[2] The petitioner is currently serving a term of life imprisonment, having been convicted under American Samoa law of murder in the first degree, felonious restraint, tampering with physical evidence, and property damage in the first degree.  Id. ¶¶ 20-21.

rules, regulations, policies, and practices of the United States Department of the Interior[] and the laws of the Government of American Samoa"). Along with his petition, the petitioner has filed a motion for a temporary restraining order and a motion for a preliminary injunction, in which he moves the Court for the issuance of an order "enjoining the [r]espondents . . . from continuing to incarcerate [him] in American Samoa without providing appropriate and timely medical care and treatment." Proposed Order Granting Motion for Temporary Restraining Order at 1; see Petitioner's Motion for a Temporary Restraining Order ("Mot. for TRO"); Petitioner's Motion for Preliminary Injunction ("Mot. for P.I.").

The petitioner contends that on February 22, 2007, and July 12, 2007, he fell unconscious and had to be treated at the LBJ Tropical Medical Center, which "is the only medical facility at which [the] [p]etitioner can receive medical care and treatment in American Samoa." Compl. ¶ 13; see id. ¶¶ 24, 34. The petitioner further contends that he has been diagnosed with a medical condition which requires "neurological and cardiac evaluations that are not capable of being performed . . . in American Samoa." Id. ¶ 27; see id. ¶¶ 26-30. Finally, the petitioner contends that on July 13, 2007, the High Court of American Samoa

> issued a written order acknowledging that the American Samoa Government 'is obligated to provide [the] [p]etitioner with proper medical care' and directing that the Attorney General [of American Samoa] 'oversee a complete and thorough investigation into [the] [p]etitioner's present medical condition and needs for medical attention and treatment in order to properly determine whether or not the American Samoa[] Government must arrange to provide [the] [p]etitioner with necessary medical care outside of the Territory of American Samoa.'

Id. ¶ 35 (internal bracketing and ellipsis omitted). In that July 13, 2007 Order, the High Court also mandated that the Attorney General of American Samoa

>   shall immediately apprise the [American Samoa] Governor of the present situation and the [High] Court's order. . . . [and] shall submit to the Governor, Commissioner of Public Safety, Warden of the Correctional Facility, and th[e] [High] Court a written report of the investigation results, which shall include his recommendations on the proper course of action to resolve this matter.

Mot. for P.I., Exhibit ("Ex.") C (July 13, 2007 Order) at 2-3.

On August 20, 2007, this Court issued an order ("Order") directing the petitioner to explain, inter alia, "why the July 13, 2007 Order issued by the High Court of American Samoa is not sufficient for the petitioner's purposes and, indeed, why it would not be premature, in light of that Order—and in the absence of any representation from the petitioner that he has sought and failed to have the Order of the High Court enforced—for this Court to exercise its jurisdiction, if it has such jurisdiction, to provide the relief that the petitioner seeks." Order at 3; see also id. (stating that "the petitioner shall recount the steps he has taken, with American Samoa prison and hospital officials, the American Samoa government, the Department of the Interior, and the High Court itself, to enforce the judgment of the July 13, 2007 Order").

In response, the petitioner, through his attorney, represents that despite the High Court's Order, "no action has been taken to further evaluate [him] to determine whether he is in need of procedures and/or care that cannot be provided to him in American Samoa."[3] Affidavit of Eric A. Seitz in Response to Order Filed August 20, 2007 ("Response") ¶ 6. He further represents that he

>   [has] not made any additional effort to enforce the July 13th order of the High Court of American Samoa because at the time that order was issued[,] Justice Richmond

---

[3] In addition, in an affidavit filed on August 21, 2007, the petitioner's attorney represents that the petitioner informed him in a telephone conversation "that on Monday evening, August 20, 2007, he was taken by corrections officers to LBJ Tropical Medical Center because of complaints of severe head pains." August 21, 2007 Affidavit of Eric A. Seitz ¶ 3.

>expressed some doubt as to the extent of his jurisdiction since the criminal case was then and still is on appeal, and Justice Richmond stated orally at the hearing on July 12th <u>that it would be necessary to file a habeas corpus petition in the High Court of American Samoa to obtain further relief regarding [the petitioner's] medical situation.</u>

Id. ¶ 12 (emphasis added). The petitioner also states, in conclusory fashion, that he "[has] concluded that the High Court of American Samoa cannot effectively vindicate or protect [his] federal constitutional rights and/or order the Secretary of the Interior or the Government of American Samoa to [provide him with the relief that he seeks]." Id. ¶ 13.

