IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR,<br>Address:<br>    Tafuna Corr. Facility<br>    P.O. Box 1011<br>    Pago Pago, Am. Samoa  96799<br><br>              Petitioner,<br><br>    vs.<br><br>DIRK KEMPTHORNE, Secretary of the United States Department of Interior; TOGIOLA T. TULAFONO, Governor of American Samoa; FEPULEA`I AFA RIPLEY, JR., Attorney General; MARK R. HALES, Assistant Attorney General; SOTOA M. SAVALI, Director of Department of Public Safety; FUEGA SAITE MOLIGA, Warden of Territorial Correctional Facility;  LBJ TROPICAL MEDICAL CENTER, An American Samoa Medical Center Authority;  CHARLES WARREN, Chairman of the LBJ Tropical Medical Center; PATRICIA TINDALL, Acting CEO of the LBJ Tropical Medical Center; ANNIE FUAVAI, M.D., Chairperson of the LBJ Tropical Medical Center Off Island Referral Committee; TERRY LOVELACE, General Counsel of LBJ Tropical Medical Center; and JOHN DOES 1-50,<br><br>              Respondents. | Civil Action  No. 07-1465 (RBW)<br><br>PETITIONER'S MOTION TO RECONSIDER ORDER FILED AUGUST 24, 2007 DISMISSING PETITION WITHOUT PREJUDICE; AFFIDAVIT OF ERIC A. SEITZ; MEMORANDUM OF LAW; CERTIFICATE OF SERVICE |

PETITIONER'S MOTION TO RECONSIDER ORDER FILED
AUGUST 24, 2007 DENYING PETITION WITHOUT PREJUDICE

Petitioner Richard Majhor, by and through his undersigned attorneys, hereby moves the Court for reconsideration of the Order filed herein on August 24, 2007, dismissing the Petition without prejudice. This motion is brought pursuant to Rule 7, Federal Rules of Civil Procedure, <u>inter</u> <u>alia</u>, and is based upon the attached affidavit and memorandum of law and the records and files herein.

DATED:  Honolulu, Hawaii, August 26, 2007.

/s/ Eric A. Seitz
ERIC A. SEITZ
D.C.Bar No. 363830
820 Mililani Street, Suite 714
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:   (808) 545-3608
E-mail:  eseitzatty@yahoo.com

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR,<br>Address:<br>   Tafuna Corr. Facility<br>   P.O. Box 1011<br>   Pago Pago, Am. Samoa  96799<br><br>            Petitioner,<br><br>vs.<br><br>DIRK KEMPTHORNE, Secretary of the United States Department of Interior et al,<br><br>            Respondents. | ) Civil Action  No. 07-1465 (RBW)<br>)<br>)<br>) AFFIDAVIT OF ERIC A. SEITZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

AFFIDAVIT OF ERIC A. SEITZ

| | |
|---|---|
| STATE OF HAWAII | ) |
|  | ) SS. |
| CITY AND COUNTY OF HONOLULU | ) |

ERIC A. SEITZ, being first duly sworn on oath, deposes and says:

(1)   I am the principal attorney for Petitioner Richard Majhor in the above referenced matter.

(2)   I also have been permitted to appear pro hac vice as Mr. Majhor's attorney in the related criminal proceedings in the High Court of American Samoa.

(3)     In order to appear <u>pro</u> <u>hac</u> <u>vice</u> I was required to retain local counsel who was admitted and a member in good standing of the bar of American Samoa.

(4)     The High Court of American Samoa consists of two justices who are appointed by the Secretary of the Interior and serve at his or her pleasure. The Chief Justice is Michael Kruse who also is the uncle of a key prosecution witness in Mr. Majhor's murder trial who was granted full immunity in return for his testimony against Mr. Majhor.

(5)     Although the criminal trial of Mr. Majhor was assigned to and presided over by Justice Lyle Richmond, Chief Justice Kruse repeatedly rejected informal and formal motions to recuse himself and continued to serve and to rule on motions and other matters pertaining to Mr. Majhor up to and until July 10, 2007, which was the date of the oral argument upon the direct appeal of Mr. Majhor's criminal conviction.

