UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
RICHARD MAJHOR,                        )
                                       )
          Petitioner,                  )
                                       )
     v.                                )     Civil Action No. 07-1465 (RBW)
                                       )
RICHARD KEMPTHORNE, et al.,            )
                                       )
          Respondents.                 )
                                       )
_____)

**ORDER ON MOTION FOR RECONSIDERATION**

The petitioner, a United States citizen currently incarcerated at the Tafuna Correctional Facility in Pago Pago, American Samoa, brought this action on August 13, 2007, against the Governor of American Samoa, the Attorney General of American Samoa, and various other individuals, including Richard Kempthorne, Secretary of the United States Department of the Interior ("the defendants"),[1] seeking damages, declaratory and injunctive relief, and a writ of habeas corpus in connection with the defendants' alleged denial of necessary medical care and treatment to the petitioner.[2] Complaint ("Compl.") ¶¶ 1-23; see id. ¶¶ 2-5 (alleging violations of 42 U.S.C. § 1983 (2000) ("Section 1983"), the Eighth Amendment of the United States

---

[1] Other than Secretary Kempthorne, who is named in this action because he "is vested with and exercises administrative, regulatory[,] and fiscal authority for the administration of the United States Territory of American Samoa," Complaint ("Compl.") ¶ 7, all other defendants are residents of American Samoa and, insofar as can be determined, officers of the American Samoa government, id. ¶¶ 8-18. In addition, the petitioner's attorney resides in Honolulu, Hawaii. Id. at 1.

[2] The petitioner is currently serving a term of life imprisonment, having been convicted under American Samoa law of murder in the first degree, felonious restraint, tampering with physical evidence, and property damage in the first degree. Id. ¶¶ 20-21.

Constitution, and "the rules, regulations, policies, and practices of the United States Department of the Interior[] and the laws of the Government of American Samoa"). Along with his petition, the petitioner filed a motion for a temporary restraining order and a motion for a preliminary injunction, in which he moved the Court for the issuance of an order "enjoining the [r]espondents . . . from continuing to incarcerate [him] in American Samoa without providing appropriate and timely medical care and treatment." Proposed Order Granting Motion for Temporary Restraining Order at 1; see Petitioner's Motion for a Temporary Restraining Order ("Mot. for TRO"); Petitioner's Motion for Preliminary Injunction ("Mot. for P.I.").

On August 24, 2007, the Court issued an Order dismissing without prejudice the petitioner's petition for a writ of habeas corpus, stating that "the petitioner has not exhausted his available territorial remedies nor demonstrated concretely why those remedies are not adequate to afford him the relief that he seeks." Order at 6. The Court also dismissed without prejudice the petitioner's requests for damages and declaratory and injunctive relief, concluding that by seeking these remedies—and, specifically, by asking that the Court first "determine the legality of [the] [p]etitioner's incarceration and . . . enter judgment declaring that [the] [r]espondents have violated [his constitutional rights] by withholding proper medical care," Compl. at 13, and then, if such a determination is made, enjoin the respondents "from continuing to incarcerate [him]," id. at 14—the petitioner "clearly [sought] 'a judicial determination that necessarily implies the unlawfulness of his custody' by the American Samoa authorities," making habeas corpus the exclusive remedy for his claims. Order at 6 n. 4 (quoting Wilkinson v. Dotson, 544 U.S. 74, 81 (2005)) (bracketing omitted).

Currently before the Court is the petitioner's motion for reconsideration ("Motion"). In the affidavit and memorandum of law that accompany this motion, the petitioner argues that both his petition for a writ of habeas corpus and his complaint for damages and declaratory and injunctive relief should be reinstated. See Memorandum of Law ("Pl.'s Mem.") at 2-4; August 26, 2007 Affidavit of Eric A. Seitz ¶ 12 (contending that "it would be unjust to require [the petitioner] to first assert and litigate his claims for urgent medical care in American Samoa[,] where there is little likelihood that he will receive any fair and impartial consideration of his significant federal claims"). In brief, the plaintiff alleges that "[c]urrently several [American Samoa] governmental agencies," apparently including the Chief Justice of the High Court of American Samoa, "are engaged in collective efforts to deny [him] any medical care in American Samoa, let alone the procedures and evaluations he requires 'off island,'" Pl.'s Mem. at 3; see also id. at 1 (claiming that the petitioner "raises urgent claims about the conditions of his confinement insofar as the Government of American Samoa is unable and unwilling to provide treatment and care for his serious and potentially life threatening medical conditions"), and consequently that only the entry of an enforceable order by this Court directed at the Secretary of the Interior can provide the petitioner with "timely, fair, and sufficient relief," id. at 3 (also stating that "it is the Secretary of the Interior who will have to provide the necessary funding to transfer [the petitioner] to another location and pay for his transportation and medical expenses"); see Corporation of Presiding Bishop of Jesus Christ of Latter-Day Saints v. Hodel, 830 F.2d 374, 376 (D.C. Cir. 1987) (stating that plenary authority over the administration of American Samoa has been delegated by executive order to the Secretary of the Interior).

