IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR,<br>Address:<br>    Tafuna Corr. Facility<br>    P.O. Box 1011<br>    Pago Pago, Am. Samoa  96799<br><br>                Plaintiff,<br><br>vs.<br><br>DIRK KEMPTHORNE, Secretary of  the United States Department of Interior; TOGIOLA T. TULAFONO, Governor of American Samoa; FEPULEA`I AFA RIPLEY, JR., Attorney General; MARK R. HALES, Assistant Attorney General; SOTOA M. SAVALI, Director of Department of Public Safety; FUEGA SAITE MOLIGA, Warden of Territorial Correctional Facility;  LBJ TROPICAL MEDICAL CENTER, An American Samoa Medical Center Authority;  CHARLES WARREN, Chairman of the LBJ Tropical Medical Center; PATRICIA TINDALL, Acting CEO of the LBJ Tropical Medical Center; ANNIE FUAVAI, M.D., Chairperson of the LBJ Tropical Medical Center Off Island Referral Committee; TERRY LOVELACE, General Counsel of LBJ Tropical Medical Center; and JOHN DOES 1-50,<br><br>                Defendants. | ) CIVIL NO.  07-1465 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) AMENDED VERIFIED<br>) COMPLAINT FOR INJUNCTION,<br>) DECLARATORY JUDGMENT<br>) AND DAMAGES;<br>) VERIFICATION OF<br>) ERIC A. SEITZ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED VERIFIED COMPLAINT FOR INJUNCTION, DECLARATORY JUDGMENT AND DAMAGES

Plaintiff RICHARD MAJHOR (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges as follows:

### INTRODUCTION

(1) Plaintiff seeks a declaratory judgment and a preliminary and permanent injunction enjoining Defendants DIRK KEMPTHORNE, TOGIOLA T. TULAFONO, FEPULEA`I AFA RIPLEY, JR., MARK R. HALES, SOTOA M. SAVALI, FUEGA SAITE MOLIGA, LBJ TROPICAL MEDICAL CENTER, CHARLES WARREN, PATRICIA TINDALL, ANNIE FUAVAI, M.D., TERRY LOVELACE, JOHN DOES 1-50 (hereinafter collectively referred to as "Defendants") and/or their representatives, employees, agents, and successors in office from failing and refusing to provide Plaintiff essential medical treatment and care in violation of the Eighth Amendment to the United States Constitution which prohibits cruel and unusual punishment.

(2) Plaintiff also seeks monetary damages to be proven at trial for the direct or proximately caused injuries due to Defendants' deliberate indifference and intentional, knowing, reckless, and/or negligent deprivation of medical care and treatment to Plaintiff to the degree of care or skill ordinarily exercised and comporting with the standards of care by others of their profession.

## JURISDICTION

(3)     This case arises under the Constitution and statutes of the United States, the rules, regulations, policies, and practices of the United States Department of the Interior, and the laws of the Government of American Samoa, inter alia.

(4)     This Court has jurisdiction herein pursuant to 28 U.S.C. Sections 1331, 1343, 1361, 2201, and 2202, inter alia.

## PARTIES

(5)     Plaintiff is a male Caucasian citizen of the United States who is and has been residing temporarily in the United States Territory of American Samoa at all times pertinent hereto.

(6)     Defendant DIRK KEMPTHORNE (hereinafter "Secretary") is and has been the Secretary of the United States Department of Interior and is vested with and exercises administrative, regulatory and fiscal authority for the administration of the United States Territory of American Samoa. Defendant Secretary is sued herein in his official and individual capacities.

(7)     Defendant TOGIOLA T. TULAFONO (hereinafter "Governor") is and has been the Governor of America Samoa. Defendant Governor is sued herein in his official and individual capacities.

(8) Defendant FEPUALEA`I AFA RIPLEY, JR. (hereinafter "Attorney General") is and has been the Attorney General of American Samoa. Defendant Attorney General is sued herein in his official and individual capacities.

(9) Defendant MARK R. HALES (hereinafter "Hales") is and has been an Assistant Attorney General of American Samoa. Defendant Hales is sued herein in his official and individual capacities.

