UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD MAJHOR, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 07-1465 (RBW) |
| DIRK KEMPTHORNE, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER TO SHOW CAUSE**

    Richard Majhor, a United States citizen currently incarcerated at the Tafuna Correctional Facility in Pago Pago, American Samoa and the plaintiff in this civil suit, brought this action on August 13, 2007, against Dirk Kempthorne, the United States Secretary of the Interior, as well as the Governor, Attorney General, and various other government officials of American Samoa, seeking damages, declaratory and injunctive relief, and a writ of habeas corpus based on the defendants' alleged failure to provide necessary medical care and treatment to the plaintiff. The plaintiff also filed a request for a temporary restraining order and a motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. On August 24, 2007, the court entered an order denying the plaintiff's request for a temporary restraining order and motion for a preliminary injunction and dismissing the plaintiff's habeas petition and complaint without prejudice sua sponte (the "Dismissal Order").

1

The plaintiff moved for reconsideration of the Dismissal Order under Federal Rule of Civil Procedure 59(e) on August 26, 2007. After carefully considering the arguments made in the plaintiff's motion for reconsideration, the Court entered an order granting in part and denying in part the plaintiff's motion for reconsideration (the "Reconsideration Order") on August 29, 2007. In its Reconsideration Order, the Court reinstated the plaintiff's non-habeas claims except insofar as the plaintiff sought to be released from incarceration based upon the reinstated claims. Reconsideration Order at 7. The Court also granted the plaintiff leave to file a renewed motion for a preliminary injunction, but not to file another request for a temporary restraining order. Id. at 7-8. Finally, the Court ordered "that the [plaintiff] shall endeavor to effect service of the summons, complaint, and renewed motion for preliminary injunction upon the [defendants] as expeditiously as possible," id. at 8, and that "[o]nce the [defendants] have been served with the petitioner's renewed motion for a preliminary injunction, they shall file their responses with the Court within five business days." Id.

In response to the Reconsideration Order, the plaintiff filed his Amended Verified Complaint for Injunction, Declaratory Judgment and Damages and his Renewed Motion for Preliminary Injunction (the "Motion") on August 30, 2007. That same day, the plaintiff served the Motion on the defendants by United States first-class mail, postage pre-paid. Taking into account the additional three days to respond afforded to the defendants pursuant to Federal Rule of Civil Procedure 6(e), the defendants had until September 11, 2007, to respond. As of the date of this order, no such oppositions have been filed.

Unfortunately for all concerned, the matter is complicated by the fact that the defendants were apparently never provided a copy of the Reconsideration Order. Because the defendants

have not yet appeared in this case, only one copy of the Reconsideration Order was sent out by the Clerk of the Court, and that copy went to the plaintiff. The plaintiff, for his part, failed to attach the Reconsideration Order to his Motion,[1] presumably operating on the mistaken belief that the Court would notify the defendants for him. The regrettable consequence of this procedural misstep is that the Court and, doubtless, the plaintiff have been monitoring a deadline which the defendants likely did not know existed.

But this mishap does not let the defendants off the hook altogether. In the absence of a formal order from the Court, the defendants should have filed a response to the Motion within eleven days of service of the motion pursuant to this Court's local rules. Local Civ. R. 7(b). Adding three days to this response time as required by Federal Rule of Civil Procedure 6(e), the defendants should have filed their oppositions to the plaintiff's motion by no later than September 13, 2007, to avoid having the Motion treated as conceded. This has not occurred.

Federal Rule of Civil Procedure 65(a) provides in pertinent part that "[n]o preliminary injunction shall be issued without notice to the opposing party." Fed. R. Civ. P. 65(a)(1). The requirement "implies a hearing in which the defendant is given a fair opportunity to oppose the application" as well as time "to prepare for such opposition." Granny Goose Foods, Inc. v. B'hood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County, 415 U.S. 423, 432

---

[1] In his memorandum of law in support of his Motion (the "Memorandum" or "Pl. Mem."), the plaintiff briefly quotes the Court's Reconsideration Order, which he cites as "Exhibit A" to the Motion. Pl. Mem. 1-2. But the Reconsideration Order is not included in the attachments to the Motion (Exhibit A is actually an unaddressed letter from Dr. Iotamo Saleapaga, a doctor at LBJ Tropical Medical Center), and the plaintiff never mentions the five-day deadline imposed by the Court in his Memorandum or Motion.

n.7 (1974).[2]  By waiting to act on the plaintiff's Motion until after the default deadline for responses to generic motions imposed by the Court's local rules has passed, the Court has provided the defendants with at least "a fair opportunity" to challenge the plaintiff's Motion.  Out of an abundance of caution, however, and in recognition of the procedural errors that have dogged this case thus far, the Court will provide the defendants with an additional opportunity to respond to the plaintiff's Motion before granting the Motion by default.  It is therefore

**ORDERED** that within eleven (11) days of service of this order, the defendants shall show cause in writing why the Court should not grant the plaintiff's Renewed Motion for Preliminary Injunction by default.  It is further

**ORDERED** that the plaintiff shall serve a copy of this order by United States first-class mail, postage pre-paid, and certify to the Court that he has mailed this order to the defendants no later than September 17, 2007.

**SO ORDERED** this 14th day of September, 2007.

REGGIE B. WALTON
United States District Judge

---

[2]  Notably, Rule 65(a) does not require the plaintiff to serve the complaint and summons on the defendant for the reviewing court to have personal jurisdiction over the defendants for purposes of a motion for a preliminary injunction.  See SEC v. Kimmes, 753 F. Supp. 695, 700-01 (N.D. Ill. 1990) (holding that in the context of preliminary injunctive relief the personal jurisdiction requirement "must be read simply in terms of notice to the enjoined party" (emphasis in original)); Claus v. Smith, 519 F. Supp. 829, 833-34 (N.D. Ind. 1980) (holding that notice requirements for preliminary injunction were met and issuing order enjoining defendants even though the plaintiffs' failure to serve summons and complaint on the defendants "prevents this case from proceeding further than this order"); SEC v. Capital Growth Co., S.A., 391 F. Supp. 593, 600 (S.D.N.Y. 1974) (holding that notice of preliminary injunction "was effectively given even though technically these defendants were not yet properly served with the summons and complaint"); cf. United States v. Lynd, 301 F.2d 818, 823 (5th Cir. 1962) ("The grant of a temporary injunction need not await any procedural steps perfecting the pleadings or any other formality attendant upon a full-blown trial of this case.").  But see Carty v. R.I. Dep't of Corrections, 198 F.R.D. 18, 20 (D.R.I. 2000) ("When an injunction is sought, service of the summons and complaint is required.").