UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR, | ) |
|         Plaintiff, | ) |
|         v. | ) Civil Action No. 07-1465 (RBW) |
| GALE A. NORTON, SECRETARY<br> U.S. DEPT. OF INTERIOR, | ) |
|         Defendant. | ) |

**RESPONSE TO ORDER TO SHOW CAUSE,
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
AND MOTION TO DISMISS**

**Introduction**

The plaintiff is a citizen of the United States who was residing in American Samoa at the time of his arrest on a murder charge in 2003. Amended Verified Complaint, p. 3. He was tried for murder in 2006 and is currently serving a life sentence. Amended Verified Complaint, p. 6. The federal defendant is Dirk Kempthorne, the secretary of the United States Department of the Interior ("Interior Secretary"). As Interior Secretary, he administers the government of the territory. Exec. Order No. 10,264, 16 Fed. Reg. 6417 (June 29, 1951). *King v. Morton*, at 1142. *See Meaamaile v. American Samoa*, 550 F. Supp. 1227, 1234 (D. Hawai'i 1982). Congress has the authority to issue rules and regulations to govern territories of the United States. *Meaamaile,* at 1235. Congress has delegated its authority to determine the structure of the American Samoa judicial system to the Interior Secretary. *See American Insurance Co. v. Canter*, 26 U.S. (1 Pet.) 511 (1828).

Plaintiff initiated this action on August 13, 2007 by filing a Petition for Writ of Habeas Corpus. Thereafter, Plaintiff filed a motion for temporary restraining order, motion for preliminary injunction. On August 24, 2007, the court entered an order denying Plaintiff's motion for a temporary restraining order and motion for a preliminary injunction and dismissing the plaintiff's habeas petition and complaint without prejudice *sua sponte*. None of the defendants had entered an appearance and it not clear whether service had been effected. The plaintiff moved for reconsideration and the court granted the motion in part reinstating plaintiff's non-habeas claims "except insofar as the plaintiff sought to be released from incarceration, and granting Plaintiff leave to renew its motion for a preliminary injunction." Order to Show Cause, p. 2. The Court ordered the plaintiff to effect service upon defendants and directed defendants to file their responses within five business days. *Id*. On September 14, 2007, the Court issued an order to show cause why Plaintiff's motion for a preliminary injunction should not be granted by default.

**RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff's counsel forwarded a courtesy copy of the Amended Complaint and this Court's Order on Plaintiff's motion for reconsideration electronically on August 30, 2007. Thus, defense counsel had constructive notice of the Court's direction to file an opposition within five business days but did not have actual notice of the deadline because she failed to read the order. Defense counsel intended to respond when formally served. Based on telephonic conversations with Plaintiff's counsel, the undersigned understands that Plaintiff's counsel also did not anticipate that defense counsel would respond to the motion for preliminary injunction until five business days following proper service. Regrettably, defense counsel did not attempt to contact

Chambers, and, as noted, was unaware of the Court's directive in the Order on Plaintiff's Motion for Reconsideration.  The U.S. Attorney was served with the Amended Verified Complaint on September 12, 2007 by certified mail.  Hence, federal defendant's response would have been due on September 24, 2007.  However, because in the interim defendant had received the Court's Show Cause Order directing a response by today's date, defendant files its Opposition to the Renewed Motion for Preliminary Injunction herewith.

## Procedural History

In 2005, subsequent to his arrest for murder in America Samoa, plaintiff filed a complaint and a motion for a preliminary injunction in this court seeking a change of venue to the United States.  Majhor argued that his constitutional right to a fair jury trial would be abridged in America Samoa were he forced to undergo trial there.  Defendant opposed plaintiff's motion for preliminary injunction and moved to dismiss the case on the grounds of lack of subject matter jurisdiction and failure to state a claim.  This Court denied plaintiff's motion for a preliminary injunction and dismissed the complaint for the reasons stated in open court on January 13, 2006.

