MARK R. HALES
FEPULEA'I AFA RIPLEY, JR.
TOGIOLA T. TULAFONO
SOTA M. SAVALI
FUEGA SAITE MOLIGA
PO Box 7, Pago Pago
American Samoa, 96799
Telephone     684-633-4163
Facsimile      684-633-1838
Email markhales@gmail.com

DEFENDANTS IN PRO SE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR, | CIVIL NO. 07-1465 (RBW) |
| Address:  Tafuna Correctional Facility<br>PO Box 1011<br>Pago Pago, American Samoa 96799 | ANSWER AND AFFIRMATIVE DEFENSES |
| Plaintiff, | |
| vs. | |
| DIRK KEMPTHORNE, Secretary of the United States Department of Interior; TOGIOLA T. TULAFONO, Governor of American Samoa;  Fepulea'i Afa Ripley, Jr. Attorney General; MARK HALES, Assistant Attorney General, SOTOA M. SAVALI, Director of Department of Public Safety, fuega saite moliga, Warden of Territorial Correctional Facility,  LBJ TROPICAL MEDICAL CENTER, CHARLES WARREN, Chairman of LBJ Tropical Medical Center, PATRICIA TINDALL, Acting CEO, ANNIE FUAVAI, M.D., Chairperson of the LBJ Tropical Off-Island Referral Committee, TERRY LOVELACE, General Counsel of LBJ Tropical Medical Center, and JOHN  DOES 1-50, | |

|                    |   |
|--------------------|---|
| Defendants.        | ) |
|                    | ) |

### ANSWER AND AFFIRMATIVE DEFENSES
### FOR DEFENDANTS MARK R. HALES; TOGIOLA T. TULAFONO; FEPULEA'I AFA RIPLEY, JR.; SOTOA M. SAVAILI, FUEGA SAITE MOLIGA

COMES NOW DEFENDANTS Mark R. Hales; Togiola T. Tulafono; Fepulea'i Afa Ripley, Jr.; Sotoa M. Savaili, Fuega Saite Moliga for their Answer to the Allegations contained in Plaintiff's Complaint states as follows:

1. In Answer to the allegations contained in Paragraph Number 1 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations contained therein, but leave Plaintiff to his proofs.

2. In Answer to the allegations contained in Paragraph Number 2 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations contained therein, but leave Plaintiff to his proofs.

3. In Answer to the allegations contained in Paragraph Number 3 of Plaintiff's Complaint, Defendants deny the allegations and assert that jurisdiction is proper in the High Court of American Samoa.

4. In Answer to the allegations contained in Paragraph Number 4 of Plaintiff's Complaint, Defendants deny the allegations and assert that jurisdiction is proper in the High Court of American Samoa.

5. In Answer to the Allegations contained in Paragraph Number 5 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

6. In Answer to the Allegations contained in Paragraph Number 6 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

7. In Answer to the Allegations contained in Paragraph Number 7 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

8. In Answer to the Allegations contained in Paragraph Number 8 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

9. In Answer to the Allegations contained in Paragraph Number 9 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

10. In Answer to the Allegations contained in Paragraph Number 10 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

11. In Answer to the Allegations contained in Paragraph Number 11 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

12. In Answer to the Allegations contained in Paragraph Number 12 of the Plaintiff's Complaint, Defendants deny that Defendant LBJ Tropical Medical Center is an "independent agency" of the American Samoa Government and asserts instead, that it is a semi-autonomous agency. As to the second allegation that LBJ Tropical Medical Center is the only medical care available to Plaintiff, Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averment, and therefore neither admits nor denies the allegation, but leaves Plaintiff to his proofs.

13. In Answer to the Allegations contained in Paragraph Number 13 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admits nor denies the allegation, but leaves Plaintiff to his proofs.

14. In Answer to the Allegations contained in Paragraph Number 14 of Plaintiff's Complaint, Defendants admits the allegations contained therein because it is true, except that her title and status have changed from Acting CEO to CEO of the LBJ Tropical Medical Center.

15. In Answer to the Allegations contained in Paragraph Number 15 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

16. In Answer to the Allegations contained in Paragraph Number 16 of Plaintiff's Complaint, Defendants admit to the allegation contained therein because it is true.

17. In Answer to the Allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations contained therein, but leave Plaintiff to his proofs.

18. In Answer to the Allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief

as to the truth of the averment, and therefore neither admit nor deny the allegation, but leave Plaintiff to his proofs.

