MARK R. HALES
PO Box 7, Pago Pago
American Samoa, 96799
Telephone    684-633-4163
Facsimile    684-633-1838
Email markhales@gmail.com

DEFENDANT PRO SE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD MAJHOR, | ) | CIVIL NO. 07-1465 (RBW) |
| | ) | |
| Address:  Tafuna Correctional Facility | ) | |
|     PO Box 1011 | ) | |
|     Pago Pago, American Samoa | ) | DEFENDANT'S MOTION TO |
|     96799 | ) | BE REMOVED AS A |
| | ) | DEFENDANT |
|                Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| DIRK KEMPTHORNE, Secretary of the | ) | |
| United States Department of Interior; | ) | |
| TOGIOLA T. TULAFONO, Governor of | ) | |
| American Samoa;  Fepulea'I Afa Ripley, Jr. | ) | |
| Attorney General; MARK HALES, | ) | |
| Assistant Attorney General, SOTOA M. | ) | |
| SAVALI, Director of Department of Public | ) | |
| Safety, fuega saite moliga, Warden of | ) | |
| Territorial Correctional Facility,  LBJ | ) | |
| TROPICAL MEDICAL CENTER, | ) | |
| CHARLES WARREN, Chairman of LBJ | ) | |
| Tropical Medical Center, PATRICIA | ) | |
| TINDALL, Acting CEO, ANNIE FUAVAI, | ) | |
| M.D., Chairperson of the LBJ Tropical Off- | ) | |
| Island Referral Committee, TERRY | ) | |
| LOVELACE, General Counsel of LBJ | ) | |
| Tropical Medical Center, and JOHN DOES | ) | |
| 1-50, | ) | |
| | ) | |
|                Defendants. | ) | |
| | ) | |

DEFENDANT HALES MOTION TO BE REMOVED AS A DEFENDANT

COMES NOW DEFENDANT Mark R. Hales and motions this Court to be removed as a Defendant for the following reasons.

## FACTUAL BACKGROUND

On or about July 6, 2007, the Plaintiff filed a Motion for Emergency Release with the High Court of American Samoa. On or about July 12, 2007, this motion was heard by American Samoa High Court Justice Lyle L. Richmond, who ordered the Plaintiff and the Attorney General's office to discuss procedures in obtaining proper medical care and informed the Plaintiff that it would be necessary to file a habeas corpus petition in the High Court.

On or about July 12, 2007, Defendants Mark R. Hales and Fepulea'i Afa Ripley, meet with Plaintiff's counsels Andrew Stave and Eric Seitz. At his meeting Hales told Seitz that Plaintiff failed to prove off island medical care was needed and that he had to apply to the Off Island Referral Committee if he wanted the American Samoa Government to pay for any off island care. At this hearing Seitz said unless the Off Island Referral Committee approved Plaintiff's medical care within a few days, he threatened Hales he would have to seek relief in federal court.

From July 12, 2007, until the present, the Plaintiff has failed to properly file a request with the Off Island Referral Committee.

However, during that same time, Defendant Hales and the Attorney General's Office sought for, and were notified that that state of Hawaii's prison system would host Plaintiff for free, if necessary, but would not incur any other costs.

On August 13, 2007, Plaintiff brought this civil action against all named Defendants. This matter was dismissed on by Order of this court August 24, 2007. This Order was received by Defendants on or about September 6, 2007.

The Plaintiff moved for reconsideration on August 26, 2007, and the Court entered an order granting in part and denying in part Plaintiff's motion on August 29, 2007, which Defendants never were served with. On August 30, 2007, Plaintiff filed a Renewed Motion for Preliminary Injunction, which Defendants received on or about September 7, 2007, and an Amended Verified Complaint for Injunction, Declaratory Judgment and Damages, which Defendants never properly received.

The Court filed an Order to Show Cause on September 14, 2007, and received by Defendants on September 24, 2007.

Defendant Hales was out of the office from September 9, 2007 until September 23, 2007.

## MEMORANDUM OF LAW

Injunctions cannot force a Defendant to perform an act in excess of his scope or authority. *See Goltra v. Weeks*, 271 U.S. 536 (1926). Furthermore, the courts cannot by injunctive process control or direct a head of an executive department in the discharging of any constitutional executive duty involving the exercise of judgment or discretion. *See Panama Refining. Co. v. Ryan*, 293 U.S. 388 (1935).

