MARK R. HALES
FEPULEA'I AFA RIPLEY, JR.
TOGIOLA T. TULAFONO
SOTA M. SAVALI
FUEGA SAITE MOLIGA
PO Box 7, Pago Pago
American Samoa, 96799
Telephone     684-633-4163
Facsimile     684-633-1838
Email markhales@gmail.com

DEFENDANTS IN PRO SE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD MAJHOR, | ) | CIVIL NO.  07-1465 (RBW) |
| | ) | |
| Address:  Tafuna Correctional Facility | ) | |
|       PO Box 1011 | ) | |
|       Pago Pago, American Samoa | ) | DEFANDANT'S REPONSE TO |
|       96799 | ) | PLAINTIFF'S RENEWED |
| | ) | MOTION FOR PRELIMINARY |
|       Plaintiff, | ) | INJUNCTION AND THE |
| vs. | ) | COURT'S ORDER TO SHOW |
| | ) | CAUSE |
| DIRK KEMPTHORNE, Secretary of the | ) | |
| United States Department of Interior; | ) | |
| TOGIOLA T. TULAFONO, Governor of | ) | |
| American Samoa;  Fepulea'I Afa Ripley, Jr. | ) | |
| Attorney General; MARK HALES, | ) | |
| Assistant Attorney General, SOTOA M. | ) | |
| SAVALI, Director of Department of Public | ) | |
| Safety, fuega saite moliga, Warden of | ) | |
| Territorial Correctional Facility,  LBJ | ) | |
| TROPICAL MEDICAL CENTER, | ) | |
| CHARLES WARREN, Chairman of LBJ | ) | |
| Tropical Medical Center, PATRICIA | ) | |
| TINDALL, Acting CEO, ANNIE FUAVAI, | ) | |
| M.D., Chairperson of the LBJ Tropical Off- | ) | |
| Island Referral Committee, TERRY | ) | |
| LOVELACE, General Counsel of LBJ | ) | |
| Tropical Medical Center, and JOHN  DOES | ) | |
| 1-50, | ) | |
| | ) | |

Defendants.                )
_____)

RESPONSE TO PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY
INJUNCTION FOR DEFENDANTS MARK R. HALES; TOGIOLA T. TULAFONO;
FEPULEA'I AFA RIPLEY, JR.; SOTOA M. SAVALI, FUEGA SAITE MOLIGA

COMES NOW DEFENDANTS Mark R. Hales; Togiola T. Tulafono; Fepulea'i

Afa Ripley, Jr.; Sotoa M. Savali, Fuega Saite Moliga and respond to the Plaintiff's

Renewed Motion for Preliminary Injunction and the Court's Order to Show Cause.

## **FACTUAL BACKGROUND**

On or about July 6, 2007, the Plaintiff filed a Motion for Emergency Release with

the High Court of American Samoa.  On or about July 12, 2007, this motion was heard by

American Samoa High Court Justice Lyle L. Richmond, who ordered the Plaintiff and the

Attorney General's office to discuss procedures in obtaining proper medical care and

informed the Plaintiff that it would be necessary to file a habeas corpus petition in the

High Court.

On or about July 12, 2007, Defendants Mark R. Hales and Fepulea'i Afa Ripley,

met with Plaintiff's counsels Andrew Stave and Eric Seitz.  At this meeting Hales told

Seitz that Plaintiff failed to prove off island medical care was needed and that he had to

apply to the Off Island Referral Committee if he wanted the American Samoa

Government to pay for any off island care.  At this hearing Seitz said unless the Off

Island Referral Committee approved Plaintiff's medical care within a few days, he

threatened Hales he would have to seek relief in federal court.

From July 12, 2007, until the present, the Plaintiff has failed to properly file a

request with the Off Island Referral Committee.

2

However, during that same time, Defendant Hales and the Attorney General's Office sought for, and were notified that the state of Hawaii's prison system would host Plaintiff for free, if necessary, but would not incur any other costs.

On August 13, 2007, Plaintiff brought this civil action against all named Defendants.  This matter was dismissed by Order of this on court August 24, 2007.  This Order was received by Defendants on or about September 6, 2007.

The Plaintiff moved for reconsideration on August 26, 2007, and the Court entered an order granting in part and denying in part Plaintiff's motion on August 29, 2007, which Defendants were not served with.  On August 30, 2007, Plaintiff filed a Renewed Motion for Preliminary Injunction, which Defendants received on or about September 7, 2007, and an Amended Verified Complaint for Injunction, Declaratory Judgment and Damages, which Defendants did not received.

