CHARLES WARREN,
PATRICIA TINDALL,
ANNIE FUAVAI
TERRY LOVELACE
LBJ TROPICAL MEDICAL CENTER
LBJ Tropical Medical Center
PO Box LBJ, Pago Pago
American Samoa, 96799
684 – 633-4590        telephone
684-633-1869          facsimile
e-mail terrylovelace@yahoo.com

DEFENDANTS IN PRO PER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR,<br><br>Address:  Tafuna Correctional Facility<br>            PO Box 1011<br>            Pago Pago, American Samoa<br>            96799<br><br>                    Plaintiff,<br>        vs.<br><br>DIRK KEMPTHORNE, Secretary of the<br>United States Department of Interior;<br>TOGIOLA T. TULAFONO, Governor of<br>American Samoa; Fepulea'I Afa Ripley, Jr.<br>Attorney General; MARK HALES,<br>Assistant Attorney General, SOTOA M.<br>SAVALI, Director of Department of Public<br>Safety, fuega saite moliga, Warden of<br>Territorial Correctional Facility,  LBJ<br>TROPICAL MEDICAL CENTER,<br>CHARLES WARREN, Chairman of LBJ<br>Tropical Medical Center, PATRICIA<br>TINDALL, Acting CEO, ANNIE FUAVAI,<br>M.D., Chairperson of the LBJ Tropical Off-<br>Island Referral Committee, TERRY<br>LOVELACE, General Counsel of LBJ | CIVIL NO.  07-1465 (RBW)<br><br>ANSWER AND AFFIRMATIVE<br>DEFENSES |

Tropical Medical Center, and JOHN DOES )
1-50,                                  )
                                       )
            Defendants.                )
_____)

ANSWER AND AFFIRMATIVE DEFENSES
FOR DEFENDANTS CHARLES WARREN,
PATRICIA TINDALL, ANNIE FUAVAI
LBJ TROPICAL MEDICAL CENTER
AND TERRY LOVELACE

COMES NOW DEFENDANTS Charles Warren, Patricia Tindall, Terry Lovelace, Dr. Annie Fuavai, and LBJ Tropical Medical Center and for their Answer to the Allegations contained in Plaintiff's Complaint states as follows:

1. In Answer to the allegations contained in Paragraph Number 1 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations contained therein, but leave Plaintiff to his proofs.

2. In Answer to the allegations contained in Paragraph Number 2 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations contained therein, but leave Plaintiff to his proofs.

3. In Answer to the allegations contained in Paragraph Number 3 of Plaintiff's Complaint, Defendants deny the allegations and assert that jurisdiction is proper in the High Court of American Samoa.

4. In Answer to the allegations contained in Paragraph Number 4 of Plaintiff's Complaint, Defendants deny the allegations and assert that jurisdiction is proper in the High Court of American Samoa.

5. In Answer to the Allegations contained in Paragraph Number 5 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

6. In Answer to the Allegations contained in Paragraph Number 6 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

7. In Answer to the Allegations contained in Paragraph Number 7 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

8. In Answer to the Allegations contained in Paragraph Number 8 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

9. In Answer to the Allegations contained in Paragraph Number 9 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

10. In Answer to the Allegations contained in Paragraph Number 10 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

11. In Answer to the Allegations contained in Paragraph Number 11 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

12. In Answer to the Allegations contained in Paragraph Number 12 of the Plaintiff's Complaint, Defendant American Samoa Medical Center Authority denies that

it is an "independent agency" of the American Samoa Government and asserts instead, that it is a semi-autonomous agency. As to the second allegation that LBJ Tropical Medical Center is the only medical care available to Plaintiff, Defendant LBJ Tropical Medical Center is without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admits nor denies the allegation, but leaves Plaintiff to his proofs.

13. In Answer to the Allegations contained in Paragraph Number 13 of Plaintiff's Complaint, Defendant Charles Warren denies the allegation contained therein and asserts that he is Chairman of the American Samoa Medical Center Authority, that no such entity as LBJ Center exists.

14. In Answer to the Allegations contained in Paragraph Number 14 of Plaintiff's Complaint, Defendant Patricia Tindall admits the allegation contained therein because it is true, except that her title and status has changed from Acting CEO to CEO of LBJ Tropical Medical Center.

