IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR,<br>Address:<br>    Tafuna Corr. Facility<br>    P.O. Box 1011<br>    Pago Pago, Am. Samoa  96799<br><br>             Petitioner,<br><br>vs.<br><br>DIRK KEMPTHORNE, Secretary of the United States Department of Interior; TOGIOLA T. TULAFONO, Governor of American Samoa; FEPULEA`I AFA RIPLEY, JR., Attorney General; MARK R. HALES, Assistant Attorney General; SOTOA M. SAVALI, Director of Department of Public Safety; FUEGA SAITE MOLIGA, Warden of Territorial Correctional Facility; LBJ TROPICAL MEDICAL CENTER, An American Samoa Medical Center Authority; CHARLES WARREN, Chairman of the LBJ Tropical Medical Center; PATRICIA TINDALL, Acting CEO of the LBJ Tropical Medical Center; ANNIE FUAVAI, M.D., Chairperson of the LBJ Tropical Medical Center Off Island Referral Committee; TERRY LOVELACE, General Counsel of LBJ Tropical Medical Center; and JOHN DOES 1-50,<br><br>             Respondents. | Civil Action  No. 07-1465 (RBW)<br><br><br><br><br><br>AFFIDAVIT OF ERIC A. SEITZ IN RESPONSE TO DEFEND-ANTS' PLEADINGS AND EX-HIBITS; CERTIFICATE OF SERVICE |

## AFFIDAVIT OF ERIC A. SEITZ IN RESPONSE TO DEFENDANTS' PLEADINGS AND EXHIBITS

STATE OF HAWAII                               )
                                              ) SS.
CITY AND COUNTY OF HONOLULU    )

ERIC A. SEITZ, being first duly sworn on oath, deposes and says:

(1) I am the principal attorney for Petitioner Richard Majhor in the above entitled matter.

(2) From the Defendants' respective pleadings and exhibits it appears that between March 10, 2007 and September 3, 2007 Plaintiff Richard Majhor was transported a total of thirty-eight times from the correctional facility in which he is confined to the LBJ Tropical Medical Center in American Samoa.

(3) Because Mr. Majhor is confined he cannot simply present himself at a medical facility for treatment when he is ill, but he must rely upon corrections staff to transport him when they believe that he legitimately presents a medical claim or condition for which treatment may be required.

(4) Similarly, because he has been confined for more than four years, Mr. Majhor has no resources of his own and no capacity to provide and pay for medical care, and he must rely upon corrections officials to provide suitable and timely care at the only treatment facility in American Samoa, namely, LBJ Tropical Medical Center.

(5)     Accordingly, from the medical records and information produced by the Defendants, themselves, it appears that over a period of several months corrections officials repeatedly determined that Mr. Majhor was in need of medical treatment, that every three to four days Mr. Majhor was seen by doctors at LBJ Tropical Medical Center for various complaints that warranted provision of significant prescription medications, that although they noted Mr. Majhor's complaints, including headaches, falls, and syncope, the medical providers never diagnosed the causes of Mr. Majhor's repeated episodes, never ordered tests to determine the causes, and never referred him to the off island committee to obtain any of the tests he requires, and that after September 3, 2007, when this lawsuit was filed, LBJ Tropical Medical Center terminated all care and medications for Mr. Majhor and has refused to see or treat him further.

(6)     Although the doctors at LBJ Tropical Medical Center apparently suspected that the causes of Mr. Majhor's medical complaints may be related to drug addiction issues and may involve what is appropriately described as "drug seeking activities," they never attempted to rule out more serious diagnoses that can only be done by cardiac and neurological evaluations that will have to be performed at a medical facility outside of American Samoa.

(7)     In the Defendants' submissions they do not deny that Mr. Majhor requires all of the tests originally recommended by Dr. Saleopaga for the

reasons set forth in his letter and confirmed in the affidavit by our expert, Dr. Schatz.

(8) In the event of a hearing we are prepared to provide testimony by competent board certified medical experts that when presented with the symptoms attributed to Mr. Majhor by these Defendants it is incumbent upon any physician to perform adequate tests to confirm or rule out the more serious potential causes of those symptoms and that the failure to do so constitutes medical malpractice and the denial of minimally required medical care.

(9) Prior to July 10, 2007, I had never met or spoken with Dr. Iotamo Saleopaga, and I had no input whatsoever into the letter that he wrote and signed pertaining to Mr. Majhor's medical needs.

(10) The first and only time that I met and spoke with Dr. Saleopaga was when I personally served a subpoena on him at his office on Tuesday, July 10, 2007, directing him to attend a hearing concerning Mr. Majhor on Thursday, July 12th, in the High Court of American Samoa.

(11) On that occasion Dr. Saleopaga advised me that he would not honor the subpoena because he had commitments to patients with whom he had appointments on the day of the hearing, but he agreed to participate in the judicial proceedings by telephone if called.

