MARK R. HALES
PO Box 7, Pago Pago
American Samoa, 96799
Telephone     684-633-4163
Facsimile     684-633-1838
Email markhales@gmail.com

DEFENDANT PRO SE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR, ) | CIVIL NO.  07-1465 (RBW) |
| ) | |
| Address:  Tafuna Correctional Facility ) | |
| PO Box 1011 ) | |
| Pago Pago, American Samoa ) | DEFENDANT'S SECOND |
| 96799 ) | MOTION TO BE REMOVED AS A |
| ) | DEFENDANT BECAUSE OF |
| Plaintiff, ) | HIS DEPARTURE FROM THE |
| vs. ) | ATTORNEY GENERAL'S OFFICE |
| ) | AND NOTICE OF CHANGE OF |
| DIRK KEMPTHORNE, Secretary of the ) | ADDRESS |
| United States Department of Interior; ) | |
| TOGIOLA T. TULAFONO, Governor of ) | |
| American Samoa;  Fepulea'I Afa Ripley, Jr. ) | AND |
| Attorney General; MARK HALES, ) | |
| Assistant Attorney General, SOTOA M. ) | |
| SAVALI, Director of Department of Public ) | CERTIFICATE OF SERVICE |
| Safety, fuega saite moliga, Warden of ) | |
| Territorial Correctional Facility,  LBJ ) | |
| TROPICAL MEDICAL CENTER, ) | |
| CHARLES WARREN, Chairman of LBJ ) | |
| Tropical Medical Center, PATRICIA ) | |
| TINDALL, Acting CEO, ANNIE FUAVAI, ) | |
| M.D., Chairperson of the LBJ Tropical Off- ) | |
| Island Referral Committee, TERRY ) | |
| LOVELACE, General Counsel of LBJ ) | |
| Tropical Medical Center, and JOHN  DOES ) | |
| 1-50, ) | |
| ) | |
| Defendants. ) | |
| ) | |

DEFENDANT HALES SECOND MOTION TO BE REMOVED AS A DEFENDANT

COMES NOW DEFENDANT Mark R. Hales and motions this Court to be removed as a Defendant for the following reasons.

## FACTUAL BACKGROUND

On or about July 6, 2007, the Plaintiff filed a Motion for Emergency Release with the High Court of American Samoa. On or about July 12, 2007, this motion was heard by American Samoa High Court Justice Lyle L. Richmond, who ordered the Plaintiff and the Attorney General's office to discuss procedures in obtaining proper medical care and informed the Plaintiff that it would be necessary to file a habeas corpus petition in the High Court.

On or about July 12, 2007, Defendants Mark R. Hales and Fepulea'i Afa Ripley, meet with Plaintiff's counsels Andrew Stave and Eric Seitz. At his meeting Hales told Seitz that Plaintiff failed to prove off island medical care was needed and that he had to apply to the Off Island Referral Committee if he wanted the American Samoa Government to pay for any off island care. At this hearing Seitz said unless the Off Island Referral Committee approved Plaintiff's medical care within a few days, he threatened Hales he would have to seek relief in federal court.

From July 12, 2007, until the present, the Plaintiff has never applied to the Off Island Referral Committee to review his medical needs.

However, during that same time, Defendant Hales and the Attorney General's Office sought for, and were notified that that state of Hawaii's prison system would host Plaintiff for free, if necessary, but would not incur any other costs.

On August 13, 2007, Plaintiff brought this civil action against all named Defendants. This matter was dismissed on by Order of this court August 24, 2007. This Order was received by Defendants on or about September 6, 2007.

The Plaintiff moved for reconsideration on August 26, 2007, and the Court entered an order granting in part and denying in part Plaintiff's motion on August 29, 2007, which Defendants never were served with. On August 30, 2007, Plaintiff filed a Renewed Motion for Preliminary Injunction, which Defendants received on or about September 7, 2007, and an Amended Verified Complaint for Injunction, Declaratory Judgment and Damages, which Defendants never properly received.

The Court filed an Order to Show Cause on September 14, 2007, and received by Defendants on September 24, 2007.

Defendant Hales was out of the office from September 9, 2007 until September 23, 2007.

As to date, the Hales has complied with all orders from the High Court of American Samoa.

On October 7, 2007, Defendant Hales has resigned from his position with the American Samoa Government and will be leaving American Samoa on October 21, 2007, and moving to Sandy, Utah.

## MEMORANDUM OF LAW

Injunctions cannot force a Defendant to perform an act in excess of his scope or authority. *See Goltra v. Weeks*, 271 U.S. 536 (1926). In addition, a Defendant cannot be forced to perform an act he no longer has authority to do or with a government he know longer is employed by.

