MARK R. HALES
9710 South 700 East, Suite 205
Sandy, UT. 84070
Telephone: (801) 495-1442
Fax: (801) 495-1444
Email markhales@gmail.com
DEFENDANT PRO SE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MAJHOR, | DEFENDANT HALES' OPPOSITION TO THE PLAINTIFF'S MOTION FOR RECONSIDERATION |
| Plaintiff, | |
| vs. | |
| DIRK KEMPTHORNE, , et al., | CIVIL NO. 07-1465 (RBW) |
| Defendants | |

COMES NOW, Defendant Mark R. Hales, hereby submits his opposition to the Plaintiff's Motion for Reconsideration.

**ARGUMENT**

In his motion, the Plaintiff specifically argues for reconsideration on the court's dismissal of this matter under Rule 7 of the Federal Rules of Civil Procedure. Rule 7(b) states that "[a] request for a court order must be made by motion . . . [that] must: . . . be in writing unless made during a hearing or trial; . . . state with particularity the grounds for seeking the order; and . . . state the relief sought."

Plaintiff's vague reference to, and reliance on Rule 7, is important. First, a broad or casual notation of federal rules without specific legal authority and analysis insufficient to be granted a motion for reconsideration. *See* Satterlee v. Allen Press, Inc., 455 F.Supp.2d 1236, 1240 (D. Kan. 2006).

Second, the Plaintiff has failed to state with particularity his grounds as to why he is requesting this court to reconsider their order to dismiss his complaint since he failed to file his required response by December 17, 2007.

Finally, Rule 7 is not the traditional medium in which to file a motion for reconsideration, and therefore should be dismissed.

However, despite the Plaintiff only relying upon Rule 7, under the general guise of the Federal Rules, motions for reconsideration are unusual measures that are distinctly disfavored by the court and have a highly stringent standard. *See* Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996); McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). A motion for reconsideration will not be granted "unless the district court finds that there is an intervening change in controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." Ciralsky v. Cent. Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004); Firestone, 76 F.3d at 1208. Furthermore, motions for reconsideration are only "intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law." Independent Petroleum Ass'n of America v. Babbitt, 178 F.R.D. 323, 324 (D.D.C. 1998) (citing U.S. v. Western Electric Co., Inc., 690 F. Supp. 22, 25 (D.D.C. 1988)).

To be granted a motion for reconsideration, the moving party "must show 'new facts or clear errors of law which compel the court to change its prior position.'" Broudy v. Mather, 335 F. Supp. 2d 1, 5 (D.D.C. 2004) (quoting Nat'l Ctr. for Mfg. Sciences v. Dep't of Def., 199 F.3d 507, 511 (D.C. Cir. 2000) (internal citation omitted)). The moving party's motion for reconsideration will not be granted simply to provide an

addition opportunity to present theories or arguments that could have, and should have, been advanced earlier. See Kattan v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993); W.C. & A.N. Miller Cos. v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997).

The Plaintiff has not met his burden of proof to be granted his motion for reconsideration. He has failed to proffer any particular purposes for his motion for reconsideration. He has not presented new facts or errors of law.

Instead of the required elements, Plaintiff argues that he was confused and did not know "that the Court was expecting any further arguments from Plaintiff by any particular deadline." However, the court was quite clear in its orders, and the mistaken failure to file required documents at the appropriate time is not sufficient grounds to be granted a motion for reconsideration. See Satterlee, 455 F.Supp.2d at 1240.

On the *Order to Show Cause,* dated October 30, 2007, Judge Walton clearly "**ORDERED** that the plaintiff shall show cause in writing on or before December 17, 2007, why the Court should not dismiss his Amended Verified Complaint for Injunction, Declaratory Judgment and Damages in its entirety." The December 17, 2007, date was clear in the mind of all of the Defendants as the deadline for the Plaintiff to file his response. Therefore, when the Plaintiff failed to file his required response on December 17, the Defendants knew the case against them was to be finally dismissed and they would not need to file any addition responses. The Defendant's responses were clearly contingent on the Plaintiff initially filing his arguments. Negligence or misreading of the Court's order on the part of the Plaintiff is not justifiable reason to be granted a motion for reconsideration.