It is well-settled that "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). Under 28 U.S.C. § 2254, a federal petition for habeas relief "on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State; . . . there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b) (2000). Moreover, "principles of comity" direct that this exhaustion requirement apply in equal measure to individuals held in custody pursuant to the judgment of territorial courts. Callwood v. Enos, 230 F.3d 627, 634 (3rd Cir. 2000) (requiring petitioner to exhaust his remedies in the Territorial Court of the Virgin Islands before proceeding in federal court); see also Pador v. Matanane, 653 F.2d 1277, 1279 (9th Cir. 1981) (stating that "[a]lthough Guam is a territory rather than a state . . . it remains true, as it is in the case of states, that ordinarily it is better to require the exhaustion of local remedies before entertaining and issuing the writ of

habeas corpus"). Although the exhaustion requirement for federal habeas petitions has never, as far as this Court can discern, been resolved specifically with regard to American Samoa, and although the American Samoa judicial system is unique in certain respects even among United States territories, see Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints v. Hodel, 830 F.2d 374, 385 (D.C. Cir. 1987) (stating that "of all the territories, only in American Samoa are litigants denied both trial and direct review in an independent Article I or Article III court") (internal quotation marks, citation, and bracketing omitted), the petitioner admits that he has not exhausted his available remedies for habeas relief before the High Court of American Samoa, see Response ¶¶ 12-13, and he has not provided any concrete reason why that process is inadequate or otherwise "ineffective to protect [his] rights," 28 U.S.C. § 2254(b)(1)(B)(ii); cf. King v. Andrus, 452 F. Supp. 11, 16 (D.D.C. 1978) (stating that the American Samoa Constitution "has all the procedural protections of our own Constitution for criminal defendants except the grand and petit jury requirements[,] . . . [including] the time honored writ of habeas corpus"), nor has he demonstrated any material distinction between habeas petitioners incarcerated in American Samoa and habeas petitioners elsewhere. As the Ninth Circuit has stated, "the requirement of exhaustion of remedies exists to avoid an adjudication of territorial criminal convictions by federal authorities, wherever possible, to the end that comity may be furthered and potential conflict avoided." Aldan v. Salas, 718 F.2d 889, 891 (9th Cir. 1983) (citation omitted). Thus, the petitioner's petition for a writ of habeas corpus must be dismissed without prejudice for failure to exhaust his territorial remedies. In addition, to the extent that the petitioner's motion for a temporary restraining order and motion for preliminary injunction seek relief inextricably associated with his petition for a writ of habeas

corpus, they must likewise, and for the same reason, be denied without prejudice. See Mot. for TRO at 2 (moving the Court for issuance of an order "immediately restraining and enjoining the . . . [r]espondents . . . from continuing to incarcerate [the] [p]etitioner"); see also Compl. ¶¶ 1 (seeking a writ of habeas corpus "to determine the legality of [the petitioner's] continuing incarceration"), 2 (seeking declaratory and injunctive relief to "enjoin[] [the] [r]espondents . . . from continuing to incarcerate [the] [p]etitioner"); cf. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (reiterating "the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody") (emphases omitted).[4] Accordingly, it is hereby

**ORDERED** that because the petitioner has not exhausted his available territorial remedies nor demonstrated concretely why those remedies are not adequate to afford him the relief that he seeks, this action is DISMISSED without prejudice. The petitioner may refile this action as appropriate in accordance with the terms of this Order.

---

[4] Here, the plaintiff's requests for damages and declaratory and injunctive relief clearly seek "a judicial determination that necessarily implies the unlawfulness of [his] custody" by the American Samoa authorities. Wilkinson, 544 U.S. at 81; see Compl. at 13-14 (asking the Court to "determine the legality of [the] [p]etitioner's incarceration" and to "order that [the] [p]etitioner be released forthwith or otherwise immediately be provided necessary and appropriate medical care and treatment"); see also id. at 14 (seeking injunctive relief "restraining [the] [r]espondents . . from continuing to incarcerate [the] [p]etitioner"). Thus, because the relief the petitioner seeks "includes ordering a quantum change in the level of custody," Wilkinson, 544 U.S. at 86 (Scalia, J., concurring) (internal quotation marks and citation omitted)—that is, the petitioner's release from incarceration or his transfer to "a state correctional facility in Hawaii [or elsewhere off the island of American Samoa] while he receives the medical procedures and treatment he requires," Response ¶ 7—habeas corpus is his exclusive remedy, notwithstanding his other claims for damages and declaratory and injunctive relief. See Rooney v. Sec'y of Army, 405 F.3d 1029, 1031-32 (D.C. Cir. 2005) (holding that a petitioner may not "avoid the requirement that he proceed by habeas corpus by adding a request for relief that may not be made in a petition for habeas corpus") (internal quotation marks and citation omitted).

**SO ORDERED** this 24th day of August, 2007.

                                                  REGGIE B. WALTON
                                                  United States District Judge