(6)     Accordingly, if we were to file a writ of habeas corpus in Mr. Majhor's behalf in the High Court of American Samoa, as the Court suggested in its August 24, 2007 Order, the writ would be adjudicated in an Article I court supervised, appointed, and funded by Respondent Secretary of the Interior and presided over by the uncle of a key prosecution witness who testified against Mr. Majhor in his criminal trial.

(7) Moreover, at the present time, and in the foreseeable future, I am informed and believe that I would not be permitted to initiate any additional litigation in the High Court because I currently do not have and am unable to find an attorney to serve as local counsel for Mr. Majhor in American Samoa.

(8) When I was retained in 2005 to represent Mr. Majhor he was then represented by Deputy Public Defender Andrew Stave who was the third or fourth attorney appointed to represent Mr. Majhor since his arrest in March, 2003. Mr. Stave has since entered private practice and has moved to withdraw as counsel for Mr. Majhor.

(9) Because of the relatively small number of lawyers who are admitted to practice in American Samoa the related criminal proceedings have been infested with actual and potential conflicts of interest from their inception including the multiple representation of antagonistic co-defendants by past and current members of a small (four attorney) public defender office and the initial representation of Mr. Majhor by the lawyer who serves as the incumbent Attorney General of American Samoa, Fepulea'I Afa Ripley, Jr.

(10) Additionally, I am informed and believe that Respondent Terry Lovelace, who currently serves as the general counsel of LBJ Tropical Medical Center and is now making decisions concerning the medical treatment and care

provided to Mr. Majhor, previously was a deputy attorney general who participated in the criminal prosecution of Mr. Majhor.

(11) Because of the small bar in American Samoa, the significant number of lawyers who already have represented co-defendants, witnesses, or others in connection with the criminal proceedings, and the notoriety of this matter I have been unable to find any lawyer who is able and willing to serve as local counsel for Mr. Majhor to replace Mr. Stave.

(12) I therefore am informed and believe that for all of the reasons set forth above and in our pleadings in this case it would be unjust to require Mr. Majhor to first assert and litigate his claims for urgent medical care in American Samoa where there is little likelihood that he will receive any fair and impartial consideration of his significant federal claims.

(13) Finally, it is inaccurate, as the Court states in its most recent Order, that Mr. Majhor has lost consciousness and fallen on only two occasions over the past six months; in fact, there have been many such episodes, and Mr. Majhor currently is being denied all medical care, not only the procedures that had been recommended for him by Dr. Saleapaga several months ago.

/

/

/

/s/ Eric A. Seitz
ERIC A. SEITZ

Subscribed and sworn to before me this 26th day of August, 2007.

/s/ Juli T. Seitz
Notary Public, State of Hawaii
My commission expires: Jan. 4, 2008

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR,<br>Address:<br>   Tafuna Corr. Facility<br>   P.O. Box 1011<br>   Pago Pago, Am. Samoa  96799<br><br>          Petitioner,<br><br>vs.<br><br>DIRK KEMPTHORNE, Secretary of the<br>United States Department of Interior et al,<br><br>          Respondents. | Civil Action No. 07-1465 (RBW)<br><br>MEMORANDUM OF LAW |

MEMORANDUM OF LAW

Petitioner Richard Majhor is incarcerated in the Tafuna Correctional Facility while he appeals from his conviction in the High Court of American Samoa.  The appeal of his criminal conviction was argued and taken under submission on July 10, 2007.  Unlike the cases cited by the Court in its most recent Order, the Petitioner here is not challenging any aspect of the underlying criminal proceedings or the appellate process that currently is under way.  Instead, Mr. Majhor raises urgent claims about the conditions of his confinement insofar as the Government of American Samoa is unable and unwilling to provide treatment and care for his serious and potentially life threatening medical conditions.

In Baldwin v. Reese, 541 U.S. 27 (2004), the Supreme Court held that an inmate who petitions for habeas corpus on the ground that he was denied ineffective assistance in his criminal case must first present his claims to the state courts in which he was convicted. Similarly, in Callwood v. Enos, 230 F.3d 627 (3rd Cir. 2000), a petitioner convicted in the Territorial Court of the Virgin Islands was precluded from seeking federal habeas corpus to review the legality of the sentence he had received without first presenting his claims in the Territorial Courts. And in Pador v. Matanane, 653 F.2d 1277 (9th Cir. 1981), the defendant in a murder case was precluded from pursuing a federal habeas corpus petition without first presenting his issues about the effectiveness of his criminal defense counsel in the Guam Territorial Courts. In all of those cases the respective petitioners were challenging the legality of their criminal convictions, not the conditions of their confinement or, specifically, the lack of necessary and timely medical care.