The additional facts adduced by the petitioner in connection with his motion for reconsideration have not altered this Court's conclusion that the petitioner must exhaust his available remedies before the High Court for American Samoa before turning to the federal courts for habeas relief.  See Order at 4-5.  The petitioner has not represented that he has even attempted to challenge the lawfulness of his custody through the applicable territorial habeas proceedings, despite an apparently explicit invitation by Justice Richmond of the High Court to seek territorial habeas relief in order to vindicate his asserted rights, see id. at 3-4 (quoting the petitioner's attorney as relating that "Justice Richmond stated orally at the [July 12, 2007 hearing] . . . that it would be necessary to file a habeas corpus petition in the High Court of American Samoa to obtain further relief regarding [the petitioner's] medical situation"), and the Court cannot disregard well-settled principles of comity solely on the basis of the petitioner's rank speculation as to what might happen if he were to attempt to pursue a habeas petition before a territorial court that has not only invited him to do so, but has entered an Order (which the petitioner has also not attempted to enforce) expressly granting him the medical relief that he seeks, see Compl. ¶ 35.  Accordingly, because the petitioner has still not exhausted his available territorial remedies nor demonstrated why those remedies are not adequate to afford him the habeas relief that he seeks, his motion for reconsideration of the dismissal without prejudice of his petition for a writ of habeas corpus must be denied.

      The petitioner also argues that "[t]he Court has not cited to any authorities . . . that would support the dismissal of [his] claims for injunctive and declaratory relief . . . because he has failed to exhaust potential state court remedies."  Pl.'s Mem. at 2.  The petitioner is mistaken.  As this Court observed in its Order, the Supreme Court has clearly held that habeas corpus is a

prisoner's exclusive remedy, thus precluding any parallel actions for declaratory or injunctive relief under Section 1983 or any other state or federal statute, when the prisoner seeks "a judicial determination that necessarily implies the unlawfulness of [his] custody." Order at 6 (quoting Wilkinson, 544 U.S. at 81) (internal quotation marks omitted). Because the petitioner persistently framed his claims for declaratory and injunctive relief in terms of his release from confinement by American Samoa authorities, see Compl. 13-14 (requesting that the Court "determine the legality of [his] incarceration" and enjoin the respondents "from continuing to incarcerate [him]"), the Court concluded in its Order that these claims "[sought] relief inextricably associated with his [habeas] petition," Order at 5, and accordingly dismissed them without prejudice. As the District of Columbia Circuit has held, a petitioner may not "avoid the requirement that he proceed by habeas corpus by adding a request for relief that may not be made in a petition for habeas corpus." Rooney v. Sec'y of Army, 405 F.3d 1029, 1031-32 (D.C. Cir. 2005) (internal quotation marks and citation omitted). Thus, to the extent that the petitioner's non-habeas claims seek relief that may only be made through a habeas petition, habeas corpus is the petitioner's exclusive remedy, and the other claims must properly be dismissed. See Wilkinson, 544 U.S. at 81. However, if the petitioner's other claims seek only relief that does not "necessarily impl[y] the unlawfulness of [his] custody," id.—for example, timely access to necessary and appropriate medical care while the petitioner remains incarcerated at his current level of detention, whether in American Samoa or elsewhere, and an order directing the Secretary of the Interior to provide funds so that this medical care may be made available[3]—then the

---

[3] At this stage of the proceedings, the Court is relying exclusively on the petitioner's attorney's representations, which the respondents have not yet had the opportunity to contest, that (1) the State of Hawaii has
(continued...)

5

petitioner may bring those claims in a federal forum without first exhausting all available state or territorial remedies. See 42 U.S.C. § 1983 (stating, inter alia, that persons acting under color of territorial law who deprive United States citizens of their constitutional rights "shall be liable in an action at law, suit in equity, or other proper proceeding for redress"). Accordingly, the Court will reinstate the petitioner's non-habeas claims, but only to the extent that, through those claims, the petitioner seeks relief that is not contingent upon, and does not otherwise entail, his being released from incarceration.