(10) Defendant SOTOA M. SAVALI (hereinafter "Director") is and has been the Director of the Department of Public Safety of American Samoa. Defendant Director is sued herein in his official and individual capacities.

(11) Defendant FUEGA SAITE MOLIGA (hereinafter "Warden") is and has been the Warden of Territorial Correctional Facility of American Samoa. Defendant Warden is sued herein in his official and individual capacities.

(12) Defendant LBJ TROPICAL MEDICAL CENTER (hereinafter "LBJ Center") is an independent agency of the American Samoa Government and is the only medical facility at which Plaintiff can receive medical care and treatment in American Samoa.

(13) Defendant CHARLES WARREN is and has been the Chairman of the LBJ Center. Defendant Warren is sued herein in his official and individual capacities.

(14)   Defendant PATRICIA TINDALL is and has been acting Chief Executive Officer of the LBJ Center.  Defendant Tindall is sued herein in her official and individual capacities.

(15)   Defendant ANNIE FUAVAI, M.D. (hereinafter "Defendant Fuavai") is and has been the chairperson of the LBJ Center's Off Island Referral Committee.  Defendant Fuavai is sued herein in her official and individual capacities.

(16)   Defendant TERRY LOVELACE (hereinafter "Defendant Lovelace") is and has been General Counsel of the LBJ Center.  Defendant Lovelace is sued herein in his official and individual capacities.

(17)   Defendants JOHN DOES 1-50 (hereinafter "Doe Defendants") are individuals whose true identities and capacities are yet unknown to Plaintiff and his counsel, despite diligent inquiry and investigation, and who acted herein as described more particularly below in connection with the constitutional and statutory violations of law alleged herein and who in some manner or form not currently discovered or known to Plaintiff may have contributed to or be responsible for the deliberate indifference and/or injuries alleged herein.  The true names and capacities of the Doe Defendants will be substituted as they become known.

## FACTUAL ALLEGATIONS

(18) Plaintiff is and has been incarcerated in American Samoa within the custody of Defendants Secretary, Governor, Director, and Warden since March 2003.

(19) The cause or pretense for such incarceration and/or confinement is an ongoing criminal proceeding in the High Court of American Samoa (hereinafter "High Court") in which Plaintiff was charged with murder in the first degree (Count I), felonious restraint (Count II), tampering with physical evidence (Count III), and property damage in the first degree (Count IV) and convicted on February 16, 2006, following a bitterly contested jury trial.

(20) On May 18, 2006, the High Court sentenced Plaintiff to terms of life imprisonment for Count I, seven years for Count II to run concurrently with each other; and terms of five years for Count III and five years for Count IV to run concurrently with each other and consecutively to the Count I and Count II terms.

(21) Plaintiff's appeal to the Appellate Division of the High Court was argued and taken under submission on July 10, 2007.

(22) Plaintiff's incarceration and/or confinement without provision of timely and adequate medical care and treatment constitutes deliberate indifference to Plaintiff's known medical condition and serious medical needs.

(23) On or about February 22, 2007, Plaintiff fainted at the Tafuna Correctional Facility and was treated at the emergency room of the LBJ Center.

(24) Since February 22, 2007, Plaintiff has been treated at LBJ Center's emergency room and medical clinic at least nine other times for fainting episodes during which he has suffered loss of consciousness and physical injuries to his head, inter alia.

(25) In March 2007, Plaintiff was treated by the former Director and current staff physician at LBJ Center, Dr. Iotamo T. Saleapaga (hereinafter "Dr. Saleapaga"), who recommended that Plaintiff be provided neurological and cardiac evaluations that are not capable of being performed at LBJ Center or elsewhere in American Samoa.

(26) Between March and May 2007, Dr. Saleapaga's aforementioned recommendations were communicated orally and by electronic messages to Defendant Hales and other representatives of the Attorney General and Governor of American Samoa.

(27) On or about June 13, 2007, Dr. Saleapaga provided a letter in which he diagnosed Plaintiff with: (a) recurrent syncopal episodes whose etiology is unknown and (b) chronic neck pain syndrome with headaches and dizziness.