## Background

American Samoa is an unincorporated[1] territory of the United States consisting of seven small islands located in the south Pacific Ocean.  *King v. Morton*, 520 F.2d 1140, 1142, 1155 (D.C. Cir. 1975).  *U.S. v. Standard Oil of Cal.*, 404 U.S. 558 (1972). American Samoa has three independent branches of government–executive, legislative and judicial.  It is governed by a

---

[1] Unincorporated territories are not intended for statehood and only fundamental constitutional rights apply.  *Com. of Northern Mariana Islands v. Atalig*, 723 F.2d 682, 688 (9th Cir. 1984), citing *Examining Board v. Flores de Otero*, 426 U.S. 572, 599-600 n.30 (1976).

constitution with a Bill of Rights.  *See* Revised Constitution of American Samoa, Art. I.[2] Congress recognizes the authority of the constitution of American Samoa.  *See* 48 U.S.C. § 1662a . Modifications to the constitution must be approved by the  Secretary of the Interior and are made only by Act of Congress.  48 U.S.C. A. § 1662a.  The executive authority is vested in a governor and lieutenant governor who are popularly elected.  Revised Constitution of American Samoa, Art. IV, sec. 2.  The legislative branch of government is bicameral with a house of representatives and a senate.  Revised Constitution of American Samoa, Art. II, sec. 1.  The judicial branch is composed of a High Court, district courts, and "such other courts as may from time to time be created by law."  Revised Constitution of American Samoa, Art. III, sec. 1.  *Meaamaile* at 1227.   The high court is a territorial court constituted under Article IV of the United States Constitution.  *Meaamaile*, at 1235.  The Interior Secretary appoints the chief justice of the high court and an associate justice.  Rev. Const. Am. Samoa art. III, §§ 1, 2, 3; AM. SAMOA CODE ANN. § 3.1001 (1981).  At least five associate judges are appointed by the territorial governor upon the recommendation of the chief justice, and are subject to confirmation by the Samoan Senate.  AM. SAMOA CODE ANN. § 3.1004 91981).  High court decisions can be appealed to an appellate division which is presided over by the chief justice, the associate chief justice, acting associate judges, and associate judges.  AM. SAMOA CODE ANN. § 3.0220 (1981).

## The Parties

Plaintiff brings this action against the Secretary of the Department of the Interior, in

---

[2]The Revised Constitution of American Samoa and full American Samoa Code are available on the internet at www.asbar.org.

addition to ten individuals and entities from America Samoa, including the governor, the attorney general, assistant attorney general, director of the department of Public Safety, the warden of the Terrotorial Correctional Facility, the LBJ Tropical Medical Center, chairman of the LBJ Tropical Medical Center, acting CEO of the LBJ Tropical Medical Center, chariperson of the LBJ Tropical Medical Center Off Island Referral Committee, and general counsel of the LBJ Tropical Medical Center.  Plaintiff also sues John Does one through fifty (1 - 50).

## Plaintiff's Claims

Plaintiff alleges that Secretary Kempthorne, together with the other defendants, has violated the 8th Amendment right to be free of cruel and unusual punishment by depriving him adequate medical care.  Amended Verified Complaint, p. 2.  Plaintiff seeks a declaratory judgment, a preliminary injunction and money damages.  *Id*.  Plaintiff brings this action against the Secretary of the Interior, not for any alleged unconstitutional acts or omissions by him or by the federal government, but solely by virtue of the fact that he is vested with the authority to administer the civil government in American Samoa on behalf of the United States.  Plaintiff asserts that this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights and elective franchise),  1361 (mandamus), 2201 (declaratory judgments) and 2202 (further relief).  *Id*., page 3.  Plaintiff was tried for murder under local American Samoan criminal statutes and was not held by the United States government on federal charges.  AM. SAMOA CODE ANN. § 46.3502 (1978).

## ARGUMENT

## I.  THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION

In order to exercise jurisdiction in this case under 28 U.S.C. § 1361 (1970), the plaintiff must show that a duty is owed to him.  A writ of mandamus should be used only when the duty of the officer to act is clearly established and plainly defined and the obligation to act is peremptory." *King*, at 1145, *citing Hammond v. Hull*, 131 F.2d 23, 25 (1942), *cert. denied*, 318 U.S. 777 (1943).  Here a writ of mandamus is not available to Majhor unless the Secretary of the Interior has a "clearly established", "plainly defined" and "peremptory" duty, in administering the civil government of American Samoa, to require the high court to intervene in this local criminal matter on Plaintiff's behalf.  *Id*.  The Secretary has no such duty.  If the Secretary were to interfere with the details of Plaintiff's incarceration, he would be usurping the authority of the American Samoa Attorney General.