19. In Answer to the Allegations contained in Paragraph Number 19 of Plaintiff's Complaint, Defendants admit to the allegation contained therein because it is true.

20. In Answer to the Allegations contained in Paragraph 20 of Plaintiff's Complaint, Defendants admit to the allegation contained therein because it is true.

21. In Answer to the Allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendants admit to the allegation contained therein because it is true.

22. In Answer to the Allegations contained in Paragraph 22 of Plaintiff's Complaint, Defendants deny the allegations contained therein because they are untrue.

23. In Answer to the Allegations contained in Paragraph 23 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

24. In Answer to the Allegations contained in Paragraph 24 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

25. In Answer to the Allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

26. In Answer to the Allegations contained in Paragraph 26 of Plaintiff's Complaint, Defendants deny that Defendant Hales received any notification between March and May 2007, regarding the Plaintiff's medical condition but only received notice on or about July 6, 2007. *See Affidavit of Mark R. Hales attached hereto and incorporated by reference as "Attachment #1".*

27. In Answer to the Allegations contained in Paragraph 27 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

28. In Answer to the Allegations contained in Paragraph 28 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

29. In Answer to the Allegations contained in Paragraph 29 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs. *See Affidavit of Dr. Saleapaga attached hereto and incorporated by reference as "Attachment #2".*

30. In Answer to the Allegations contained in Paragraph 30 of Plaintiff's Complaint, Defendants deny the allegations contained because the Plaintiff did not provide the Dr. Saleapaga Letter to Defendant Hales on or about June 14, 2007, but admit that the letter was provided to the Defendant Hales on or about July 6, 2007.

31. In Answer to the Allegations contained in Paragraph 31 of Plaintiff's Complaint, Defendants deny the allegations contained because the Plaintiff did not file such motion until on or about July 6, 2007, but admits that on or about July 6, 2007, such request was filed with the High Court of America Samoa.

32. In Answer to the Allegations contained in Paragraph 32 of Plaintiff's Complaint, Defendants admit to the allegation contained therein because it is true. Defendants note that Plaintiff sought relief with the US District Court prior to a decision by the High Court of American Samoa.

33. In Answer to the Allegations contained in Paragraph Number 33 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

34. In Answer to the Allegations contained in Paragraph 34 of Plaintiff's Complaint, Defendants deny the Plaintiff's recitation of the order by the High Court because it is inaccurate. The actual language of the High Court of American Samoa, issued on or about July 13, 2007, was that the American Samoa Government was ordered to "to oversee a complete and thorough investigation into [Plaintiff's] present medical condition and needs for medical attention and treatment in order to properly determine whether or not [the American Samoa Government], which now has custodial jurisdiction over Defendant and is obligated to provide [Plaintiff] with proper medical care and must arrange to provide [Plaintiff] with necessary medical care outside the Territory of American Samoa."

35. In Answer to the Allegations contained in Paragraph Number 35 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

36. In Answer to the Allegation contained in Paragraph Number 36 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

37. In Answer to the Allegations contained in Paragraph Number 37 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

38. In Answer to the Allegations contained in Paragraph Number 38 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

39. In Answer to the Allegations contained in Paragraph Number 39 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

40. In Answer to the Allegations contained in Paragraph Number 40 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to

form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

41. In Answer to the Allegations contained in Paragraph Number 41 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

42. In Answer to the Allegations contained in Paragraph Number 42 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny, but leave Plaintiff to his proofs.

43. In Answer to the Allegation contained in Paragraph Number 43 of Plaintiff's Complaint, Defendants admit to the allegation contained therein because it is true.

44. In Answer to the Allegations contained in Paragraph Number 44 of Plaintiff's Complaint, Defendants deny the allegations contained therein because they are untrue.

45. In Answer to the Allegations contained in Paragraph Number 45 of Plaintiff's Complaint, Defendants deny the allegations contained therein because they are untrue.

46. In Answer to the Allegation contained in Paragraph Number 46 of Plaintiff's Complaint, Defendants admit to the allegation contained therein because it is true.

47. In Answer to the Allegations contained in Paragraph Number 47 of Plaintiff's Complaint, Defendants deny the allegations contained therein because they are untrue.