1. <u>Defendant Hales always acted within his limited authority</u>

Plaintiff has failed to indicated how Defendant Hales has acted improper or without due care, and therefore all actions against Hales must be dismissed. Instead, Hales has aggressively sought assistance in providing off island medical care. From

August 2, 2007, through August 3, 2007, Hales called the United States Attorney's Office in Hawaii, the Attorney General's Office of Hawaii, the Federal Bureau of Corrections, and Hawaii State Prison system seeking a potential host for the Plaintiff if he was granted off island care. On August 10, 2007, Hales informed Seitz that the Hawaii State prison system would host Plaintiff without charge.

In addition, from July 13, 2007, through September 7, 2007, Hales communicated with Defendant Terry Lovelace, (hereafter referred to as "Lovelace"), General Counsel for L.B.J., numerous times regarding the Government's obligation regarding the Plaintiff's off island medical care. On those occasions, Lovelace stated that he informed Seitz that he has not properly applied to the Off Island Referral Committee and needed to before any assessment could be made. As of September 24, 2007, Lovelace told me that the Plaintiff has still not properly applied to the Off Island Referral Committee for medical assistance.

Furthermore, from August 7, 2007, through September 24, 2007, Hales met with Toetasi Fue Tuiteleleapaga, Chief Legal Counsel for Governor Togiola T. Tulafono, several times to discuss Governor's opinion on the medical treatment of the Plaintiff. All meetings were initiated by Hales but no specific guidance was provided as to how Hales should specifically proceed in providing the Plaintiff with medical care. However, on September 8, 2007, one day prior to Hales' vacation, he was requested to provide the Governor with an Affidavit. An affidavit was prepared by Hales on September 8, 2007, but was never filed.

Hales also communicated with Attorney General Ripley numerous times from July 12, 2007 until September 24, 2007. All meetings were initiated by Hales but no

specific direction was provided as to how Hales should proceed in providing Plaintiff with medical care. On or about July 13, 2007, Hales discussed the matter with Attorney General Ripley and informed Hales that the American Samoa Government's investigation required Plaintiff to properly apply to the Off Island Referral Committee. Furthermore, on August 10, 2007, Ripley informed Hales that the state of Hawaii would host Plaintiff for free if the American Samoa Government provided costs for transportation to and from the prison and the medical center. This information was immediately provided to Seitz by Hales.

Hales is neither personally been involved in, nor has authority over, Plaintiff's medical care has Seitz indicates. The first time that Hales received any notice of the Plaintiff's medical concerns was on or about July 6, 2007, when he received a High Court of American Samoa "Motion for Emergency Release" dated June 26, 2007. This motion demanded release of a convicted murder to post $5,000 bail to travel alone to his mother's in California. This demand also included a letter by Dr. Saleapaga addressed, "To Whom it May Concern" stating a vague medical diagnose of the Plaintiff, which was not requesting off island care. Based off this information alone, Hales was in his duty and governmental obligation to oppose Plaintiff's motion.

At no time prior to July 6, 2007, was Hales served with any document or received any phone calls or emails from Stave or Seitz regarding Plaintiff's medical care as alleged by Plaintiff. Emails had been given to Deputy Attorney General Frederick J. O'Brien from Stave, but Hales never received any notice of any medical condition as alleged by Plaintiff until July 6, 2007. This is even after Hales began making appearances regarding the Plaintiff's appeal on February 8, 2007.

Hales is an Assistant Attorney General with limited duties and powers. He cannot order the Plaintiff to be given medical care. He cannot order the Government to pay for off island medical care. He acted within his scope and authority and under the direction of his superiors. He is only listed on this complaint because he handled the Plaintiff's appeal before the High Court of American Samoa and opposed Plaintiff's improper request for off island care.

Furthermore, Defendant Hales cannot force the Defendant to get medical care at the LBJ Tropical Medical Center. Defendant Hales cannot order the government to take the Plaintiff off island to receive medical care. Defendant Hales cannot do anything more to provide medical care to the Plaintiff on or off island.

For these reasons, all actions specifically against Defendant Hales should be dismissed.

2. Defendant Hales has Governmental immunity

American Samoa is a territory of the United States of American and its governmental employees are individually protected and immune from suit if they acted within the capacity and authority. *See* A.S.C.R. § 43.1203(b)(1)(2)(4); 28 U.S.C. § 2680(a); *See People Of Porto Rico v. Rosaly y Castillo*, 227 U.S. 270 (1913).

Furthermore, the United States Supreme Court has held that Territorial employees are not "persons" under 42 U.S.C. § 1983, and "therefore are not exposed to 1983 liability." S*ee Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990).