The Court filed an Order to Show Cause on September 14, 2007, which was received by Defendants on September 24, 2007.

Defendant Hales was out of the office from September 9, 2007 until September 23, 2007.

### MEMORANDUM OF LAW

Injunctions are severe orders by a court and are granted in limited cases where after review of all the facts, it is clear that there is no doubt that the only remedy is an injunction.  *See Massachusetts State Grange v. Benton*, 272 U.S. 525, 527 (1926). Because injunctions are not encouraged by the courts, complainant has the great burden to prove the facts which entitle him to relief.

It is also apparent that a compulsory injunction is viewed as an exceptional remedy and is not regarded with judicial favor. *See Black v. Jackson*, 177 U.S. 349, 20 S. Ct. 648, 44 L. Ed. 801 (1900); *Singleton v. Anson County Board of Education*, 283 F. Supp. 895 (W.D.N.C.1968). Therefore, the Court reviews proposed injunctions with great caution and grant such request only in cases of great necessity. *See Singleton*, supra.

The Plaintiff's Renewed Motion for Preliminary injunction against the Defendants should be dismissed for several reasons. First, because the District Court of the District of Columbia is an improper venue. As well, Plaintiff failed to exhaust local remedies available to him in American Samoa. In addition, the LBJ Tropical Medical Center has provided proper medical care. Also, Plaintiff is not threatened with a serious medical condition. Furthermore, Defendants are immune from suit because they did not act as individuals, but acted within the scope of their authority. Finally, the Plaintiff acted with unclean hands.

Independently, all personal actions against all Defendant should be dismissed because Defendants always acted in the capacity of American Samoa Government Officials and employees and not as individuals.

1. District Court of the District of Columbia is an improper venue

The District Court for the District of Columbia is not the most convenient forum. All Defendants, except for the Secretary of Interior, Defendant Dirk Kempthorne, are located in the Territory of American Samoa, in the South Pacific Ocean and therefore any matters should be heard by the United States District Court, District of Hawaii. American Samoa is thousands of miles and seven hours behind the District of Columbia,

which puts a great burden on all Defendants to meet possible filing deadlines and attempts to communicate with the court.

Furthermore, the Defendant has failed to prove why the District Court of the District of Columbia is proper venue.

For these reasons, the matter should be dismissed.

2.    Failed To Exhaust Local Remedies

The Plaintiff has also failed to exhaust all remedies within American Samoa Jurisdiction and therefore, this Court should dismiss all pending matters.  "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted).  Likewise, in 28 U.S.C. § 2254, a petitioner seeking federal habeas relief "on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless… the applicant has exhausted the remedies available in the courts of the States; … there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. 2254(b)(2000).  The same standards apply to territorial courts.  *See Callwood v. Enos*, 230 F.3d 627, 634 (3rd Cir. 2000); *Pador v. Matanane*, 653 F.2d 1277, 1279 (9th Cir. 1981).  "The requirement of exhaustion of remedies exists to avoid an adjudication of territorial criminal convictions by federal authorities, wherever possible, to the end that comity may be furthered and potential conflict avoided."  *Aldan v. Salas*, 718 F.2d 889, 891 (9th Cir. 1983) (citations omitted).

The Plaintiff has not filed a habeas corpus petition in the High Court of American Samoa as requested by the High Court.  The Plaintiff has not followed proper procedures in seeking government funded medical care off island.  The Plaintiff has simply filed this motion in attempt to bully or scare the government of American Samoa and its employees to cave under pressure and send the Plaintiff off island to receive medical care.

On or about July 12, 2007, Defendant Mark R. Hales, Assistant Attorney General of American Samoa, (hereinafter referred to as "Hales") along with Attorney General Afa Ripley, (hereinafter referred to as "Ripley") met with Plaintiff's Counsels, Eric Seitz, (hereinafter referred to as "Seitz") and Andrew Stave, (hereinafter referred to as "Stave") to discuss the procedures in receiving proper medical care, as ordered by the High Court of American Samoa. Hales stated that the Plaintiff needed to apply to the Off Island Referral Committee if he wanted the American Samoa Government to pay for his off island medical care.  Seitz then threatened Hales and Ripley that if the Plaintiff could not receive approval from the Off Island Referral Committee within a few days, Seitz would file suit in federal court.