15. In Answer to the Allegations contained in Paragraph Number 15 of Plaintiff's Complaint, Defendants admit the allegation contained therein because it is true.

16. In Answer to the Allegations contained in Paragraph Number 16 of Plaintiff's Complaint, Defendants admit to the allegation contained therein because it is true.

17. In Answer to the Allegations contained in Paragraph 17 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief

as to the truth of the averment, and therefore neither admit nor deny the allegations contained therein, but leave Plaintiff to his proofs.

18. In Answer to the Allegations contained in Paragraph 18 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegation, but leave Plaintiff to his proofs.

19. In Answer to the Allegations contained in Paragraph Number 19 of Plaintiff's Complaint, Defendants admit to the allegation contained therein because it is true.

20. In Answer to the Allegations contained in Paragraph 20 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

21. In Answer to the Allegations contained in Paragraph 21 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

22. In Answer to the Allegations contained in Paragraph Number 22 of Plaintiff's Complaint, Defendants deny the allegations contained therein because they are untrue.

23. In Answer to the Allegations contained in Paragraph 23 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief

as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

24. In Answer to the Allegations contained in Paragraph 24 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

25. In Answer to the Allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

26. In Answer to the Allegations contained in Paragraph 26 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

27. In Answer to the Allegations contained in Paragraph 27 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

28. In Answer to the Allegations contained in Paragraph 28 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

29. In Answer to the Allegations contained in Paragraph 29 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs. *See Affidavit of Dr. Saleapaga attached hereto and incorporated by reference as "Attachment #1.*

30. In Answer to the Allegations contained in Paragraph 30 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

31. In Answer to the Allegations contained in Paragraph 31 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs. Defendants note that Plaintiff is aggressively pursuing his remedy in the High Court of American Samoa while simultaneously seeking relief in the US District Court.

32. In Answer to the Allegations contained in Paragraph 32 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs. Defendants note that Plaintiff is aggressively pursuing his remedy in the High Court of American Samoa while simultaneously seeking relief in the US District Court.

33. In Answer to the Allegations contained in Paragraph Number 33 of Plaintiff's Complaint, Defendant denies Plaintiff was ever admitted to "intensive care"

and asserts that this is an example of the unnecessary, misleading and inflammatory language used by Plaintiff's counsel. In regard to the remaining allegations contained therein, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny, but leave Plaintiff to his proofs.

34. In Answer to the Allegations contained in Paragraph 34 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs. Defendants note that Plaintiff is aggressively pursuing his remedy in the High Court of American Samoa while simultaneously seeking relief before this Honorable Court.

35. In Answer to the Allegations contained in Paragraph Number 35 of Plaintiff's Complaint, Defendant admits to the allegation that Lovelace was contacted by Eric Seitz because they are true, but denies that LBJ is an unsuitable or inadequate facility or that Plaintiff was in need of any immediate "medical care or procedures" unavailable through LBJ.

36. In Answer to the Allegation contained in Paragraph Number 36 of Plaintiff's Complaint, Defendant Lovelace admits that Plaintiff's Counsel demanded that he refer Plaintiff to the Off-Island Committee for evaluation.

37. In Answer to the Allegations contained in Paragraph Number 37 of Plaintiff's Complaint, Defendant Lovelace admits to the allegation and asserts that (a) Lovelace is not a physician and cannot refer any patient for evaluation; and (b) the Health

Insurance Portability and Accountability Act of 1996 prohibits disclosure of protected patient information absent a signed authorization from the patient.

38. In Answer to the Allegations contained in Paragraph Number 38 of Plaintiff's Complaint, Defendant Lovelace denies that he "acknowledged Plaintiff's request for immediate treatment by another physician" for the reasons stated in # 37 above, and reasserts reasons stated in 37(a) and (b).

39. In Answer to the Allegations contained in Paragraph Number 39 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

40. In Answer to the Allegations contained in Paragraph Number 40 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

41. In Answer to the Allegations contained in Paragraph Number 41 of Plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny the allegations therein, but leave Plaintiff to his proofs.