(12)  At the hearing in American Samoa on July 12th I requested the opportunity to present Dr. Saleopaga's testimony by telephone; however, Deputy Attorney General Hales objected, and we were not permitted to present the doctor's testimony on that occasion.

(13)  At no time did I or anyone else suggest to Dr. Saleopaga that we were seeking to have Mr. Majhor transferred to a more comfortable setting, and whatever Dr. Saleopaga chose to wrote in his letter pertaining to Mr. Majhor was the sole product of his own medical judgment and opinions.

(14)  In their pleadings the Defendants admit and confirm the extensive and repeated efforts, over a period of several months, in which Mr. Majhor's counsel have sought to obtain appropriate medical care for him including, but not limited to, correspondence, e-mails, and telephone calls to the Governor and Attorney General of American Samoa and their deputies, calls and correspondence to the general counsel of LBJ Tropical Medical Center, oral and written requests that Mr. Majhor be referred to the off island committee for suitable medical treatment, and the filing of a motion in the American Samoa courts which was heard on July 12, 2007, and thus far has produced absolutely no meaningful responses from any of the Defendants.

(15)  In their pleadings the Defendants appear to acknowledge that one of the primary impediments to obtaining the medical care Mr. Majhor requires

is the issue of funding, and they even go so far as to suggest that the appropriate care could be forthcoming if Mr. Majhor is willing and able to pay for it himself.

(16) Despite the angry rhetoric employed by the Defendants and their personal charges against me, it is evident from their pleadings that they have failed and refused to provide Mr. Majhor with the medical treatment and care that he requires and that there is no available remedy to seek that care for him other than by our current application to this Court for injunctive relief.

(17) In view of the foregoing we again request that the Court set a hearing on this matter for the earliest possible date and time.

/

/

/

/

/

/

/

/

/

/

/

/s/  Eric A. Seitz
ERIC A. SEITZ
D.C. Bar No. 363830
820 Mililani Street, Suite 714
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:   (808) 545-3608
E-mail: eseitzatty@yahoo.com

Attorney for Petitioner

Subscribed and sworn to before me this  1st   day of October, 2007.

/s/  Juli T. Seitz
Notary Public, State of Hawaii
My commission expires: Jan. 4, 2008

CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that one copy of the within was duly served this date via CM/ECF or U.S. Mail, First-Class, Postage Prepaid addressed to the following:

| | |
|---|---|
| CHARLOTTE A. ABLE, ESQ<br>Assistant U.S. Attorney<br>Department of Justice<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br><br>Attorney for Defendant<br>Dirk Kempthorne | (Via CM/ECF) |
| TOGIOLA T. TULAFONO<br>Governor of American Samoa<br>3rd Floor, Executive Office Building, Utulei<br>Pago Pago, American Samoa  96799 | (Via U.S. Mail) |
| FEPULEA`I AFA RIPLEY, JR.<br>Attorney General<br>Office of the Attorney General<br>American Samoa Government<br>Post Office Box 7<br>Pago Pago, American Samoa  96799 | (Via U.S. Mail) |
| MARK R. HALES<br>Assistant Attorney General<br>Office of the Attorney General<br>American Samoa Government<br>Post Office Box 7<br>Pago Pago, American Samoa  96799 | (Via U.S. Mail) |
| SOTOA M. SAVALI<br>Director of Department of Public Safety<br>American Samoa Government<br>Pago Pago, American Samoa  96799 | (Via U.S. Mail) |

FUEGA SAITE MOLIGA (Via U.S. Mail)
Warden of Territorial Correctional Facility
American Samoa Government
Pago Pago, American Samoa 96799

LBJ TROPICAL MEDICAL CENTER (Via U.S. Mail)
C/O Terry Lovelace, Esq.
An American Samoa Medical Center Authority
P.O. Box LBJ
Pago Pago, American Samoa 96799

CHARLES WARREN (Via U.S. Mail)
Chairman of the LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

PATRICIA TINDALL (Via U.S. Mail)
Acting CEO of the LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

ANNIE FUAVAI, M.D. (Via U.S. Mail)
Chairperson of the LBJ Tropical Medical Center
    Off Island Referral Committee
P.O. Box LBJ
Pago Pago, American Samoa 96799

TERRY LOVELACE (Via U.S. Mail)
General Counsel, LBJ Tropical Medical Center
P.O. Box LBJ
Pago Pago, American Samoa 96799

Defendants

DATED:  Honolulu, Hawaii, September 14, 2007

/s/ Eric A. Seitz
ERIC A. SEITZ
D.C. Bar No. 363830
820 Mililani Street, Suite 714
Honolulu, Hawaii  96813
Telephone:  (808) 533-7434
Facsimile:   (808) 545-3608
E-mail: eseitzatty@yahoo.com

Attorney for Petitioner