As of October 21, 2007, Defendant Hales will no longer an Assistant Attorney General nor an employee of the American Samoa Government. Because Hales will no longer be the Assistant Attorney General, he will longer be assigned to handle Richard Majhor's case. Furthermore, he will no longer have any authority to represent the American Samoa Government in any capacity.

Since Hales no longer has authority to represent the American Samoa Government, he cannot personally be enjoined to perform any duties as an Assistant Attorney General, and therefore should be removed as a Defendant in all pending matters.

As previously stated in Defendant's prior Motion to be Removed as a Defendant, Plaintiff has failed to indicated how Defendant Hales has acted improper or without due care, and therefore all actions against Hales should be dismissed. Plaintiff has failed to identify any actions that would indicate how Hales acted as an individual and not an immune governmental employee. Even in his response to Defendant's motion and arguments, Plaintiff failed to argue why Hales specifically acted personally, and not as an employee, or why he should remain a Defendant. The failure to respond is an admission that Defendant Hales should be removed.

During his tenure as an employee with the American Samoa Government, Hales always, within his limited authority, tried to provide the Plaintiff in obtaining off island medical care. From August 2, 2007, through August 3, 2007, Hales called the United States Attorney's Office in Hawaii, the Attorney General's Office of Hawaii, the Federal Bureau of Corrections, and Hawaii State Prison system seeking a potential host for the

4

Plaintiff if he was granted off island care. On August 10, 2007, Hales informed Seitz that the Hawaii State prison system would host Plaintiff without charge.

In addition, from July 13, 2007, through September 24, 2007, Hales communicated with Defendant Terry Lovelace, (hereafter referred to as "Lovelace"), General Counsel for L.B.J., numerous times regarding the Government's obligation regarding the Plaintiff's off island medical care. On those occasions, Lovelace stated that he informed Seitz that he has not properly applied to the Off Island Referral Committee and needed to before any assessment could be made. As of September 24, 2007, Lovelace told him that the Plaintiff has still not properly applied to the Off Island Referral Committee for medical assistance.

Furthermore, from August 7, 2007, through September 24, 2007, Hales met with Toetasi Fue Tuiteleleapaga, Chief Legal Counsel for Governor Togiola T. Tulafono, several times to discuss Governor's opinion on the medical treatment of the Plaintiff. All meetings were initiated by Hales but no specific guidance was provided as to how Hales should specifically proceed in providing the Plaintiff with medical care. However, on September 8, 2007, one day prior to Hales' vacation, he was requested to provide the Governor with an Affidavit. An affidavit was prepared by Hales on September 8, 2007, but was never filed.

Hales also communicated with Attorney General Ripley numerous times from July 12, 2007 until September 24, 2007. All meetings were initiated by Hales but no specific direction was provided as to how Hales should proceed in providing Plaintiff with medical care. On or about July 13, 2007, Hales discussed the matter with Attorney General Ripley and informed Hales that the American Samoa Government's investigation

5

required Plaintiff to properly apply to the Off Island Referral Committee. Furthermore, on August 10, 2007, Ripley informed Hales that the state of Hawaii would host Plaintiff for free if the American Samoa Government provided costs for transportation to and from the prison and the medical center. This information was immediately provided to Seitz by Hales.

Hales has never personally been involved in, nor had authority over, Plaintiff's medical care has Seitz indicates. The first time that Hales received any notice of the Plaintiff's medical concerns was on or about July 6, 2007, when he received a High Court of American Samoa "Motion for Emergency Release" dated June 26, 2007. This motion demanded release of a convicted murder to post $5,000 bail to travel alone to his mother's in California. This demand also included a letter by Dr. Saleapaga addressed, "To Whom it May Concern" stating a vague medical diagnosis of the Plaintiff, which was not requesting off island care. Based off this information alone, Hales was in his duty and governmental obligation to oppose Plaintiff's motion.

At no time prior to July 6, 2007, was Hales served with any document or received any phone calls or emails from Stave or Seitz regarding Plaintiff's medical care as alleged by Plaintiff. Emails had been given to Deputy Attorney General Frederick J. O'Brien from Stave, but Hales never received any notice of any medical condition as alleged by Plaintiff until July 6, 2007. This is even after Hales began making appearances regarding the Plaintiff's appeal regarding his murder conviction on February 8, 2007.

Hales was an Assistant Attorney General of the American Samoa Government and only had limited duties and powers. He could not order the Plaintiff to be given

6

medical care. He had no authority to order the Government to pay for off island medical care. He had no power to make medical decisions for the medical center. Defendant Hales could not do anything more to provide medical care to the Plaintiff on or off island.