The Plaintiff further blames the secret service detail of Defendant Secretary Kempthrone for interfering with the personal service process. However, any interference on an unrelated process service, whether there was any interference at all, has no bearing on the Plaintiff's responsibility to file his response by December 17, 2007.

The arguments proffered by the Plaintiff are insufficient, he has failed to articulate one legitimate legal reason sufficient to grant his motion for reconsideration. By failing to file his required response as to why his complaint should not be dismissed by December 17, 2007, the Plaintiff's current his last attempt to continue to harass and burden the Court and the Defendants with these false allegations.

Since the Plaintiff failed to provide the Court and the Defendants with any particular reasons as to why the court should not dismiss the Plaintiff's complaint or the Court's order of dismissal, this court should emphatically deny the Plaintiff's motion for reconsideration. The Plaintiff has given no reasons so to why he failed to file except for his own negligence and misreading of the clear order of the court. Instead of taking responsibility, the Plaintiff once again is blaming other for his mistakes.

## CONCLUSION

The Plaintiff's motion for reconsideration should be denied because the Plaintiff failed to state with particularity any legitimate reason as to why the court should grant his motion. Also, he failed to file his ordered response by December 17, 2007. In addition, he failed establish any new facts or proposed any legal errors that should grant his motion for reconsideration.

For these reasons, the court should deny the Plaintiff's Motion for Reconsideration.

Dated: Thursday, December 27, 2007  /s/ Mark R. Hales
                                                                        Mark R. Hales
                                                                         Defendant

## CERTIFICATE OF SERVICE

      COMES NOW DEFENDANT Mark R. Hales and hereby do certify that a copy of DEFENDANT HALES' OPPOSITION TO THE PLAINTIFF'S MOTION FOR RECONSIDERATION was served on this date parties or the agents:

| | |
|---|---|
| Charlotte A. Able<br>Assistant U.S. Attorney<br>Department of Justice<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>Attorney for Defendant Dirk Kempthorne | (Via CM/ECF) |
| Eric Seitz,<br>820 Mililani Street, Suite 714<br>Honolulu, Hawaii, 96813<br>Counsel for Plaintiff | (Via CM/ECF) |
| Togiola T. Tulafono<br>Governor of American Samoa<br>3rd floor – E.O.B. – Utulei<br>Pago Pago, American Samoa 96799 | (1st Class Mail) |
| Fepulea'I Afa Ripley, Jr.<br>Attorney General<br>PO Box 7<br>Pago Pago, American Samoa 96799 | (1st Class Mail) |
| Sotoa M. Savali<br>Director of DPS<br>American Samoa Government<br>Pago Pago, American Samoa 96799 | (1st Class Mail) |
| Fuega Saite Moliga<br>Warden of Tafuna Correctional Facility<br>American Samoa Government<br>Pago Pago, American Samoa 96799 | (1st Class Mail) |

LBJ Tropical Medical Center (1st Class Mail)
ATTN:  Patricia Tindall, CEO
PO Box LBJ
Pago Pago, American Samoa 96799


Charles Warren, (1st Class Mail)
Chairman ASMCA
PO Box LBJ
Pago Pago, American Samoa 96799

Patricia Tindall, CEO (1st Class Mail)
LBJ Tropical Medical Center
PO Box LBJ
Pago Pago, American Samoa 96799

Dr. Annie Fuavai (1st Class Mail)
Chairperson, LBJ OIRC
PO Box LBJ
Pago Pago, American Samoa 96799

Terry Lovelace, Esq (1st Class Mail)
General Counsel
PO Box LBJ
Pago Pago, American Samoa 96799

Dated: Thursday, December 27, 2007         /s/ Mark R. Hales
                                                                     Mark R. Hales