In the instant case Mr. Majhor has prayed for alternative forms of relief to obtain the medical care he so urgently requires. The Court has not cited to any authorities – and we believe there are none – that would support the dismissal of Mr. Majhor's claims for injunctive and declaratory relief to vindicate his Eighth Amendment claims because he has failed to exhaust potential state court remedies.

Unlike <u>Corporation of Presiding Bishop of Jesus Christ of Latter day Saints v. Hodel</u>, 830 F.2d 374 (D.C.Cir. 1987), in this case the Secretary of the Interior is an essential party who has a direct interest in the outcome of the case, and there are substantial other reasons why the High Court of American Samoa cannot and should not be relied upon to provide timely, fair, and sufficient relief to Mr. Majhor. Because neither LBJ Tropical Medical Center nor the Government of American Samoa has independent sources of funds to pay for the "off island" medical care that Mr. Majhor requires, it is the Secretary of the Interior who will have to provide the necessary funding to transfer Mr. Major to another location and pay for his transportation and medical expenses. That is not likely to occur without the entry of an enforceable order from a court of competent jurisdiction.

Secondly, it is unreasonable to expect that the High Court of American Samoa, presided over by the uncle of an alleged co-conspirator who was granted immunity to testify against Mr. Majhor, is likely to sympathize with Mr. Majhor's current plight, let alone to apermit his designated counsel to advocate for Mr. Majhor in American Samoa without the services of local counsel. The criminal proceedings involving Mr. Majhor were notorious, at best. See <u>Majhor v. Norton</u>, Civil No. 05-2192 (D.D.C. 2005). Currently several governmental agencies are engaged in collective efforts to deny Mr. Majhor any medical care in American Samoa, let alone the procedures and evaluations he requires "off island."

Without overstating the urgency of the situation, it is submitted that this Court's refusal to hear Mr. Mahjor's petition and/or to consider any of the alternative forms of relief he seeks may ultimately have life threatening consequences.

DATED: Honolulu, Hawaii, August 26, 2007.

/s/ Eric A. Seitz
ERIC A. SEITZ
D.C. Bar No. 363830
820 Mililani Street, Suite 714
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:   (808) 545-3608
E-mail:  eseitzatty@yahoo.com

Attorney for Petitioner

CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly served this date via U.S. Mail, First-Class, Postage Prepaid addressed to the following:

DIRK KEMPTHORNE
Secretary of Interior
United States Department of Interior
1849 C Street, N.W.
Washington, D.C. 20240

TOGIOLA T. TULAFONO
Governor of American Samoa
3rd Floor, Executive Office Building, Utulei
Pago Pago, American Samoa  96799

FEPULEA`I AFA RIPLEY, JR.
Attorney General
Office of the Attorney General
American Samoa Government
Post Office Box 7
Pago Pago, American Samoa  96799

MARK R. HALES
Assistant Attorney General
Office of the Attorney General
American Samoa Government
Post Office Box 7
Pago Pago, American Samoa  96799

SOTOA M. SAVALI
Director of Department of Public Safety
American Samoa Government
Pago Pago, American Samoa  96799

FUEGA SAITE MOLIGA
Warden of Territorial Correctional Facility
American Samoa Government
Pago Pago, American Samoa 96799

LBJ TROPICAL MEDICAL CENTER
C/O Terry Lovelace, Esq.
An American Samoa Medical Center Authority
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

CHARLES WARREN,
Chairman of the LBJ Tropical Medical Center
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

PATRICIA TINDALL
Acting CEO of the LBJ Tropical Medical Center
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

ANNIE FUAVAI, M.D.
Chairperson of the LBJ Tropical Medical Center Off
Island Referral Committee
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

TERRY LOVELACE
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

3

DATED: Honolulu, Hawaii, August 26, 2007

/s/ Eric A. Seitz
ERIC A. SEITZ
D.C. Bar No. 363830
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813
Telephone: (808) 533-7434
Facsimile: (808) 545-3608
E-mail: eseitzatty@yahoo.com

Attorney for Petitioner