Having thus reinstated the petitioner's non-habeas claims, the Court will similarly grant the petitioner leave to file a renewed motion for preliminary injunction, so long as that motion does not seek, as the prior motion did, to enjoin the respondents from continuing to incarcerate the petitioner if he is not timely provided with necessary and appropriate medical care. See Mot. for P.I. at 1. However, because the petitioner has not clearly demonstrated through his attorney's affidavits and other exhibits "that immediate and irreparable injury, loss, or damage will result . . . before the adverse party or that party's attorney can be heard in opposition," Fed. R. Civ. P. 65(b), the Court will not grant the petitioner leave to file a renewed motion for a temporary restraining order.[4] Instead, the Court directs that the petitioner effect service of the summons,

---

[3](...continued)
correctional facilities able to provide the medical procedures and treatment that he requires, August 20, 2007 Affidavit of Eric A. Seitz ¶¶ 7-8; (2) "Hawaii state corrections officials [are willing] . . . to house [the petitioner] contingent upon the necessary payment of expenses associated with the transfer and care that would be provided in Hawaii," id. ¶ 8; and (3) defendant LBJ Tropical Medical Center, which "is the only medical facility at which [the] [p]etitioner can receive medical care and treatment in American Samoa," Compl. ¶ 13, "does not have the equipment or the expertise to provide the medical procedures [required by the petitioner] and lacks any funds to transfer [the petitioner] to an 'off island' medical facility for appropriate treatment," August 20, 2007 Affidavit of Eric A. Seitz ¶ 3.

[4] While the Court does not underestimate the seriousness of the petitioner's alleged medical condition, neither the petitioner's attorney's representations as to the petitioner's periodic episodes over the past six months nor
(continued...)

complaint, and renewed motion for preliminary injunction upon the respondents—and, in particular, upon the Secretary of the Interior—as expeditiously as possible. Once the respondents have been served with the petitioner's renewed motion for a preliminary injunction, they shall be afforded five business days to file their responses, see LCvR 65.1(c), and a hearing on the motion for a preliminary injunction shall be scheduled promptly thereafter, see LCvR 65.1(d). Accordingly, it is hereby

**ORDERED** that the petitioner's motion for reconsideration is GRANTED in part and DENIED in part. The petitioner's non-habeas claims are reinstated to the extent that, through those claims, he seeks relief that is not contingent upon, and does not otherwise entail, his being released from incarceration. It is further

**ORDERED** that the petitioner may file a renewed motion for a preliminary injunction, so long as that motion does not seek, as the prior motion did, to enjoin the respondents from continuing to incarcerate the petitioner if he is not timely provided with necessary and appropriate medical care. It is further

---

[4](...continued)
the petitioner's physician's June 13, 2007 letter diagnosing the petitioner with "insomnia[,] . . . recurrent syncopal episode[s,] . . . [and] [c]hronic neck pain syndrome with headaches and dizziness," Compl., Exhibit H (June 13, 2007 letter from Dr. Iotamo Saleapaga) ("Saleapaga Letter") at 1, demonstrate to this Court "that immediate and irreparable injury, loss, or damage will result" if temporary relief is not granted before the respondents have an opportunity to respond to the petitioner's request for a temporary restraining order, Fed. R. Civ. P. 65(b). In particular, the letter of the petitioner's physician (to which the Court is inclined to give the most weight regarding the urgency of the petitioner's medical needs) states that the petitioner has suffered from his condition for almost twenty years, Saleapaga Letter at 1, and does not represent that the petitioner's situation has so changed recently as to require immediate and urgent care without the respondents having had the chance to weigh in. Indeed, while the petitioner's physician states that the petitioner requires evaluation and treatment that can only be provided to him off the island of American Samoa, he does not couch this diagnosis in any terms of urgency whatsoever. Id. at 2 (stating only that "[t]his patient needs neurology evaluation to include EEG, MRI, and maybe Angiograthy. He also needs cardiology evaluation which may include Echocardiogram, Holter monitor, and maybe cardiac catheterization."). Accordingly, it is the Court's conclusion that the petitioner's motion for a temporary restraining order is not warranted by the factual record in this case.

**ORDERED** that the petitioner shall endeavor to effect service of the summons, complaint, and renewed motion for preliminary injunction upon the respondents as expeditiously as possible.  Once the respondents have been served with the petitioner's renewed motion for a preliminary injunction, they shall file their responses with the Court within five business days, and a hearing on the motion for a preliminary injunction shall be scheduled promptly thereafter.

**SO ORDERED** this 29th day of August, 2007.


                                        REGGIE B. WALTON
                                        United States District Judge