(28) In his letter, Dr. Saleapaga specifically recommended that Plaintiff receive neurological evaluations to include EEG, MRI and Angiograthy

7

procedures, and cardiology evaluations that may include echocardiogram, Holter monitor and cardiac catherization procedures.

(29) Dr. Saleapaga stated further in his letter that these special neurological and cardiological procedures are not available at the LBJ Center, but that these procedures are available off-island.

(30) A copy of Dr. Saleapaga's June 13, 2007, letter was provided to Defendant Hales on or about June 14, 2007.

(31) On or about June 26, 2007, Plaintiff filed a "Motion for Emergency Release" in the High Court requesting that Plaintiff be allowed to travel directly to Hayward, California to the residence of his mother to receive the necessary medical care and treatment that he requires.

(32) On July 12, 2007, the High Court heard Plaintiff's "Motion for Emergency Release" and orally ordered the Attorney General to meet with Plaintiff's counsel to "discuss the medical condition issue and set in motion appropriate action to determine the issue."

(33) On or about July 12, 2007, Plaintiff again fell unconscious, remained unconscious for about ten minutes, and was taken to LBJ Center's emergency room where he received intensive care.

(34) On or about July 13, 2007, the High Court issued a written order acknowledging that the American Samoa Government "is obligated to

provide [Plaintiff] with proper medical care" and directing that the Attorney General "oversee a complete and thorough investigation into [Plaintiff's] present medical condition and needs for medical attention and treatment in order to properly determine whether or not [the American Samoan Government] . . . must arrange to provide [Plaintiff] with necessary medical care outside of the Territory of American Samoa."

(35)   On or about July 14, 2007, Plaintiff's counsel contacted Defendant Lovelace via facsimile communication requesting the assistance of Defendant Lovelace in transferring Plaintiff to a suitable medical facility to allow Plaintiff to immediately receive the necessary medical care and procedures.

(36)   On or about July 23, 2007, Plaintiff's counsel again contacted Defendant Lovelace via facsimile communication requesting that Plaintiff be seen by a doctor immediately or that Dr. Saleapaga's June 13, 2007 letter be forwarded to the appropriate hospital committee as the basis for an off island care request.

(37)   On or about July 24, 2007, Plaintiff's counsel received a facsimile communication from Defendant Lovelace informing Plaintiff's attorney that he could not discuss the particulars of Plaintiff's medical history without a signed medical release authorization from Plaintiff.

(38)   Defendant Lovelace also acknowledged Plaintiff's request for immediate treatment by another physician, but apparently refused to honor this

9

request because: (a)  such request was "far outside the scope of authority," (b) Defendant Lovelace is "not a physician"; and (3)  Dr. Saleapaga's June 13, 2007 letter was simply "not addressed to the off-island Referral Committee."

(39)   On or about July 27, 2007, Plaintiff's counsel informed Repsondent Governor, through facsimile communications about Plaintiff's failure to receive medical care and treatment, the High Court's July 13, 2007 order, and the continued denial of medical care and treatment for Plaintiff despite commitments from the Attorney General and Defendant Lovelace that Plaintiff would have his medical needs evaluated and that Plaintiff's case would be brought to the attention of the hospital committee that is authorized to direct off island care.

(40)   On or about July 27, 2007, Plaintiff's counsel provided Defendant Fuavai with a copy of Dr. Saleapaga's medical assessment and requested that the Off Island Referral Committee, chaired by Defendant Fuavai, consider Plaintiff's case on an expedited basis and advise Plaintiff of any actions that would be taken pertaining to Plaintiff's medical care and treatment.

(41)   Since July 27, 2007, Plaintiff has not received any communications from any of the Defendants or their representatives concerning Plaintiff or Plaintiff's request for immediate medical care and treatment.

(42)   Plaintiff has continued to suffer from episodes involving loss of consciousness and been denied treatment in American Samoa.

## FIRST CAUSE OF ACTION

(43) Plaintiff hereby incorporates all of the allegations contained in paragraphs 1 through 42, above.