With regard to the exercise of federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff has not cited any cases in which it is held that the Eighth Amendment prohibition against cruel and usual punishment is applicable to America Samoa.  The Court need not decide that issue, however, because as argued below, plaintiff has been accorded due process by which he may seek further medical examination.  Plaintiff has taken advantage of the many avenues available to him in American Samoa and there is no reason to believe that his condition is emergent or that he is unable to obtain further medical evaluation.

In *King v. Morton*, the question was put to the district court whether an American citizen and resident of American Samoa charged with a crime was entitled to trial by jury. The laws of American Samoa did not provide for trial by jury. The district court dismissed the case for lack of jurisdiction. The U.S. Supreme Court had previously determined that the constitutional right to a jury trial did not extend to unincorporated U.S. territories. *Balzac v. Porto Rico*, 258 U.S. 298 (1922). The D.C. Circuit reversed and remanded for further proceedings, but did not decide whether the district court had jurisdiction. *King*, at 1144.

**There is no actual case or controversy**

<u>There is no controversy because plaintiff has failed to exhaust his local remedies.</u>

In *King*, plaintiff had already appealed his conviction to the highest court in American Samoa prior to filing suit in the United States District Court for the District of Columbia. Unlike *King*, in this case, there is no case or controversy because plaintiff has not been deprived of the right to medical treatment. *See infra* pp. 9-10. Thus, the controversy is not ripe, just as the issue was not ripe in *Meaamaile*, 550 F.Supp. at 1234. Plaintiff is required to exhaust his local remedies before proceeding in federal court. *King*, at 1144.

**In the event that the a person or entity from American Samoa whose presence is required for just adjudication cannot be made a party the case, the should be dismissed as to the federal defendant.**

Rule 19 of the Federal Rules of Civil Procedure provides that

"[i]f a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those

already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate, fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Defendant contends that if the other named defendants in American Samoa cannot be made parties due to lack of personal jurisdiction, improper venue, or lack of subject matter jurisdiction, then the Court should consider "to what extent a judgment rendered as against federal defendant only might be prejudicial to the federal defendant. Defendant contends that defendant will be prejudiced if the action is permitted to proceed as against the federal defendant only. Not only does the federal defendant have limited access to information to aid in its defense, but defendant does not have legal custody of Plaintiff and would not have the authority to take custody of Plaintiff in order to carry out any judgment entered against it in favor of the Plaintiff. The third factor that the Court should consider is whether the Plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Defendant contends that the Plaintiff's papers indicate that Plaintiff has an adequate remedy through the High Court of Samoa to seek any necessary and proper medical treatment.

## II.  THE CLAIM AGAINST SECRETARY KEMPTHORNE IN HIS INDIVIDUAL CAPACITY SHOULD BE DISMISSED

<u>Plaintiff fails to state a claim against Secretary Kempthorne in his individual capacity.</u>

A Bivens claim cannot rest on *respondeat superior* and the complaint must at least allege that the defendant federal official was personally involved in illegal conduct. *Simpkins v. District of Columbia Government*, 108 F. 3d 366, 369 (D.C. Cir. 1997). Here Plaintiff has sued Secretary Kempthorne in his official and individual capacities. Amended Verified Complaint, ¶ 6. However, the allegations in the complaint do not support a claim against the Secretary in his

individual capacity. Secretary Kempthorne's name only appears in paragraph six of the complaint in which he is described as being "vested with and exercises administrative, regulatory and fiscal authority for the administration of"American Samoa. There is no other mention of Secretary Kempthorne in the complaint and there are no allegations from which it can be inferred that he was personally involved, or was even aware of, illegal conduct. For this reason, suit cannot be maintained against Secretary Kempthorne in his individual capacity. In the alternative, the Secretary seeks an extension of time in which to seek legal representation in his individual capacity if the Court views this as a *Bivens* matter.