48. In Answer to the Allegations contained in Paragraph Number 48 of Plaintiff's Complaint, Defendants deny the allegations contained therein because they are untrue.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c

COMES NOW FOR DEFENDANTS Mark R. Hales; Togiola T. Tulafono; Fepulea'i Afa Ripley, Jr.; Sotoa M. Savaili, Fuega Saite Moliga and, and for their Affirmative Defenses assert as follows:

1. Jurisdiction in this matter is improper. The High Court of American Samoa is the proper jurisdiction and venue for this matter to be heard. Plaintiff has not exhausted his remedies in American Samoa and seeks relief from the Court in American Samoa as well as this Honorable Court.

2. Insufficiency of process and insufficiency of service of process. Defendants were not timely supplied with Plaintiff's Complaint as acknowledged by the Court.

3. Plaintiff's claim is barred by governmental immunity.

4. Plaintiff has failed to state a cause of action upon which relief can be granted. Defendants assert that Plaintiff has suffered no injury as a result of actions or inactions of any named Defendant.

5. Defendants invoke the defense of latches and assert that Plaintiff has received care at LBJ Tropical Medical Center for chronic pain issues since his incarceration in 2003. Further, that Plaintiff claims chronic neck pain symptoms have been present since a motorcycle accident he suffered at age 17.

6. Defendants invoke the defense of fraud or illegality and assert that Plaintiff's true motives are to seek alternative incarceration at any facility other than Tafuna Correctional Facility.

7. Defendant invokes the defense of unclean hands, since the Plaintiff acted with misconduct, fraud, and unfairness in seeking this injunction.


.Dated: _____         _____
                                Mark R. Hales
                                Assistant Attorney General
                                Defendant in Pro Se

Dated: _____          _____
                                Fepulea'i Afa Ripley, Jr.
                                Attorney General
                                Defendant in Pro Se

Dated: _____          _____
                                Togiola T. Tulafono
                                Governor of American Samoa
                                Defendant in Pro Se

Dated: _____          _____
                                Sotoa M. Savaii
                                Director of Dept. of Public Safety
                                Defendant in Pro Se

Dated: _____          _____
                                Fuega Saite Moliga
                                Warden of the Territorial
                                Correctional Facility
                                Defendant in Pro Se

5. Defendants invoke the defense of latches and assert that Plaintiff has received care at LBJ Tropical Medical Center for chronic pain issues since his incarceration in 2003. Further, that Plaintiff claims chronic neck pain symptoms have been present since a motorcycle accident he suffered at age 17.

6. Defendants invoke the defense of fraud or illegality and assert that Plaintiff's true motives are to seek alternative incarceration at any facility other than Tafuna Correctional Facility.

7. Defendant invokes the defense of unclean hands, since the Plaintiff acted with misconduct, fraud, and unfairness in seeking this injunction.

Dated: 9/25/07

Mark R. Hales
Assistant Attorney General
Defendant in Pro Se

Dated: 9/25/2007

Fepulea'i Afa Ripley, Jr.
Attorney General
Defendant in Pro Se

Dated: 9/25/07

Togiola T. Tulafono
Governor of American Samoa
Defendant in Pro Se

Dated: 9-25-07

Sotoa M. Savaii
Director of Dept. of Public Safety
Defendant in Pro Se

Dated: 09.25.07

Fuega Saite Moliga
Warden of the Territorial
Correctional Facility
Defendant in Pro Se

Fuega Saite Moliga
Warden of Tafuna Correctional Facility
American Samoa Government
Pago Pago, American Samoa 96799

LBJ Tropical Medical Center
ATTN: Patricia Tindall, CEO
PO Box LBJ
Pago Pago, American Samoa 96799

Charles Warren,
Chairman ASMCA
PO Box LBJ
Pago Pago, American Samoa 96799

Patricia Tindall, CEO
LBJ Tropical Medical Center
PO Box LBJ
Pago Pago, American Samoa 96799

Dr. Annie Fuavai
Chairperson, LBJ OIRC
PO Box LBJ
Pago Pago, American Samoa 96799

Terry Lovelace, Esq
General Counsel
PO Box LBJ
Pago Pago, American Samoa 96799

Dated: 9/25/07

_____
Mark R. Hales
Assistant Attorney General
Defendant in Pro Se

Dated: 9/25/2007

_____
Fepulea'i Afa Ripley, Jr.
Attorney General
Defendant in Pro Se

Dated: 9/25/07

_____
Togiola T. Tulafono
Governor of American Samoa
Defendant in Pro Se

Dated: 9-25-07

_____
Sotoa M. Savaii
Director of Dept. of Public Safety
Defendant in Pro Se

Dated: 09.25.07

_____
Fuega Saite Moliga
Warden of the Territorial
Correctional Facility
Defendant in Pro Se