When a public officer or governmental employee acts under the jurisdiction conferred upon him, even if he commits errors in his performance and authority, he is protected. *See Adams v. Nagle*, 303 U.S. 532 (1938). Furthermore, courts are hesitant to

6

interfere by injunction where the acts complained of are essential to the health and comfort of the people at large.

Defendant Hales, as an Assistant Attorney General, is immune from suit both under local and federal laws. Hales is not a person under 42 U.S.C. § 1983. Hales acted, within his discretionary functions and duties as Assistant Attorney General, with due care in the execution of local and federal laws. At no time did he act outside the scope of his authority or act in an individual capacity.

## CONCLUSION

Since Defendant Hales acted within his scope of authority and never acted as an individual, he should be removed as a named Defendant. Defendant Hales should also be removed because he has immunity.

Dated: 7/25/07

_____
Mark R. Hales
Assistant Attorney General

MARK R. HALES
PO Box 7, Pago Pago
American Samoa, 96799
Telephone    684-633-4163
Facsimile    684-633-1838
Email markhales@gmail.com

DEFENDANT PRO SE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD MAJHOR, | ) | CIVIL NO. 07-1465 (RBW) |
| | ) | |
| Address:  Tafuna Correctional Facility | ) | |
| PO Box 1011 | ) | |
| Pago Pago, American Samoa | ) | CERTIFICATE OF SERVICE |
| 96799 | ) | |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S RESPONSE TO |
| vs. | ) | PLAINTIFF'S RENEWED |
| | ) | MOTION FOR PRELIMINARY |
| DIRK KEMPTHORNE, Secretary of the | ) | INJUNCTIONS AND THE |
| United States Department of Interior; | ) | COURT'S ORDER TO SHOW |
| TOGIOLA T. TULAFONO, Governor of | ) | CAUSE |
| American Samoa;  Fepulea'i Afa Ripley, Jr. | ) | |
| Attorney General; MARK HALES, | ) | AFFADVIT OF MARK R. HALES |
| Assistant Attorney General, SOTOA M. | ) | |
| SAVALI, Director of Department of Public | ) | |
| Safety, fuega saite moliga, Warden of | ) | |
| Territorial Correctional Facility,  LBJ | ) | |
| TROPICAL MEDICAL CENTER, | ) | |
| CHARLES WARREN, Chairman of LBJ | ) | |
| Tropical Medical Center, PATRICIA | ) | |
| TINDALL, Acting CEO, ANNIE FUAVAI, | ) | |
| M.D., Chairperson of the LBJ Tropical Off- | ) | |
| Island Referral Committee, TERRY | ) | |
| LOVELACE, General Counsel of LBJ | ) | |
| Tropical Medical Center, and JOHN DOES | ) | |
| 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

8

## CERTIFICATE OF DEFENDANT MARK R. HALES

COMES NOW DEFENDANTS Mark R. Hales and hereby do certify that a copy of DEFENDANT'S MOTION TO BE REMOVED AS A DEFENDANT and AFFADVIT OF MARK R. HALES was served on this date via United States Mail, Postage pre-paid, to the following:

Kirk Kempthorne
Secretary of the Interior
United States Department of Interior
1849 C Street. NW
Washington, DC 20240

Eric Seitz,
Counsel for Defendant
820 Mililani Street, Suite 714
Honolulu, Hawaii, 96813

And personally served to the following, or their agents:

Togiola T. Tulafono
Governor of American Samoa
3rd floor – E.O.B. – Utulei
Pago Pago, American Samoa 96799

Fepulea'I Afa Ripley, Jr.
Attorney General
PO Box 7
Pago Pago, American Samoa 96799

Mark Hales
Assistant Attorney General
PO Box 7
Pago Pago, American Samoa 96799

Sotoa M. Savali
Director of DPS
American Samoa Government
Pago Pago, American Samoa 96799

Fuega Saite Moliga
Warden of Tafuna Correctional Facility
American Samoa Government
Pago Pago, American Samoa 96799

LBJ Tropical Medical Center

9

ATTN: Patricia Tindall, CEO
PO Box LBJ
Pago Pago, American Samoa 96799

Charles Warren,
Chairman ASMCA
PO Box LBJ
Pago Pago, American Samoa 96799

Patricia Tindall, CEO
LBJ Tropical Medical Center
PO Box LBJ
Pago Pago, American Samoa 96799

Dr. Annie Fuavai
Chairperson, LBJ OIRC
PO Box LBJ
Pago Pago, American Samoa 96799

Terry Lovelace, Esq
General Counsel
PO Box LBJ
Pago Pago, American Samoa 96799

Dated: 9/25/07

Mark R. Hales
Assistant Attorney General

10