On or about August 10, 2007, Hales told Seitz that the state of Hawaii's prison system will host the Plaintiff if he was to receive medical care in Hawaii.  Hales also stated that if Plaintiff was granted government funded financial assistance for off-island care the Government would not oppose his travel.  Furthermore, Hales stated that if the Plaintiff was willing to pay for his own care, he would be permitted to travel under the supervision of a local police officer if the Plaintiff could arrange transportation.  Seitz refused all of these avenues and indicated that his suit in federal court was his only course of action.  Seitz's arguments have suddenly changed.  In Plaintiff's Motion for

Emergency Release filed in the High Court of American Samoa (*See Document 11-5 filed on August 30, 2007*), Plaintiff agreed to pay all travel expenditures to California in order to receive proper medical care and post $5,000.00 in bond to secure Plaintiff's return to American Samoa.  However, now the Plaintiff refuses to comply with prior proposed conditions and seeks relief only in federal courts, seeking injunctions and damages.

Proper governmental procedures are established for government funded medical care.  *See Off Island Medical Referral Program Polices and Procedures, attached as Exhibit "A."*  There is no conspiracy or deliberate indifferent actions to refuse treatment to the Plaintiff.  The Government has secured several avenues available to the Plaintiff in seeking off-island care.

The Plaintiff on the other hand has failed to take action with American Samoa. The Plaintiff has failed to make a proper request to the Off Island Referral Committee. The Plaintiff has failed to take any steps to prove to the American Samoa Government or the High Court of American Samoa that medical care is needed beyond the resources of the LBJ Tropical Medical Center.  The Plaintiff has failed to contact Defendant Hales, or any lawyer in the Attorney General's Office, after the July 12, 2007, meeting seeking the government's progress.  The Plaintiff has failed to contact any other Defendants regarding the steps he has taken to receive proper medical care.  Seitz personally has failed to show how he has attempted to obtain local counsel to assist him.  Though the number of lawyers in American Samoa is limited, Seitz has failed to indicate who he has contacted to assist in legal proceedings and who has refused his help or is conflicted out.

Furthermore, the Plaintiff argues that he cannot receive proper legal relief because an uncle, F. Michael Kruse, to a witness to Plaintiff's murder case would be the presiding

7

High Court Justice.  This is a false statement.  Justice Lyle L. Richmond handled the trial, and has handled, and will continue to handle, all matters regarding the health of the Plaintiff.  Justice F. Michael Kruse withdrew from the appeal.  The fact that Justice Richmond handled the appeal does not conflict him from hearing additional matters.  On the contrary, Justice Richmond has aggressively sought guidance from the government on the status of the Plaintiff's health.  Therefore, the Plaintiff's motion regarding lack of jurisdiction is inaccurate.

The Plaintiff has done nothing but file motions in federal court making improper and inaccurate claims.  The Plaintiff feels he is above the rules and can simply file a complaint in Federal Court to be granted medical relief in American Samoa.

3.   Plaintiff's Medical Care is not being refused by LBJ

Plaintiff's requested injunction should be denied because Plaintiff is not being refused any medical care or medical treatment available on island.  The Plaintiff is provided treatment weekly at the LBJ Tropical Medical Center, and at any other times as necessary.

From March 10, 2007 until September 3, 2007, the Plaintiff sought for, and received medical assistance at LBJ 38 times by 13 different doctors.  *See Letter and attachment from Judith Payes to Terry Lovelace dated September 20, 2007, Exhibit "B."* At no time has LBJ refused medical care to the Plaintiff.

The fact that the Plaintiff has been provided with proper medication at all of his visits and treatments is supported by the Plaintiff's doctor, Dr. Saleapga. *See Sworn Affidavit of Iotamo T. Saleapga, Exhibit "C."*

4.   Plaintiff is not threatened by a serious injury

8

The Plaintiff's Motion for injunction should also be denied because the Plaintiff is not threatened with any serious medical risks.

Injunctions are granted only under extreme circumstances of an actual, positive and substantiated injury.  A person that seeks injunctive relief not only must prove that he has a clear right of a character which equity will protect, but also that the acts complained of constitute a serious injury.  The gravity of the injury must be actual or material, and not merely anticipated, possible, fanciful, or theoretical.  *See New York v. Illinois*, 274 U.S. 488 (1927); *Continental Baking Co. v. Woodring*, 286 U.S. 352 (1932).  The threat or fear of an injury in some indefinite time in the future is insufficient.  The injury must be real and not imaginary or subjective.