42. In Answer to the Allegations contained in Paragraph Number 42 of Plaintiff's Complaint, Defendants deny Plaintiff has ever been denied treatment at LBJ Tropical medical Center. As to Plaintiff's allegation that Plaintiff continues to suffer from "loss of consciousness," Defendants are without knowledge or information

sufficient to form a belief as to the truth of the averment, and therefore neither admit nor deny, but leave Plaintiff to his proofs.

43. In Answer to the Allegation contained in Paragraph Number 43 of Plaintiff's Complaint, Defendants admit to the allegation contained therein because it is true.

44. In Answer to the Allegations contained in Paragraph Number 44 of Plaintiff's Complaint, Defendants deny the allegations contained therein because they are untrue.

45. In Answer to the Allegations contained in Paragraph Number 45 of Plaintiff's Complaint, Defendants deny the allegations contained therein because they are untrue.

46. In Answer to the Allegation contained in Paragraph Number 46 of Plaintiff's Complaint, Defendants admit to the allegation contained therein because it is true.

47. In Answer to the Allegations contained in Paragraph Number 47 of Plaintiff's Complaint, Defendants deny the allegations contained therein because they are untrue.

48. In Answer to the Allegations contained in Paragraph Number 48 of Plaintiff's Complaint, Defendants deny the allegations contained therein because they are untrue.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c)

COMES NOW Defendants Charles Warren, Patricia Tindall, Terry Lovelace, Dr. Annie Fuavai, and LBJ Tropical Medical Center and for their Affirmative Defenses assert as follows:

1. Jurisdiction in this matter is improper. The High Court of American Samoa is the proper jurisdiction and venue for this matter to be heard. Plaintiff has not exhausted his remedies in American Samoa, and currently seeks relief from both the High Court in American Samoa as well as this Honorable Court.

2. Insufficiency of process and insufficiency of service of process. Defendants were not timely supplied with Plaintiff's Complaint as acknowledged by the Court.

3. Plaintiff's claim is barred by governmental immunity.

4. Plaintiff has failed to state a cause of action upon which relief can be granted. Defendants assert that Plaintiff has suffered no injury as a result of actions or inactions of any named Defendant. Plaintiff avers that he is denied medical care at Defendant LBJ Tropical Medical Center. LBJ asserts that Defendant has been treated at LBJ forty times between March 10, 2007 and September 3, 2007 by thirteen different physicians, any of whom have the authority to refer a patient off-Island referral.

As to those individually named Defendants, Plaintiff has failed to plead an appropriate allegation to warrant suit against these defendants as individuals, acting outside of their official capacity in their respective roles.

5. Defendants invoke the defense of latches and assert that Plaintiff has received care at LBJ Tropical Medical Center for chronic pain issues since his incarceration in 2003. Further, that Plaintiff claims chronic neck pain symptoms have been present since a motorcycle accident he suffered at age 17.

6.   Defendants invoke the defense of fraud or illegality and assert that Plaintiff's true motives are to seek alternative incarceration at any facility other than Tafuna Correctional Facility.

Dated: 9\25\07

Charles Warren, Chairman
American Samoa Medical Center Authority
Defendant in Pro Per

Dated: 9/25/07

Patricia Tindall, CEO
LBJ Tropical Medical Center
Defendant in Pro Per

Dated: 9/25/07

Annie FuaVai, Chairman
LBJ Off-Island Referral Committee
Defendant in Pro Per

Dated: 9-25-07

Terry Lovelace, Esq.
General Counsel
LBJ Tropical Medical Center
Defendant in Pro Per

Dated: 9/25/07

LBJ Tropical Medical Center
By: Patricia Tindall, CEO
Defendant in Pro Per

CHARLES WARREN,
PATRICIA TINDALL,
ANNIE FUAVAI
TERRY LOVELACE
LBJ TROPICAL MEDICAL CENTER
LBJ Tropical Medical Center
PO Box LBJ, Pago Pago
American Samoa, 96799
684 – 633-4590        telephone
684-633-1869          facsimile
e-mail terrylovelace@yahoo.com