At all times, Hales acted within his scope and authority and under the direction of his superiors. He is only listed on this complaint because he handled the Plaintiff's appeal before the High Court of American Samoa and opposed Plaintiff's improper request for off island care.

American Samoa is a territory of the United States of American and its governmental employees are individually protected and immune from suit if they acted within the capacity and authority. *See* A.S.C.R. § 43.1203(b)(1)(2)(4); 28 U.S.C. § 2680(a); *See People Of Porto Rico v. Rosaly y Castillo*, 227 U.S. 270 (1913).

Furthermore, the United States Supreme Court has held that Territorial employees are not "persons" under 42 U.S.C. § 1983, and "therefore are not exposed to 1983 liability." S*ee Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990).

When a public officer or governmental employee acts under the jurisdiction conferred upon him, even if he commits errors in his performance and authority, he is protected. *See Adams v. Nagle*¸ 303 U.S. 532 (1938). Furthermore, courts are hesitant to interfere by injunction where the acts complained of are essential to the health and comfort of the people at large.

Defendant Hales, was an Assistant Attorney General, and during his service, was immune from suit both under local and federal laws. As a territorial governmental employee, Hales was not a person under 42 U.S.C. § 1983.

7

At all times, Hales within his discretionary functions and duties as Assistant Attorney General, and acted with due care in the execution of local and federal laws.  At no time did he act outside the scope of his authority or act in an individual capacity, and therefore should be removed as a Defendant.

## CONCLUSION

Since Hales is no longer has authority as an Assistant Attorney General for American Samoa, he should be removed as a Defendant.  In addition, prior to leaving the American Samoa Government, Hales at all times acted within his scope of authority and never acted as an individual, and therefore is immune from suit and therefore should be removed as a named Defendant.

Dated:  Tuesday, October 16, 2007		/s/ Mark R. Hales_____
						Mark R. Hales
						Assistant Attorney General


## NOTICE OF DEFENDANT'S CHANGE OF ADDRESS

From this time forward, Defendant, Mark R. Hales, can be reached at:

Jolley & Jolley
9710 South 700 East, Suite 205
Sandy, UT. 84070
markhales@gmail.com


## CERTIFICATE OF DEFENDANT MARK R. HALES

COMES NOW DEFENDANT Mark R. Hales and hereby do certify that a copy of DEFENDANT'S SECOND MOTION TO BE REMOVED AS A DEFENDANT BECAUSE OF HIS DEPARTURE FROM THE ATTORNEY GENERAL'S OFFICE AND CHANGE OF ADDRESS was served on this date via United States Mail, Postage pre-paid, to the following:

Charlotte A. Able
Assistant U.S. Attorney
Department of Justice
555 4th Street, N.W.
Washington, D.C. 20530

Attorney for Defendant
Dirk Kempthorne

Eric Seitz,
820 Mililani Street, Suite 714
Honolulu, Hawaii, 96813
Counsel for Defendant

And personally served to the following, or their agents:

| | |
|---|---|
| Togiola T. Tulafono<br>Governor of American Samoa<br>3rd floor – E.O.B. – Utulei<br>Pago Pago, American Samoa 96799 | LBJ Tropical Medical Center<br>ATTN: Patricia Tindall, CEO<br>PO Box LBJ<br>Pago Pago, American Samoa 96799 |
| Fepulea'I Afa Ripley, Jr.<br>Attorney General<br>PO Box 7<br>Pago Pago, American Samoa 96799 | Charles Warren,<br>Chairman ASMCA<br>PO Box LBJ<br>Pago Pago, American Samoa 96799 |
| Sotoa M. Savali<br>Director of DPS<br>American Samoa Government<br>Pago Pago, American Samoa 96799 | Patricia Tindall, CEO<br>LBJ Tropical Medical Center<br>PO Box LBJ<br>Pago Pago, American Samoa 96799 |
| Fuega Saite Moliga<br>Warden of Tafuna Correctional Facility<br>American Samoa Government<br>Pago Pago, American Samoa 96799 | Dr. Annie Fuavai<br>Chairperson, LBJ OIRC<br>PO Box LBJ<br>Pago Pago, American Samoa 96799 |
| | Terry Lovelace, Esq<br>General Counsel<br>PO Box LBJ<br>Pago Pago, American Samoa 96799 |

Dated: Tuesday, October 16, 2007     /s/ Mark R. Hales_____
                                      Mark R. Hales
                                      Assistant Attorney General