(44) Plaintiff is informed and believes, and thereupon alleges, that Defendants, their agents, subordinates and/or employees acted and are acting and/or failing to act herein under color of statutes, regulations, policies, procedures, customs, practices and/or usages of the United States Department of the Interior and the Government of American Samoa.

(45) Plaintiff is informed and believes, and thereupon alleges, that by the aforementioned acts and/or omissions of Defendants, Defendants have acted with deliberate indifference to the serious medical needs, rights, interests, and/or well-being of Plaintiff, and thereby have subjected Plaintiff to cruel and unusual punishment and/or denied due process of law, <u>inter alia</u>, in violation of rights guaranteed to him by the United States Constitution and 42 U.S.C. Section 1983, <u>inter alia</u>.

## SECOND CAUSE OF ACTION

(46) Plaintiff hereby incorporates all of the allegations contained in paragraphs 1 through 45, above.

(47) Plaintiff is informed and believes, and thereupon alleges, that Defendants failed and/or refused to exercise the degree of care or skill ordinarily

11

exercised by others of their profession in failing to provide medical care and treatment for Plaintiff's serious medical needs and conditions.

(48) Plaintiff is informed and believes, and thereupon alleges, that Defendants acted intentionally, knowingly, willfully, recklessly and/or negligently in refusing to adequately, promptly and/or reasonably treat Plaintiff's serious medical condition, thereby directly or proximately causing damages in amounts to be proven at trial.

WHEREFORE, Plaintiff requests and prays for relief as follows:

(1) Entry of a judgment declaring that Defendants have violated the rights of Plaintiff guaranteed by the Eighth Amendment to the United States Constitution by withholding proper medical care and, thereby subjecting Plaintiff to cruel and unusual punishment;

(2) Entry of appropriate order that Plaintiff immediately be provided necessary and appropriate medical care and treatment consistent with the Eighth Amendment and the appropriate standard of care;

(3) For a preliminary and permanent injunction restraining Defendants and their employees, agents, representatives and successors in interest from acting with deliberate indifference by failing to provide Plaintiff with the appropriate medical care and treatment in accordance with the Eighth Amendment and the standard of care of their profession;

  (4) For general and special damages according to the proof thereof at trial;

  (5) For punitive damages in an amount sufficient to deter similar behavior in the future regarding Defendants' failure to provide prompt and adequate medical care and treatment to Plaintiff;

  (6) For reimbursement of the costs of litigation incurred herein, including reasonable provision for Plaintiff's attorneys' fees; and

  (7) For such further and additional relief as the court deems appropriate and just.

  DATED: Honolulu, Hawaii, August 30, 2007

        /s/ Eric A. Seitz
        ERIC A. SEITZ
        D.C. Bar No. 363820
        820 Mililani Street, Suite 714
        Honolulu, Hawaii 96813
        Telephone: (808) 533-7434
        Facsimile: (808) 545-3608
        E-mail: eseitzatty@yahoo.com

        Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR, | ) CIVIL NO. 07-1465 (RBW) |
| | ) |
| Plaintiff, | ) VERIFICATION OF |
| | ) ERIC A. SEITZ |
| vs. | ) |
| | ) |
| DIRK KEMPTHORNE, Secretary of the United States Department of Interior; et al., | ) ) ) |
| | ) |
| Defendants. | ) |

VERIFICATION OF ERIC A. SEITZ

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) SS. |
| CITY AND COUNTY OF HONOLULU | ) |

ERIC A. SEITZ, being first duly sworn on oath verifies that he is the principal attorney for Plaintiff named above, that he has read the contents of the attached Verified Complaint, and that the factual allegations contained therein are true and correct to the best of his understanding and belief.

/

/

/

/

/

                                  /s/ Eric A. Seitz
                                  ERIC A. SEITZ
                                  Attorney for Plaintiff

Subscribed and sworn to before
me this 30th day of August, 2007.

/s/ Juli T. Seitz
Notary Public, State of Hawaii
My commission expires: 1/4/08

2