### III. PLAINTIFF IS NOT ENTITLED TO A PRELIMINARY INJUNCTION

**The standard for injunctive relief**

In *Virginia Petroleum Jobbers Association* v. *Federal Power Commission*, 259 F.2d 921 (1958) and most recently in *Ellipso, Inc. v. Mann*, 480 F. 3d 1153, 1157 (D.C. Cir. 2007), the D.C. Circuit Court set out the factors to be considered when determining whether a movant is entitled to equitable relief. These four factor are: 1) whether the movant is likely to ultimately prevail on the merits, 2) whether he will suffer irreparable harm if the equitable relief is not granted, 3) whether the grant of equitable relief will cause substantial harm to the other party, and 4) whether equitable relief is in the public's interest. *Virginia Petroleum Jobbers Ass'n*, at 924. The second factor–a showing of irreparable harm– is considered to be of paramount importance. *Canal Auth. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1975). At all times, the burden of persuasion with regard to all four factors is on the movant. *Id*. at 573.

### i) Here there is no risk of immediate irreparable harm

Although Plaintiff's state of health is important to him and of concern to the governmental entities charged with incarcerating him, there is no risk of immediate irreparable harm should the preliminary injunction not issue as to the federal defendant. First, plaintiff has access to and has received medical care. Since Feburary 22, 2007, plaintiff has been treated eleven times in the emergency room of the LBJ Tropical Medical Center. Renewed Mot. for Prelim. Injunction, p.3. Plaintiff concedes that he has been treated by a Dr. Iotamao T. Saleapaga, Seitz Affidavit, Document 11-3, p. 2. Dr. Saleapaga recommended that Plaintiff receive further neurological and cardiac evaluations. *Id*. But, there is no medical documentation that Plaintiff's condition is urgent or life-threatening. Plaintiff's physical examination of June 13, 2007 is described as unremarkabe. He is deemed to be neurologically intact. Exhibit A; Letter from Dr. Saleapaga; Document 11-4. Although Plaintiff alleges that he suffers from a serious, life-threatening medical condition, independent medical evidence does not support his claim of urgency. Exhibit A. Letter from Dr. Saleapaga, Document 11-4.

Not only is plaintiff's condition not urgent, but Plaintiff has sought the assistance of Attorney General Ripley of American Samoa in arranging for further follow up medical evaluations for the plaintiff. Seitz Affidavit, Document 11-3, p. 3, ¶ 8. In addition, he has appealed to the High Court of American Samoa requesting that Plaintiff be permitted to travel to Hayward, California for medical treatment. Renewed Mot. for Prelim. Injunction, p. 5. According to the Plaintiff, on July 12, 2007, the High Court heard Plaintiff's Motion for Emergency Release and directed the Attorney General of American Samoa to confer with Plaintiff's counsel. *Id*. On July 13, 2007, the High Court issued an order directing that the

Attorney General investigate Plaintiff's medical condition in order to determine whether the American Samoan Government must arrange for off-island medical treatment. *Id*. at 5-6. Plaintiff has also sought the assistance on an expedited basis of Dr. Annie Fuavai, chair of the Off Island Referral Committee. Plaintiff states that he has been informed that Hawaii state correctional officials would be willing to house Plaintiff contingent upon payment of expenses. *Id*. at p. 8.

> **ii) It is unlikely that Plaintiff will prevail on the merits.**
>
> > **a. The *Younger v. Harris* abstention doctrine dictates "equitable restraint"[3]; the case should be dismissed.**

The Supreme Court held in *Younger v. Harris*, 401 U.S. 37 (1971), that generally a federal court may not grant equitable relief affecting an on-going criminal proceeding in a state court. The rationale underlying this rule is "that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger* at 43-44. This so-called "doctrine of equitable restraint" requires dismissal of the federal case.

Application of the *Younger* abstention doctrine is appropriate when the following three factors are met. First, there is ongoing state action at the time the federal action is initiated, 2) important state interests are implicated, and 3) the plaintiff has an adequate opportunity to litigate his constitutional claims in the criminal proceeding. *Jou v. Chang*, 350 F.Supp.2d 862, 865 (2004). "Federal equitable intervention is not warranted if the federal plaintiff can secure a full and fair day in court on his constitutional claims by raising them by way of defense in a state

---

[3] *Kaplan v. Hess*, 694 F.2d 847, 849 (D.C. Cir. 1982).

enforcement proceeding which is already underway or is imminent anyway." *District Properties Associates v. District of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984), citing P. BATOR, P. MISHKIN, D. SHAPIRO & H. WECHSLER, HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 283 (1981 Supp.).