During the thirty-eight visits to LBJ from March 10, 2007 until September 3, 2007, the Plaintiff complained mostly of headaches and was treated with prescription medication.  *See Exhibit "B."*  During all of the Plaintiff's visits to LBJ, no serious injuries were complained of by the Plaintiff or diagnosed by attending thirteen physicians.   Despite his frequent interaction with LBJ medical doctors, none of the thirteen treating physicians ever believed the Plaintiff needed additional treatment and none referred the Plaintiff to the Off Island Referral Committee.

The Plaintiff's own doctor, Dr. Saleapaga, has stated that Plaintiff's condition is "subjective," "unremarkable," and "not life threatening and he was not an appropriate candidate for referral to the Off-Island Referral Committee." *See Exhibit "C"*.  He also stated that his initial letter dated June 13, 2007, was in response to the request of Seitz and Stave to remove Plaintiff from the Territorial Correctional Facility to the Plaintiff's

mother's residence in California, and that he should "emphasis the benefits he could enjoy by residing where more sophisticated medical care is available." *Id.*

Thirteen separate doctors have treated the Plaintiff and all thirteen have not believed that he was a candidate to be referred to the Off-Island Referral Committee because the Plaintiff's medical condition was not serious or life threatening.

For theses reasons, the Plaintiff's motion should be denied.

### 5. Defendants are protected under Governmental Immunity

American Samoa is a territory of the United States of American and its governmental employees are individually protected and immune from suit if they acted within the capacity and authority. *See* A.S.C.R. § 43.1203(b)(1)(2)(4); 28 U.S.C. § 2680(a); *See People Of Porto Rico v. Rosaly y Castillo*, 227 U.S. 270 (1913).

Furthermore, the United States Supreme Court has held that Territorial employees are not "persons" under 42 U.S.C. § 1983, and "therefore are not exposed to 1983 liability." S*ee Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990).

When a public officer or governmental employee acts under the jurisdiction conferred upon him, even if he commits errors in his performance and authority, he is protected. *See Adams v. Nagle*¸ 303 U.S. 532 (1938). Furthermore, courts are hesitant to interfere by injunction where the acts complained of are essential to the health and comfort of the people at large.

### 6. Plaintiff did not act with clean hands

There are certain fundamental principles which lie at the core of equity jurisprudence and govern the court in granting or withholding injunctive relief. Dispositive among these is the maxim which relates to the fairness or good conduct of the

party invoking the court's aid, and requires a denial of relief to a party who is himself guilty of misconduct in respect to the matters in controversy, and who does not come into court with "clean hands." A person who acted with bad faith, trickery and deception fraud, injustice, or unfairness in connection to the acts of the Defendants in regards to the relief sought, may not come to court and be granted equitable relief.

Seitz has dirty hands. He has misappropriated the facts. He has lied about the involvement of Defendants. Plaintiff, as well as Seitz, has misinformed the court regarding the medical treatment and needs of the Plaintiff. Seitz has failed to exhaust all local remedies. He has made verbal threats to several Defendants.

Since Plaintiff and Plaintiff's Counsel Seitz, do not have clean hands, this matter should be dismissed.

### 7.  All Actions Against all Defendants Should Be Dismissed

Injunctions cannot force a Defendant to perform an act in excess of his scope or authority. *See Goltra v. Weeks*, 271 U.S. 536 (1926). Furthermore, the courts cannot by injunctive process control or direct a head of an executive department in the discharging of any constitutional executive duty involving the exercise of judgment or discretion. *See Panama Refining. Co. v. Ryan*, 293 U.S. 388 (1935).

Plaintiff has failed to indicate how Defendants have acted improperly or without due care, and therefore all actions against all Defendants, personal and otherwise, must be dismissed.

For these reasons, all actions specifically against all Defendants should be dismissed.

### **CONCLUSION**

11

The Plaintiff's Renewed Motion for Preliminary injunction against the Defendants should be dismissed because the District Court of the District of Columbia is an improper venue, the Plaintiff failed to exhaust local remedies available to him in American Samoa, the Plaintiff has always received proper medical care, the Plaintiff is not threatened with a serious medical condition, the Defendants are immune from suit because they did not act as individuals, but acted within the scope of their authority, and the Plaintiff acted with unclean hands.

Dated: _____          _____
                                 Mark R. Hales
                                 Assistant Attorney General
                                 Defendant in Pro Se

Dated: _____          _____
                                 Fepulea'i Afa Ripley, Jr.
                                 Attorney General
                                 Defendant in Pro Se

Dated: _____          _____
                                 Togiola T. Tulafono
                                 Governor of American Samoa
                                 Defendant in Pro Se

Dated: _____          _____
                                 Sotoa M. Savaii
                                 Director of Dept. of Public Safety
                                 Defendant in Pro Se

Dated: _____          _____
                                 Fuega Saite Moliga
                                 Warden of the Territorial
                                 Correctional Facility
                                 Defendant in Pro Se

MARK R. HALES
FEPULEA'I AFA RIPLEY, JR.
TOGIOLA T. TULAFONO
SOTA M. SAVALI
FUEGA SAITE MOLIGA
PO Box 7, Pago Pago
American Samoa, 96799
Telephone      684-633-4163
Facsimile      684-633-1838
Email markhales@gmail.com

DEFENDANTS PRO SE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD MAJHOR, | ) | CIVIL NO.  07-1465 (RBW) |
| | ) | |
| Address:  Tafuna Correctional Facility | ) | |
| PO Box 1011 | ) | |
| Pago Pago, American Samoa | ) | CERTIFICATE OF SERVICE |
| 96799 | ) | |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S RESPONSE TO |
| vs. | ) | PLAINTIFF'S RENEWED |
| | ) | MOTION FOR PRELIMINARY |
| DIRK KEMPTHORNE, Secretary of the | ) | INJUNCTIONS AND THE |
| United States Department of Interior; | ) | COURT'S ORDER TO SHOW |
| TOGIOLA T. TULAFONO, Governor of | ) | CAUSE |
| American Samoa;  Fepulea'i Afa Ripley, Jr. | ) | |
| Attorney General; MARK HALES, | ) | |
| Assistant Attorney General, SOTOA M. | ) | |
| SAVALI, Director of Department of Public | ) | |
| Safety, fuega saite moliga, Warden of | ) | |
| Territorial Correctional Facility,  LBJ | ) | |
| TROPICAL MEDICAL CENTER, | ) | |
| CHARLES WARREN, Chairman of LBJ | ) | |
| Tropical Medical Center, PATRICIA | ) | |
| TINDALL, Acting CEO, ANNIE FUAVAI, | ) | |
| M.D., Chairperson of the LBJ Tropical Off- | ) | |
| Island Referral Committee, TERRY | ) | |
| LOVELACE, General Counsel of LBJ | ) | |
| Tropical Medical Center, and JOHN  DOES | ) | |
| 1-50, | ) | |
| | ) | |

Defendants.                    )
_____)


CERTIFICATE OF SERVICE ON BEHALF OF
DEFENDANTS MARK R. HALES; TOGIOLA T. TULAFONO; FEPULEA'I AFA
RIPLEY, JR.; SOTOA M. SAVALI, FUEGA SAITE MOLIGA

COMES NOW DEFENDANTS Mark R. Hales; Togiola T. Tulafono; Fepulea'i
Afa Ripley, Jr.; Sotoa M. Savali, Fuega Saite Moliga hereby do certify that a copy of an
ANSWER, AFFIRMATIVE DEFENSES, MOTION FOR RULE 11 SANCTIONS AND
WITNESS LIST was served on this date via United States Mail, Postage pre-paid, to the
following:

Kirk Kempthorne
Secretary of the Interior
United States Department of Interior
1849 C Street. NW
Washington, DC 20240

Eric Seitz,
Counsel for Defendant
820 Mililani Street, Suite 714
Honolulu, Hawaii, 96813

And personally served to the following, or their agents:

Togiola T. Tulafono
Governor of American Samoa
3rd floor – E.O.B. – Utulei
Pago Pago, American Samoa 96799

Fepulea'I Afa Ripley, Jr.
Attorney General
PO Box 7
Pago Pago, American Samoa 96799

Mark Hales
Assistant Attorney General
PO Box 7
Pago Pago, American Samoa 96799

Sotoa M. Savali
Director of DPS
American Samoa Government
Pago Pago, American Samoa 96799

Fuega Saite Moliga
Warden of Tafuna Correctional Facility
American Samoa Government
Pago Pago, American Samoa 96799

LBJ Tropical Medical Center
ATTN:  Patricia Tindall, CEO
PO Box LBJ
Pago Pago, American Samoa 96799

Charles Warren,
Chairman ASMCA
PO Box LBJ
Pago Pago, American Samoa 96799

Patricia Tindall, CEO
LBJ Tropical Medical Center
PO Box LBJ
Pago Pago, American Samoa 96799

Dr. Annie Fuavai
Chairperson, LBJ OIRC
PO Box LBJ
Pago Pago, American Samoa 96799

Terry Lovelace, Esq
General Counsel
PO Box LBJ
Pago Pago, American Samoa 96799


Dated:  _____                    _____
                                           Mark R. Hales
                                           Assistant Attorney General
                                           Defendant in Pro Se


Dated:  _____                    _____
                                           Fepulea'i Afa Ripley, Jr.
                                           Attorney General
                                           Defendant in Pro Se


Dated:  _____                    _____
                                           Togiola T. Tulafono
                                           Governor of American Samoa
                                           Defendant in Pro Se

Dated: _____          _____
                                 Sotoa M. Savaii
                                 Director of Dept. of Public Safety
                                 Defendant in Pro Se

Dated: _____          _____
                                 Fuega Saite Moliga
                                 Warden of the Territorial
                                 Correctional Facility
                                 Defendant in Pro Se

The Plaintiff's Renewed Motion for Preliminary Injunction against Defendants should be dismissed because the District Court of the District of Columbia is an improper venue, the Plaintiff failed to exhaust local remedies available to him in American Samoa, the Plaintiff has always received proper medical care, the Plaintiff is not threatened with a serious medical condition, the Defendants are immune from suit because they did not act as individuals, but acted within the scope of their authority, and the Plaintiff acted with unclean hands.

Dated: 9/25/07

Mark R. Hales
Assistant Attorney General
Defendant in Pro Se

Dated: 9/25/2007

Fepulea'i Afa Ripley, Jr.
Attorney General
Defendant in Pro Se

Dated: 9/25/07

Togiola T. Tulafono
Governor of American Samoa
Defendant in Pro Se

Dated: 09-25-07

Sotoa M. Savaii
Director of Dept. of Public Safety
Defendant in Pro Se

Dated: 09.25.07

Fuega Saite Moliga
Warden of the Territorial
Correctional Facility
Defendant in Pro Se

12

Fuega Saite Moliga
Warden of Tafuna Correctional Facility
American Samoa Government
Pago Pago, American Samoa 96799

LBJ Tropical Medical Center
ATTN: Patricia Tindall, CEO
PO Box LBJ
Pago Pago, American Samoa 96799

Charles Warren,
Chairman ASMCA
PO Box LBJ
Pago Pago, American Samoa 96799

Patricia Tindall, CEO
LBJ Tropical Medical Center
PO Box LBJ
Pago Pago, American Samoa 96799

Dr. Annie Fuavai
Chairperson, LBJ OIRC
PO Box LBJ
Pago Pago, American Samoa 96799

Terry Lovelace, Esq
General Counsel
PO Box LBJ
Pago Pago, American Samoa 96799

Dated: _9/25/07_

Dated: _9/25/2007_

Dated: _9/25/07_


Mark R. Hales
Assistant Attorney General
Defendant in Pro Se


Fepulea'i Afa Ripley, Jr.
Attorney General
Defendant in Pro Se


Togiola T. Tulafono
Governor of American Samoa
Defendant in Pro Se

15

Dated: _07-25-07_

Sotoa M. Savali
Director of Dept. of Public Safety
Defendant in Pro Se

Dated: _09.25.07_

Fuega Saite Moliga
Warden of the Territorial
Correctional Facility
Defendant in Pro Se

16

Fuega Saite Moliga
Warden of Tafuna Correctional Facility
American Samoa Government
Pago Pago, American Samoa 96799

LBJ Tropical Medical Center
ATTN: Patricia Tindall, CEO
PO Box LBJ
Pago Pago, American Samoa 96799

Charles Warren,
Chairman ASMCA
PO Box LBJ
Pago Pago, American Samoa 96799

Patricia Tindall, CEO
LBJ Tropical Medical Center
PO Box LBJ
Pago Pago, American Samoa 96799

Dr. Annie Fuavai
Chairperson, LBJ OIRC
PO Box LBJ
Pago Pago, American Samoa 96799

Terry Lovelace, Esq
General Counsel
PO Box LBJ
Pago Pago, American Samoa 96799

Dated: 9/25/07

Mark R. Hales
Assistant Attorney General
Defendant in Pro Se

Dated: 9/25/2007

Fepulea'i Afa Ripley, Jr.
Attorney General
Defendant in Pro Se

Dated: 9/25/07

Togiola T. Tulafono
Governor of American Samoa
Defendant in Pro Se

Dated: 9-25-07

Sotoa M. Savaii
Director of Dept. of Public Safety
Defendant in Pro Se

Dated: 09.25.07

Fuega Saite Moliga
Warden of the Territorial
Correctional Facility
Defendant in Pro Se