DEFENDANTS IN PRO PER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD MAJHOR, | ) | CIVIL NO. 07-1465 (RBW) |
| | ) | |
| Address:  Tafuna Correctional Facility | ) | |
|           PO Box 1011 | ) | |
|           Pago Pago, American Samoa | ) | |
|           96799 | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
|           Plaintiff, | ) | |
| vs. | ) | **ANSWER** |
| | ) | **AFFIRMATIVE DEFENSES** |
| DIRK KEMPTHORNE, Secretary of the | ) | **MOTION FOR SANCTIONS** |
| United States Department of Interior; | ) | **AND WITNESS LIST** |
| TOGIOLA T. TULAFONO, Governor of | ) | |
| American Samoa; Fepulea'I Afa Ripley, Jr. | ) | |
| Attorney General; MARK HALES, | ) | |
| Assistant Attorney General, SOTOA M. | ) | |
| SAVALI, Director of Department of Public | ) | |
| Safety, fuega saite moliga, Warden of | ) | |
| Territorial Correctional Facility, LBJ | ) | |
| TROPICAL MEDICAL CENTER, | ) | |

CHARLES WARREN, Chairman of LBJ )
Tropical Medical Center, PATRICIA )
TINDALL, Acting CEO, ANNIE FUAVAI, )
M.D., Chairperson of the LBJ Tropical Off- )
Island Referral Committee, TERRY )
LOVELACE, General Counsel of LBJ )
Tropical Medical Center, and JOHN DOES )
1-50, )
)
)
               Defendants. )
)

CERTIFICATE OF SERVICE ON BEHALF OF
DEFENDANTS CHARLES WARREN,
PATRICIA TINDALL, ANNIE FUAVAI,
LBJ TROPICAL MEDICAL CENTER
AND TERRY LOVELACE

      COMES NOW DEFENDANTS Charles Warren, Patricia Tindall, Annie Fuavai, LBJ Tropical Medical Center and Terry Lovelace and do certify that a copy of an ANSWER, AFFIRMATIVE DEFENSES, MOTION FOR RULE 11 SANCTIONS AND WITNESS LIST was served on this date via United States Mail, Postage pre-paid, to the following:

Kirk Kempthorne
Secretary of the Interior
United States Department of Interion
1849 C Street. NW
Washington, DC 20240

Togiola T. Tulafono
Governor of American Samoa
3rd floor – E.O.B. – Utulei
Pago Pago, American Samoa 96799

Fepulea'I Afa Ripley, Jr.
Attorney General
PO Box 7
Pago Pago, American Samoa 96799

Mark Hales
Assistant Attorney General
PO Box 7
Pago Pago, American Samoa 96799

Sotoa M. Savali
Director of DPS
American Samoa Government
Pago Pago, American Samoa 96799

Fuega Saite Moliga
Warden of Tafuna Correctional Facility
American Samoa Government
Pago Pago, American Samoa 96799

LBJ Tropical Medical Center
ATTN: Patricia Tindall, CEO
PO Box LBJ
Pago Pago, American Samoa 96799

Charles Warren,
Chairman ASMCA
PO Box LBJ
Pago Pago, American Samoa 96799

Patricia Tindall, CEO
LBJ Tropical Medical Center
PO Box LBJ
Pago Pago, American Samoa 96799

Dr. Annie Fuavai
Chairperson, LBJ OIRC
PO Box LBJ
Pago Pago, American Samoa 96799

Terry Lovelace, Esq
General Counsel
PO Box LBJ
Pago Pago, American Samoa 96799


Dated: 9\25\07

_____
Charles Warren, Chairman
American Samoa Medical Center Authority
Defendant in Pro Per

Case 1:07-cv-01465-RBW    Document 23    Filed 09/26/2007    Page 16 of 16

Dated: 9/25/07

_____
Patricia Tindall, CEO
LBJ Tropical Medical Center
Defendant in Pro Per

Dated: 9/25/07

_____
Annie Fuavai, Chairman
LBJ Off-Island Referral Committee
Defendant in Pro Per

Dated: 9-25-07

_____
Terry Lovelace, Esq.
General Counsel
LBJ Tropical Medical Center
Defendant in Pro Per

Dated: 9/25/07

_____
LBJ Tropical Medical Center
By: Patricia Tindall, CEO
Defendant in Pro Per

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR )<br>Address: )<br>    Tafuna Correctional Facility )<br>    PO Box 1011 )<br>    Pago Pago, American Samoa )<br>    96799 )<br>                Plaintiff, )<br>vs. )<br> )<br>KIRK KEMPTHORNE, et al )<br> )<br>                Defendants. )<br>_____) | CIVIL NO. 07-1465 (RWB)<br><br>SWORN AFFIDAVIT OF<br>IOTAMO T. SALEAPAGA, M.D. |

TERRITORY OF AMERICAN SAMO  )
                            )  SS.
VILLAGE OF FAGA'ALU          )

IOTAMO T. SALEAPAGA, M.D., being first duly sworn on oath, deposes and says:

1. I am a Medical Doctor licensed by the Health Regulatory Board of American Samoa to practice medicine.

2. Richard Majhor has been a patient of mine since about or before 2003.

3. On or about June 13, 2007, I was approached by Mr. Majhor's attorney in American Samoa, Andrew Stave. Mr. Stave explained that he and Mr. Majhor's attorney in Honolulu, Eric Seitz, were attempting to have Mr. Majhor's place of incarceration moved from the Correctional Facility in American Samoa to someplace in California, perhaps his mother's residence. Mr. Stave requested that I prepare a letter explaining Richard Majhor's medical condition and emphasize the benefits he could enjoy by residing where more sophisticated medical care is available.

4. To accommodate my patient, I wrote the letter dated June 13, 2007, where I stated, in part:

> "This patient needs neurology evaluation to include EEG, MRI and may be Angiography. He also need cardiology evaluation which may include Echocardiogram, Holter monitor and may be catherization. These special

— Attachment #1 —

> *procedures are not available at LBJ Medical Center, American Samoa but off-Island."*

5. My June 13, 2007 correspondence also notes an unremarkable history and physical examination. Mr. Majhor's complaints of pain are subjective.

6. Mr. Majhor has presented to the Medical Clinic and Emergency Room at LBJ Tropical Medical Center and has never been denied treatment.

7. It is my professional medical opinion that Mr. Majhor's medical condition was not life threatening and he was not an appropriate candidate for referral to the Off-Island Referral Committee at that time. The correspondence of June 13, 2007, as cited by Eric Seitz, was never intended as a referral to the Off-Island Referral Committee and should not be misconstrued as such.

Dated: 9/20/07

Iotamo T. Saleapaga, MD

Dated: 9/20/2007

Notary Public

```
MEDICAL RECORD                                                      Progress Notes
-----------------------------------------------------------------------------------
NOTE DATED: 08/20/2007 19:58   ER ASSESSMENT
VISIT: 08/20/2007 19:58 EMERGENCY ROOM (1600-2400)
PROBLEM: NECK PAIN

36 YEAR OLD MALE ACCOMPANIED BY A POLICE OFFICER. PATIENT COMPLAINING OF NECK
PAIN. HE HAS BEEN HAVING NECK PAIN FOR 3 YEARS. HE HAS HAD THIS PAIN FOR 2 DAYS
NOW. RADIATING UPWARDS AFFECTING MORE ON THE LEFT TEMPORAL. APPETITE IS GOOD.
NO VOMITING. FEEL NAUSEATED AND DIZZYNESS. URINE IS OK. BM: OK .PATIENT IS
AFEBRILE
NO KNOWN ALLERGIES

ON EXAMINATION
NOT IN DISTRESS, CONVERSING WELL
HEAD: NO MASS FELT
NECK: FULL RANGE OF MOVEMENT WITH SLIGHT TENDERNESS WHEN TURNING.
THROAT: NOT CONGESTED,NO ENLARGED TONSILS
EXT: NO EDEMA
PUPILS: NOT DILATED, REACT TO LIGHT

IMP: CHRONIC MUSCULOSKELETAL PAIN

PLAN
1. CALL DR. MARRONE IN REGARDS TO GIVING NARCOTICS.
924PM: DR. MARRONE CALLED AND STATED THAT DR. TOFAEONO GAVE INSTRUCTIONS NOT TO
GIVE ANY NARCOTICS AT ALL.


                        Signed by: /es/ ANNIE FUAVAI DR
                                   OB-Gyn Consultant
                                   08/20/2007 21:20
```

---

MAJHOR,RICHARD                PAGO PAGO, AMERICAN SAMOA      Printed:08/29/2007 11:45
17-58-28   DOB:06/16/1971     Pt Loc: OUTPATIENT                        Vice SF 509

— Attachment #2 —