There are no cases addressing whether American Samoa is a state for purposes of the *Younger* abstention doctrine. However, the D.C. Circuit has recently decided that the *Younger* abstention doctrine applies to the District of Columbia. *JMM*, 378 F.3d 1117 (D.C. Cir. 2004). That same reasoning is equally applicable here.

### b. A federal court should not exercise supervisory control over a territorial court.

Although this Art. III Court has jurisdiction to entertain suits brought to enforce the constitution and laws of the United States, a federal court does not have original jurisdiction to review interlocutory decisions of territorial courts. *Ackerman v. International Longshoremen's & Warehousemen's Union*, 187 F.2d 860 (9th Cir. 1951). Furthermore, a federal court should not interfere in criminal proceedings that have been initiated but not yet resolved in state or territorial court. *Id.*, at 864.

> It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guaranties, is not a ground for equity relief since the lawfulness or constitutionality of the state or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction.

*Douglas v. City of Jeannette*, 319 US. 157 (1943).

As the attachments to plaintiff's motion illustrate, plaintiff has a "full and fair opportunity" to assert his constitutional claims during his incarceration in American Samoa.

*Ohio Civil Rights Comm'n v. Dayton Christian Schools*, 477 U.S. 619, 627 (1986). *JMM,* 378 F.3d at 1117. The American Samoa judicial system provides an opportunity for review. *See Ackerman*, 187 F.2d at 868. Hence, there are no extraordinary circumstances warranting equitable relief. *JMM*, 378 F.3d at 1228.

### iii) The Interior Secretary will suffer harm if equitable relief is granted.

The Interior Secretary has an interest in promoting the self-governance of the people of American Samoa and in ensuring that the provisions implemented for local governance by the Samoan people are given the proper deference and upheld. *Cf. Corporation of the Presiding Bishop of the Church of Jesus Christ of the Latter-Day Saints v. Hodel*, 830 F.2d 374, 386 (D.C. Cir. 1987)(referring to congressional policy of preserving Samoan traditions regarding land transfer and ownership.) The Interior Secretary will not be assisted by premature involvement in the affairs of the American Samoan judiciary. The Secretary of the Interior has an interest in avoiding conflict between the two judicial systems. *Ackerman*, at 868, citing *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)(federal courts should not interfere with state prosecutions except in extraordinary circumstances.)

### iv) The public interest lies in denial of equitable relief

There is no dispute that the public has an interest in ensuring the constitutional rights of every American citizen. However, there is every reason to believe that plaintiff's constitutional right to be free of cruel and unusual punishment is being protected by the High Court of American Samoa. Furthermore, the public will not benefit if litigants in American Samoa are routinely permitted to seek judicial review by Article III Courts of decisions made by an Art. IV Court. *See Corporation of the Presiding Bishop of the Church of Jesus Christ of the Latter-Day*

*Saints*, 830 F.2d at 386 (congressional policy could be frustrated if the High Court's judgments were reviewed by circuit courts of appeal.)  Instead, the public has an interest in plaintiff's exhaustion of local remedies.

### **Conclusion**

Plaintiff has failed to carry his burden to show that he is entitled to extraordinary relief. He does not address two of the four elements necessary to grant a preliminary injunction.  In addition, defendant has demonstrated that the case should be dismissed.  For the foregoing reasons, defendant requests that the Court deny plaintiff's motion for a preliminary injunction and dismiss the case.

Respectfully submitted,

\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

\_\_\_/s/_____
CHARLOTTE A. ABEL, D.C. Bar # 388582
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RICHARD MAJHOR,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Civil Action No. 05-2192 (RBW) |
| ) | |
| ) | |
| **GALE A. NORTON, Secretary,** ) | |
| **U.S. DEPT. OF INTERIOR,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

ORDER

UPON CONSIDERATION of the Court's Order to Show Cause Why a Preliminary Injunction Should Not Issue by Default, Plaintiff's Renewed Motion for a Preliminary Injunction, the Opposition thereto, and the Defendant's Motion to Dismiss, it is this _____ day of _____, 2007,

ORDERED, that the Court's Order to Show Cause shall be Discharged, and Defendant's Opposition to Plaintiff's Renewed Motion shall be accepted as filed timely; it is

FURTHER ORDERED, that plaintiff's renewed motion for a Preliminary Injunction should be, and hereby is, DENIED. It is

FURTHER ORDERED, that this case be dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE